IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
- - - - - - - - - - - - - - - - - x
BOARD OF TRUSTEES, SHEET METAL
WORKERS' NATIONAL PENSION FUND,

                    Plaintiff,

      - against -                    CASE NO.
                                     1:13-cv-958
                                     (AJT)(FJA)
COOL SHEETMETAL, INC., THOMAS
RAMMELKAMP, and ALL AROUND
SPIRAL, INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - x

                    614 Hempstead Gardens Drive
                    West Hempstead, New York

                    June 12, 2015
                    10:40 a.m.




          DEPOSITION OF ALL AROUND SPIRAL, INC., a

Defendant herein, BY SHARON KERN, taken by the

Plaintiff, held at the above-noted time and place,

before a Notary Public of the State of New York.



**SHARON KERN** 13

1  just an employee.

2      Q      And then when it got further along,

3  let's say, 2006, 2007, once Ashley was in school

4  and Doug was in school and you were working

5  full-time, were you doing -- you were working

6  full-time also, right?

7      A      Yes.

8      Q      And so you were doing estimation?

9      A      Not for Cool.

10      Q      Not for Cool.  You never estimated

11  for Cool?

12      A      Not for Cool, no.

13      Q      So what did you do for Cool when it

14  was still operating and your kids were in school

15  and you were working full-time?

16      A      I ran errands.  I went and deposited

17  checks at the bank.  I did change orders.  I sent

18  some bids out, at that time by fax.  And I used to

19  make copies of drawings.

20      Q      And how would that differ from

21  estimating?

22      A      Rich takes the job off, I run the

23  numbers, I put a price on it and I give it to him

24  for approval.



14                          **SHARON KERN**

1          Q          Okay.  And so did he do that same

2    process at All Around?

3          A          Yes, uh-huh.

4          Q          Is that process happening at Allure?

5          A          Yes.

6          Q          So Cool was started in the '80s,

7    right, 1985?

8          A          I believe so.

9          Q          It's been around for a while, right?

10         A          Yes.

11         Q          So you said early on you worked

12   part-time kind of helping out as you could and

13   then you took a larger position as your kids grew

14   up and you worked full-time, right?

15         A          Yes.

16         Q          Do you know at that time if you used

17   an attorney to register the company, get it filed

18   with the state?

19         A          Which company?

20         Q          Cool.

21         A          I have no idea.

22         Q          Did you use an attorney to register

23   All Around with the state, get its corporate

24   documents, that kind of thing?



**SHARON KERN**                    19

1    consistent over the three different companies

2    depending on the jobs that came in?

3         A    Yeah, absolutely.

4         Q    And so ultimately you purchased your

5    husband's interest in Cool, right?

6         A    I guess through the bankruptcy.

7         Q    And I'm just --

8              MR. MILMAN:  Don't guess.  If you

9         don't know, you don't know.  We can look at

10        the documents.

11             MR. MOHL:  Yeah, we will get to the

12        documents, so sure.

13             I guess then let's talk a little bit

14        about the bankruptcy itself, Exhibit 1.  We

15        used it yesterday, we will do it new.  So

16        here it is.

17             Mark it 1, the debtor's property to

18        be sold.

19             (Whereupon, the requested document

20        was marked as Plaintiff's Exhibit 1, for

21        identification, as of this date.)

22             MR. MOHL:  Back on the record.

23        Q    Mrs. Kern, can you look at this

24    document for me?  Do you recognize these items?



20                          **SHARON KERN**

1         A       Yes.

2         Q       Is this a true and accurate copy of

3    the items that were sold as part of Richard Kern's

4    bankruptcy?

5         A       Yes.

6         Q       Let's briefly walk through them.

7    Everything except the ownership interest, those

8    are things that your husband had.  Did you also

9    have these items?  Would you consider yourself

10   also an owner of these items?

11        A       I -- I guess.

12        Q       So when you purchased the items, you

13   were effectively purchasing them from your

14   husband?

15               MR. MILMAN:  Objection to form.

16        Q       You purchased them through the

17   bankruptcy?

18               MR. MILMAN:  From the trustee.  The

19        trustee owned them, he didn't own them.

20               MR. MOHL:  Okay.

21        Q       So let's put it this way, you kept

22   the items in the family, right?

23        A       Yes.

24        Q       Was the reason you purchased them to



SHARON KERN                    21

```
 1   keep them in the family?
 2         A       It's really all we had.
 3         Q       And so the trustee valued these
 4   assets when you bought them?  Do you who valued
 5   these assets or how these items were valued?
 6         A       I don't know.
 7         Q       Did you talk to your husband about
 8   buying them or did he ask you to purchase them?
 9         A       I don't -- I don't know.  I don't --
10   I don't know.
11         Q       So these ultimately sold for
12   $25,000.  Do you think that's a fair price?
13         A       I guess.
14         Q       And would you consider that $25,000
15   a loan to your husband or just a payment?
16         A       I'm sorry, repeat the question.
17         Q       Would you consider the $25,000
18   payment that you ultimately paid to the bankruptcy
19   trustee, was that a loan to your husband or just a
20   payment to the items?
21                 MR. MILMAN:  Objection to form.
22                 You can answer the question.
23         Q       Yeah.
24         A       It wasn't a loan, no.
```

800.DAL.8779
dalcoreporting.com


22                          **SHARON KERN**

1          Q       So let's talk about the last item,

2    the ownership interest.  So you see down there it

3    says 70 percent interest in Cool Sheet Metal,

4    Inc.?  Do you see that?

5          A       Yes, I do.

6          Q       We talked a little bit about that.

7    Do you recall the value of the shares at that

8    time?

9          A       No.

10         Q       And do you know if an outside

11   appraiser valued these shares as part of the sale?

12         A       I don't know.

13         Q       Have you done anything with those

14   shares since you purchased it?

15         A       No.

16         Q       Have you done anything with Cool

17   Sheet Metal since you purchased the majority

18   share?

19         A       No.

20         Q       You see there it says, "50 percent

21   interest in K&R."  And we talked about that a

22   little bit.  K&R is the holding company for the

23   building, right?

24         A       Yes.



SHARON KERN                               23

1        Q        And Tom Rammelkamp owns the other 50

2   percent?

3        A        Yes.

4        Q        Does he still own that 50 percent?

5        A        I don't know.

6        Q        Does K&R do anything today?

7        A        No.

8        Q        Does K&R have any assets?

9        A        No.

10       Q        Do you know if K&R operates any

11  buildings?

12       A        I'm sorry?

13       Q        Does K&R operate any buildings

14  today?

15       A        No.

16       Q        Do you know the value of the 10

17  Fleetwood Court building?

18       A        No, I don't.

19       Q        Do you remember the value of the

20  shares of K&R at the time of this purchase?

21       A        No.

22       Q        Are they worth anything?

23       A        I have no idea.

24       Q        And the next, you see 100 percent



24                          **SHARON KERN**

1   ownership in All Around Spiral, Inc., can you

2   briefly describe for me what All Around does?

3          A       They make spiral duct work.

4          Q       And what kind of customers does All

5   Around sell to?

6          A       They sell to people who ask for

7   spiral and oval duct work.

8          Q       This is sheet metal, generally,

9   right?

10         A       Yeah.

11         Q       It's all sheet metal?  There is

12  nothing out of the sheet metal world that All

13  Around spiral does?

14         A       It's oval.

15         Q       Oval sheet metal?

16         A       Oval and round.

17         Q       And Cool is also sheet metal, right?

18         A       Yes.

19         Q       Did your taking over as CEO have any

20  impact on the company or its operations?

21         A       No.

22         Q       What about Cool?  When you purchased

23  the shares of Cool, did that have any impact on

24  the company?



1   things?

2          A       I don't know.   I don't remember.

3          Q       If somebody gave you a job and they

4   said we need you to draft something oval, could

5   you do it at All Around?

6          A       Yes.

7          Q       If they did that at Allure, said we

8   need you to draft something oval, would you be

9   able to do that?

10         A       Yes.

11         Q       What about at Cool, if they said I

12  need you to draft something oval, could they do

13  it?

14         A       I don't think at the time, no.   I --

15  I don't know.

16         Q       Would Cool ever take -- had Cool

17  ever taken jobs that involved oval or spiral work?

18         A       I'm sure that they did.

19         Q       Has All Around ever taken a job that

20  was square duct?

21         A       No.

22         Q       What about Allure?

23         A       Allure?  Allure is non-union.

24         Q       But has Allure ever taken a square



32                              **SHARON KERN**

1        Q       And it lists you as CEO, right?

2        A       Yes.

3        Q       That's accurate, right?

4        A       Yes.

5        Q       And it lists the place of business

6    at 10 Fleetwood Court, right?

7        A       Yes.

8        Q       Has All Around ever signed a

9    collective bargaining agreement?

10       A       I don't know.

11       Q       What individuals make up the

12   management of All Around?

13       A       What do you mean, the owners?

14       Q       Owners or leadership.  Who is on top

15   at All Around?

16               MR. MILMAN:  Objection to form.

17       Q       So let's say from 2010 forward, who

18   are the managers at All Around?

19       A       Rich.

20       Q       And what about yourself?

21       A       I played the part that I always

22   played.

23       Q       Would you consider yourself a

24   manager?



| | | |
|---|---|---|
| 1 | A | Yes. |
| 2 | Q | What about Doug Kern, would you |
| 3 | consider him a manger? | | |
| 4 | A | He's a ticketer, he tickets. |
| 5 | Q | And would you consider yourself a |
| 6 | manager of Cool in the same capacity? | | |
| 7 | A | No. |
| 8 | Q | Would you consider Rich a manager of |
| 9 | Cool in the same capacity? | | |
| 10 | A | Yes. |
| 11 | Q | And what about at Allure, do you |
| 12 | consider yourself a manager at Allure? | | |
| 13 | A | Yes, I do. |
| 14 | Q | What about Richard? |
| 15 | A | Richard is my consultant. |
| 16 | Q | Does he have any -- |
| 17 | | Strike that. |
| 18 | | Can he give orders to individuals |
| 19 | and they will follow his order? | | |
| 20 | A | I don't -- I don't know. |
| 21 | Q | So if Richard were to go to one of |
| 22 | the guys and say we need you to do this job, they | | |
| 23 | will listen to him? | | |
| 24 | A | I don't know. |



46                          **SHARON KERN**

1       A       Yes.

2       Q       And then there would be other people

3    involved in the actual making of things?

4       A       In the shop.

5       Q       So the people in the shop, would

6    they -- say somebody had a problem and they wanted

7    to have it resolved, who would they go to?

8       A       Well, they would come up front and

9    we would talk about it.

10      Q       So would they talk to somebody in

11   the shop first or come and talk to you first?

12      A       I have no idea.  I'm usually in the

13   office, I'm not usually in the shop.

14      Q       Can you recall a time when somebody

15   from the shop had a problem and came to you, it

16   could be anything?

17      A       I don't remember.

18      Q       Okay.  Would anybody in the office

19   ever come to Ashley for problems?

20      A       I'm sure.

21      Q       What about Doug?

22      A       I don't know.  I don't know.

23      Q       Did you have the ability to hire and

24   fire people at All Around?



**SHARON KERN**                    47

```
1        A       Yeah.  Yes, I would say I would.

2        Q       Did you ever fire anybody?

3        A       I have talked about it.

4        Q       And what about Cool, did you have

5   the ability to hire and fire people at Cool?

6        A       Yeah.

7        Q       Could you suggest somebody be

8   terminated for bad performance or something else?

9        A       I -- I don't know.

10       Q       What about at Allure, do you have

11  the ability to hire and fire people at Allure?

12       A       Yes.

13       Q       Have you ever fired anybody?

14       A       No.

15       Q       What about hiring at Cool.  Could

16  you hire somebody at all?

17       A       No.

18       Q       Could you hire someone at All

19  Around?

20       A       Yeah.

21       Q       What about at Allure?

22       A       Yeah.

23       Q       Okay.  Let's talk a little bit about

24  customers.
```



48                         **SHARON KERN**

```
 1              MR. MOHL:  This is Exhibit 8.
 2              (Whereupon, the requested document
 3         was marked as Plaintiff's Exhibit 8, for
 4         identification, as of this date.)
 5         Q     Do you recognize this document,
 6  Mrs. Kern?
 7         A     Yes.
 8         Q     This is the customer list produced
 9  by All Around Spiral, right?
10         A     Yeah.
11         Q     Do you know what time period this
12  covers?
13         A     Looks like it covers years, I have
14  no idea.
15         Q     And this is a list of people that
16  had purchased items from All Around at some point?
17         A     I don't know.
18         Q     Do you know what was used to
19  determine who was on this list; was it past
20  transactions, do you know?
21         A     I'm sorry?
22         Q     Do you know what criteria a company
23  or person would need to have to be on this list?
24         A     I have no idea.  I don't know.
```



52                            **SHARON KERN**

1        Q       Yes.

2        A       Yes.

3        Q       Did All Around work with unionized

4    workers?

5        A       Yes.

6        Q       Does Allure work with unionized

7    workers?

8        A       No.

9        Q       When you were at Cool, you were

10   subject to a selective bargaining agreement with

11   respect to how you would use your workers?

12       A       Yes.

13       Q       You had to use these guys for

14   certain kinds of jobs based on the CBA?

15       A       Right.

16       Q       And you were also subject to a

17   collective bargaining agreement at All Around,

18   right?

19       A       Right.

20       Q       Did that govern those kinds of jobs

21   as well?

22       A       I'm not familiar with it, so I'm --

23       Q       And did you make any attempt to get

24   unionized workers at Allure?



**SHARON KERN**                                    **53**

1          A        No.

2          Q        And how come?

3          A        It's not a thought.

4          Q        Okay.  Do you know if this CBA is

5    still in effect today for All Around?

6          A        No.

7                   MR. MOHL:  Let's go to Exhibit 10,

8          which are checks to Cool Sheet Metal.

9                   (Whereupon, the requested document

10         was marked as Plaintiff's Exhibit 10, for

11         identification, as of this date.)

12         Q        Do you recognize this document,

13   Mrs. Kern?

14         A        Yes.

15         Q        Let's go through them.

16                  This first one is a check from you,

17   right?

18         A        Yes.

19         Q        And how much is this check for?

20         A        50,000.

21         Q        And do you remember what the reason

22   for this check was?

23         A        Probably for payroll.

24         Q        And this was to Cool, right?



54                          **SHARON KERN**

```
 1        A       Yes.

 2        Q       Was this common for you to write

 3  personal checks to Cool?

 4        A       I'm sorry?

 5        Q       Was it common for you to write

 6  personal checks to Cool?

 7        A       At the end if, if we needed it.

 8        Q       Would you consider this a loan to

 9  Cool?

10        A       Yeah.

11        Q       Did you expect to be repaid at some

12  point?

13        A       I never thought about it, to be

14  honest with you.

15        Q       And did you ever write a similar

16  check to All Around?

17        A       No.

18        Q       And did All Around --

19                Have you ever written a similar

20  check to Allure?

21        A       No.

22        Q       Has your husband ever written a

23  check to Cool, that you know of?

24        A       No, I don't know.
```

800.DAL.8779
dalcoreporting.com



66                          **SHARON KERN**

1   establishing All Around the same time Cool was

2   still functioning?

3        A      I don't know.

4        Q      Did you assist in creating All

5   Around?

6        A      I don't remember.

7        Q      Can you tell me who designed this

8   Web site?

9        A      I think it was my brother-in-law,

10  John Vassallo.

11       Q      Did John also design the Cool Web

12  site?

13       A      I don't know.  I don't know if Cool

14  had a Web site.

15       Q      What about Allure, did John design

16  the Web site for Allure?

17       A      I don't know.  I don't know.

18       Q      Yesterday your husband in his

19  deposition said he used someone for IT, is that

20  the same person?

21       A      John Vassallo is our IT guy.

22       Q      So you used him for IT at Cool also?

23       A      Maybe at the end.  I don't remember

24  his timeline for Cool.



**SHARON KERN**                                67

1     Q      And he was your IT guy at All

2  Around?

3     A      Yes.

4     Q      And then he is your IT guy at Allure

5  now?

6     A      Yes.

7            MR. MOHL:  Let's go to Exhibit 12,

8        the vendor list.

9            (Whereupon, the requested document

10       was marked as Plaintiff's Exhibit 12, for

11       identification, as of this date.)

12    Q      So looking at this list, this is a

13  list of vendors of All Around, right?

14    A      Yes.

15    Q      What role does a vendor typically

16  play?

17    A      Vendor is stuff that we buy, that we

18  buy from.

19    Q      So these are both companies and

20  individuals, right?

21    A      That's the way it appears.

22    Q      Do you know how this list was

23  produced?

24    A      I have no idea.


800.DAL.8779
dalcoreporting.com

1  bills?

2        Q      Yeah.  So just typical business

3  expenses, what role would you have for things like

4  advertising, truck expenses?  What role was the

5  president for paying those?  Would you review the

6  bills?

7        A      Well, my daughter would go over them

8  and then she would -- you know, she would

9  ultimately pay the bills.

10        Q      Would she consult with you before

11  paying the bills?

12        A      Not all the time, no.

13        Q      So in 2014 was a transition year, a

14  portion of the year Richard was CEO and a portion

15  of the year you were CEO, did that change the

16  process how bills were paid?

17        A      No.

18        Q      After you purchased the shares, what

19  role did Richard have?  After you became

20  president, what role did Richard have in the

21  company?

22        A      Estimate and was my consultant.

23        Q      So it says payroll expenses were

24  just shy of 240,000, payroll expenses 238,900.



1  companies.

2           MR. MOHL:  Okay.  I guess we can

3      take a break.

4           (Whereupon, a short break was

5      taken.)

6           (Whereupon, Ashley Kern entered the

7      examination room.)

8           MR. MOHL:  Back on the record.

9           Let's go to Exhibit 14.

10          (Whereupon, the requested document

11     was marked as Plaintiff's Exhibit 14, for

12     identification, as of this date.)

13     Q     This is checks from All Around to

14 Cool Sheet Metal.  Okay.  So there are a lot of

15 checks here.  Can you explain to me what these

16 checks are for?

17     A     No, I can't.

18     Q     These are from All Around Spiral to

19 Cool Sheet Metal, right?

20     A     Yes.

21     Q     And you were an estimator during

22 this time, right?

23     A     Uh-huh.

24     Q     Would you have any role in writing



1    loans?

2         A       I don't know.

3         Q       Were you familiar with the employees

4    at All Around?

5         A       In the office and the shop.

6         Q       Okay.  And how about at Cool, are

7    you familiar with the employees at Cool?

8         A       Yes.

9                 MR. MOHL:  Let's look at Exhibit 15.

10        This is discovery responses for this case.

11                (Whereupon, the requested document

12        was marked as Plaintiff's Exhibit 15, for

13        identification, as of this date.)

14        Q       So do you recognize this document?

15        A       Yes.

16        Q       This is the discovery responses for

17   this case, right?

18        A       Yes.

19        Q       Did you help in any way in the

20   answer for this?

21        A       I don't recall.

22        Q       So you notice on interrogatory

23   number 2 where you were asked for any contracts,

24   agreements or promissory notes between Cool Sheet



86                         **SHARON KERN**

1        Q       And she works at Allure now?

2        A       Right.

3        Q       Ashley is your daughter, she is was

4    the bookkeeper.  She was the bookkeeper at All

5    Around?

6        A       Yes.

7        Q       But not a bookkeeper at Cool?

8        A       No.

9        Q       And is a bookkeeper at Allure now?

10       A       Yes.

11       Q       And Richard is your husband?

12       A       Yes.

13       Q       And he founded Cool and he founded

14   All Around?

15       A       Right.

16       Q       And he works at Allure today?

17       A       Yes.

18       Q       And he has done essentially

19   estimating in all of those positions?

20       A       Right.

21       Q       And you worked at all three as well?

22       A       Right.

23       Q       You initially worked part-time and

24   later worked full-time?



**SHARON KERN**                     93

```
 1        A       No.

 2                MR. MOHL:   Okay.   That's all from

 3        that for now.

 4                Let's go to Exhibit 16, we are going

 5        to.   This is equipment sold in bankruptcy.

 6                (Whereupon, the requested document

 7        was marked as Plaintiff's Exhibit 16, for

 8        identification, as of this date.)

 9        Q       Do you recognize these items?

10        A       Yes.

11        Q       And so Cool ultimately sold this

12   equipment to All Around, right?

13        A       Yes.

14        Q       And do you remember the condition of

15   the equipment?

16        A       It was old.

17        Q       And is this equipment being used

18   today?

19        A       I see the names, but I don't know

20   what the machines -- I don't know what they are

21   back there.

22        Q       And this ultimately went to Allure,

23   right?

24        A       Right.
```



96                           **SHARON KERN**

1        Q       Did you know what this equipment is?

2   A Vicon Plasma Cutting System, do you know what

3   that is?

4        A       No.  I know it's a piece of

5   machinery.

6        Q       Would your husband ordinarily

7   purchase these items?  Would you rely on your

8   husband's expertise for this sort of thing?

9        A       Yes.

10       Q       Let's go to the next one.  This is a

11  similar document, Exhibit 18.

12               (Whereupon, the requested document

13       was marked as Plaintiff's Exhibit 18, for

14       identification, as of this date.)

15       Q       Do you recognize this document?

16       A       It's a security agreement.

17       Q       And this was from May 19, 2015,

18  right?

19       A       Correct.

20       Q       So this is recent?  Do you know if

21  there is any other equipment that's being paid

22  off?

23       A       I have no idea.

24       Q       Do you know if Allure's equipment



1   has any security liens against it?

2       A     I don't know.

3       Q     Does Allure have any debt?

4       A     I guess.

5       Q     And you purchased these pieces of

6   equipment from All Around, right?

7       A     If it's on the list, I guess, I

8   don't know.

9       Q     Just to understand the flow, these

10   started at Cool and then they went to All Around

11   and then they are now at Allure, right?

12       A     Right.

13       Q     So would you say that these items

14   typically produce the same kind of goods?

15       A     I don't know what each machine does

16   specifically, I have no idea.

17       Q     But they were similar enough for

18   different companies to be able to use them, right?

19       A     Right.

20            MR. MOHL: Let's go to Exhibit 19,

21       sale of business property. It's a draft. I

22       understand it's a draft, so we can stipulate

23       that. That could change, but --

24            (Whereupon, the requested document



# Exhibit 1

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
  the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert Nosek, Esq.
Brian Powers, Esq.

Hearing Date: June 4, 2014
Time: 9:30 a.m.

Objections Due: May 28, 2014
Time: 5:00 p.m.

Offer Deadline: May 16, 2014
Time: 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

      RICHARD KERN,

                           Debtor.
-----------------------------------------------------------X

Chapter 7
Case No. 13-71700 (AST)

## NOTICE OF HEARING ON TRUSTEE'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING THE TRUSTEE TO SELL CERTAIN OF THE DEBTOR'S NON-EXEMPT ASSETS TO SHARON KERN, SUBJECT TO HIGHER AND BETTER OFFERS; AND (2) GRANTING <u>SUCH OTHER, FURTHER AND DIFFERENT RELIEF AS JUST AND PROPER</u>

    **PLEASE TAKE NOTICE**, that upon the accompanying motion (the "Motion"), Kenneth

P. Silverman, Esq., the chapter 7 trustee of the estate of Richard Kern, by his counsel,

SilvermanAcampora LLP, will move before the Honorable Alan S. Trust, United States

Bankruptcy Judge, on **June 4, 2014 at 9:30 a.m.** (the "Hearing"), or as soon thereafter as

counsel can be heard, seeking the entry of an order pursuant to sections 105 and 363 of Title

11, United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure

2002 and 6004: (a) authorizing the Trustee to sell to Sharon Kern ("S. Kern"), or any person or

entity that submits a higher or better offer, all of the estate's right, title and interest in the non-

exempt portions of the Debtor's Property (as defined in the Motion), free and clear of liens,

claims, encumbrances and interests (collectively, the "Liens"), with such Liens,[†] if any, to attach

to the proceeds of such sale in the priority and validity as they presently exist, for the sum of

---

[†]  Included in the Debtor's Property is a 21 foot Maxum boat that is being sold subject to a lien of approximately
$10,000.00.  Upon information and belief, S. Kern is co-debtor on that lien.

BPOWERS/1512348.1/063493

D-AAS-1

$25,000.00, subject to higher or better offers (the "Proposed Sale"), and (b) such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Motion shall be in writing, shall conform to the Bankruptcy Rules and Local Bankruptcy Rules, shall specify the name of the objecting party, the nature and amount of any claim or interest held or asserted against the Debtor's estate or property, and state with specificity the basis of the objection, and shall be filed with the Clerk of the Court through the ECF system to registered users, or by delivering a hard copy and a diskette containing that document in Word, Word Perfect or PDF format to the Clerk of the Court, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, P.O. Box 9013, Central Islip, New York 11722, and must be served upon: (i) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Brian Powers, Esq.; and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, no later than **May 28, 2014 at 5:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Jericho, New York
     April 11, 2014

**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee of the
Estate of Richard Kern


By:    *s/ Robert Nosek*
          Robert Nosek
          Counsel to the Firm
          100 Jericho Quadrangle, Suite 300
          Jericho, NY 11753
          (516) 479-6300

BPOWERS/1512348.1/063493

D-AAS-2

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
  the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert Nosek, Esq.
Brian Powers, Esq.

Hearing Date: June 4, 2014
Time: 9:30 a.m.

Objections Due: May 28, 2014
Time: 5:00 p.m.

Offer Deadline: May 16, 2014
Time: 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

    RICHARD KERN,

                            Debtor.
-----------------------------------------------------------X

Chapter 7
Case No. 13-71700 (AST)

### TRUSTEE'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING THE TRUSTEE TO SELL CERTAIN OF THE DEBTOR'S NON-EXEMPT ASSETS TO SHARON KERN FREE AND CLEAR OF LIENS, SUBJECT TO HIGHER AND BETTER OFFERS; AND (2) GRANTING SUCH OTHER, FURTHER AND DIFFERENT RELIEF AS JUST AND PROPER

**TO:   HONORABLE ALAN S. TRUST**
       **UNITED STATES BANKRUPTCY JUDGE**

      Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the estate of Richard

Kern (the "Debtor"), by and through his attorneys, SilvermanAcampora LLP, submits this motion

(the "Motion") seeking the entry of an order (a copy of which is annexed hereto as **Exhibit A**)

pursuant to sections 105 and 363 of title 11, United States Code (the "Bankruptcy Code") and

Federal Rules of Bankruptcy Procedure 2002 and 6004: (a) authorizing the Trustee to sell to

Sharon Kern ("S. Kern"), or any person or entity that submits a higher or better offer, the

estate's right, title and interest in the non-exempt portions of the Debtor's Property (defined

herein), free and clear of liens, claims, encumbrances and interests[1] (collectively, the "Liens"),

with such Liens, if any, to attach to the proceeds of such sale in the priority and validity as they

presently exist, for the sum of $25,000.00, subject to higher or better offers (the "Proposed

Sale"), and (b) such other and further relief as this Court deems just and proper, and

respectfully states as follows:

---

[1]  The Trustee is not seeking to sell the Boat (defined herein) free and clear of Liens. Thus the sale of the Boat, as proposed herein, would be subject to the lien of Keybank, USA, N.A.

## Background

1.      On April 3, 2013 (the "Filing Date"), the Debtor filed a voluntary petition (the "Petition")[2] for relief under chapter 11 of title 11, United States Code in the United States Bankruptcy Court for the Eastern District of New York.

2.      By Order of the Court dated September 17, 2013, the Debtor's chapter 11 proceeding was converted to a case under chapter 7 of the Bankruptcy Code.

3.      By Notice of Appointment dated September 18, 2013, Kenneth P. Silverman, Esq. was appointed the interim chapter 7 trustee of the Debtor's estate, has since duly qualified as the permanent trustee in this case, and is currently acting in that capacity.

4.      As of the Filing Date, the Debtor had an interest in several items of personal property, including: (a) a 21 foot Maxum boat (the "Boat"); (b) a Corum Gold Watch, Torneau Gold Watch, and miscellaneous other jewelry (collectively, the "Jewelry"); (c) a collection of various coins (the "Coins");[3] (d) a canon digital camera (the "Camera"); (e) various household goods and furnishings (collectively, the "Household Goods");[4] (f) wearing apparel and personal effects (collectively, the "Wearing Apparel"); and (g) ownership interests in four corporations[5] (collectively, the "Ownership Interests" and, together with the Boat, the Jewelry, the Coins, the Camera, the Household Goods, and the Wearing Apparel, the "Debtor's Property").

5.      The Petition lists the Debtor's Property as having a total value of $34,700.00, with several of the items being jointly owned with S. Kern,[6] and against which the Debtor claims exemptions totaling $7,500.00.

---

[2]  On August 22, 2013, the Debtor amended his schedules to include interests in additional items of personal property.

[3]  A list of the Coins, prepared by the Debtor, is annexed hereto as **Exhibit B**.

[4]  As described on the Debtor's petition, the Household Goods include, but are not limited to, a living room set, kitchen appliances, tables, chairs, a dining room set, two beds, two dressers, one computer, and five televisions.

[5]  As detailed on the Debtor's petition, the Ownership Interests consist of: a: (i) seventy (70%) interest in Cool Sheet Metal, Inc., (ii) fifty (50%) interest in K&R Realty Co., (iii) one hundred (100%) percent interest in All Around Spiral, Inc., and (iv) one hundred (100%) interest in Drafting & Fabricating Specialists, Inc.

[6]  Specifically, the Petition lists the Boat, the Coins, and the Household Goods as being jointly owned with S. Kern.

2

## The Proposed Sale

6.    Since his appointment, the Trustee, along with his professionals, has diligently analyzed the Debtor's assets and business interests to determine which assets and businesses could be sold for the benefit of the estate.

7.    The Trustee has received an offer from S. Kern to purchase the Debtor's non-exempt interest in the Debtor's Property for $25,000.00 (the "Purchase Price"), subject to higher or better offers. A copy of S. Kern's offer letter is annexed hereto as **Exhibit C**. S. Kern is the Debtor's spouse and is not a co-debtor in this bankruptcy case.

8.    By "Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale" dated April 11, 2014 (the "Notice of Sale"), the Trustee provided all creditors and parties in interest, and entities that the Trustee believes may have an interest in submitting higher or better offers, with notice of the Proposed Sale, subject to higher or better offers, to S. Kern.

9.    The Notice of Sale also included the date, time, and procedure for submitting higher or better offers, and that the Debtor's Property, to the extent applicable, can be inspected by appointment with the Trustee's counsel.[7] (A copy of the Notice of Sale is annexed hereto as **Exhibit D**)

10.    As part of his considerations in determining to proceed with the Proposed Sale with respect to the Ownership Interests, the Trustee has considered: (a) the fact that two of the Ownership Interests being sold are either a minority interest or a one half interest in privately held limited liability companies; (b) the costs of marketing the Ownership Interests, (c) the likelihood that the Ownership Interests could be sold to anyone other than S. Kern or the other interest holders; and (d) the current economic conditions and the financial conditions of the individual companies.

11.    With respect to the remainder of the Debtor's Property, the Trustee believes that

---

[7] The Notice of Sale provides that any party wishing to submit a higher or better offer for the Debtor's Property must submit a written offer to the Trustee by no later than **5:00 p.m. on May 16, 2014** (the "Offer Deadline"), with a purchase price of no less than **$26,000.00**, plus an additional amount to satisfy the lien on the Boat. Any offers received on or before the Offer Deadline shall be considered by the Trustee and, if such offer is deemed by the Trustee to be a higher or better offer, that offer shall be presented to the Court at the hearing to consider the Motion.

BPOWERS/1507827.1/063493

D-AAS-5

the offer presented by S. Kern to purchase the Debtor's Property is fair and reasonable when taking into consideration the estimated liquidation value of the Debtor's Property, S. Kern's joint ownership of the Boat, the Coins, and the Household Goods, the existing lien on the Boat (which the Trustee considers to be additional consideration), and the exemptions claimed by the Debtor.

12.    As demonstrated above, the Proposed Sale should be approved because it represents the reasonable exercise of the Trustee's business judgment, is subject to higher and better offers, and will provide a substantial benefit to the Debtor's estate.

### Statutory Predicates for Relief Requested

13.    This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§157 and 1334 and venue of this case and the Motion is proper in this District pursuant 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105 and 363, and Federal Rules of Bankruptcy Procedure 2002 and 6004.

14.    Bankruptcy Code section 363(b)(1) provides that the Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.[8] The terms of such sale is generally within the sound discretion of the debtor or, if

---

[8]  Section 363 of the Bankruptcy Code provides, in relevant part, as follows:

> (b) (1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.
> * * *
> (f)  The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other that the estate, only if
> * * *
> (1)    applicable nonbankruptcy law permits  sale of such property free and clear of such interest;
> * * *
> (2)    such entity consents;
> * * *
> (5)    such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. §363(b) (1), (f).

Although Bankruptcy Code section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Second Circuit, in applying this section, has required that it be based upon the sound business judgment of the trustee. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1993); *In re Thomson McKinnon Securities, Inc.*, 120 B.R. 301 (Bankr. S.D.N.Y. 1990).

4

applicable, the trustee. *See In re Ionosphere Clubs, Inc.*, 100 B.R. 670 (Bankr. S.D.N.Y. 1989) (sale of debtor's airline shuttle assets approved where representing the exercise of independent good faith and non-coerced business judgment by the debtor, the debtor articulated a compelling business reason for the sale and the price represented fair value); *see also In re Integrated Resources*, 3 F.3d 49 (2d Cir. 1993).

15.    Bankruptcy Code section 363(f) permits the sale of assets, free and clear of any interest in such property of an entity if: (a) applicable state law will permit the sale; (b) such entity consents; (c) the price at which the property is being sold exceeds the liens; (d) the security interest in the assets is disputed; or (e) the entity with an interest in the asset being sold could be compelled in a legal equitable proceeding to accept a money satisfaction of their interest in and to the property.

16.    In this case, the Trustee does not believe that the Internal Revenue Service, which has a blanket lien on the Debtor's personal property by virtue of a prepetition tax warrant, will object to the Sale.

## Notice of the Hearing

17.    Pursuant to Rule 6004(a) and (c) and 2002(a)(2), the Trustee provided notice of the Motion to: (i) the Debtor, (ii) the Debtor's counsel, (iii) S. Kern, (iv) S. Kern's counsel, (v) several local coin dealers that may have interest in purchasing the Coins; (vi) all creditors listed in the Debtor's schedules, including any party who has asserted a lien of record as reflected in the Debtor's schedules; (vii) all parties who filed a proof of claim in the Debtor's case; (viii) all parties who have filed a notice of appearance in the Debtor's case; and (ix) the Office of the United States Trustee.

18.    As set forth above, the Trustee respectfully submits that compelling business justifications exist for the approval of the Motion and the sale of the Debtor's Property. Accordingly, the Trustee respectfully requests that the Court authorize him to sell the Debtor's Property to S. Kern for $25,000.00, or such other buyer who tenders a higher or better offer.

BPOWERS/1507827.1/063493

D-AAS-7

WHEREFORE, the Trustee respectfully requests that this Court grant the Motion and grant the Trustee such further relief as this Court deems proper.

Dated: Jericho, New York
       April 11, 2014

SILVERMANACAMPORA LLP
Counsel to Kenneth P. Silverman
Chapter 7 Trustee

By: _s/ Robert Nosek_
        Robert Nosek
Counsel to the Firm
100 Jericho Quadrangle - Suite 300
Jericho, New York 11753
(516) 479-6300

6

BPOWERS/1507827.1/063493

D-AAS-8

# EXHIBIT D

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
   the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert Nosek, Esq.
Brian Powers, Esq.

**Hearing Date: June 4, 2014**
**Time: 9:30 a.m.**

**Objections Due: May 28, 2014**
**Time: 5:00 p.m.**

**Offer Deadline: May 16, 2014**
**Time: 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

     RICHARD KERN,

                        Debtor.
--------------------------------------------------------X

Chapter 7
Case No. 13-71700 (AST)

## NOTICE TO CREDITORS AND OTHER
## PARTIES IN INTEREST OF TRUSTEE'S INTENDED SALE

    **PLEASE TAKE NOTICE,** that on April 3, 2013, Richard Kern (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").[1]  The Debtor's case is presently pending before The Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York.

    **PLEASE TAKE FURTHER NOTICE** that Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") for the Debtor's estate, by his counsel, SilvermanAcampora LLP, will sell the Trustee's right, title and interest in and to certain of the Debtor's personal property (the "Debtor's Property").  A list and description of the Debtor's Property is enclosed herewith.

    **PLEASE TAKE FURTHER NOTICE** that the Trustee has accepted an offer to purchase the Trustee's right, title and interest in and to the Debtor's Property (the "Sale"), free and clear of any and all liens, claims, and encumberances, except subject to the lien against the Boat, from Sharon Kern ("S. Kern"), the Debtor's non-filing spouse, for the sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars, subject to higher and better offers, which sum has been received by the Trustee and is being held in escrow pending higher or better offers.

    **PLEASE TAKE FURTHER NOTICE** that S. Kern tendered, and the Trustee is holding, $25,000.00.

    **PLEASE TAKE FURTHER NOTICE** that in order to submit a higher and better offer to the Trustee to purchase the Debtor's Property, any competing bids must start at the sum of Twenty-Six Thousand and 00/100 ($26,000.00) Dollars or greater with subsequent bids in increments of One Thousand and 00/100 ($1,000.00) Dollars, plus an additional amount equal to the amount outstanding on the lien against the Boat as of the date of the closing,[2] along with

---

[1]  By Order of the Court dated September 17, 2013, the Debtor's chapter 11 proceeding was converted to a case under chapter 7 of the Bankruptcy Code.

[2]  Please contact the Trustee to obtain a current pay off balance.

a signed and notarized statement of the bidder's financial condition and ability to close on the Sale. All prospective bids must be delivered to the Trustee by no later than **5:00 p.m. May 16, 2014** (the "Offer Deadline").

**PLEASE TAKE FURTHER NOTICE** that, within two business days of the Offer Deadline, the Trustee will contact the bidder that submitted the highest or best offer (the "Best Bidder"), to inform the Best Bidder that the Trustee will submit the Best Bidder's offer (the "Best Bid") to the Court. Within two (2) business days thereafter, the Best Bidder will be required to deliver to the Trustee a certified check in the amount of the successful bid, made payable to "Kenneth P. Silverman, Esq., Chapter 7 Trustee."

**PLEASE TAKE FURTHER NOTICE** that the Trustee will serve a copy of this Notice on all creditors of the Debtor and entities identified by the Trustee as potentially being interested in purchasing the Debtor's Property.

**PLEASE TAKE FURTHER NOTICE** that the Debtor's Property may be inspected, as applicable, by appointment with the Trustee's counsel, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho New York, 11753, Telephone Number: (516) 479-6300, (Attn: Brian Powers, Esq.).

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") to approve the Sale will be conducted before The Honorable Alan S. Trust, United States Bankruptcy Judge, on **June 4, 2014 at 9:30 a.m.**, at the United States Bankruptcy Court, Courtroom 960, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Sale must be made in writing and be filed, with notice to the Trustee and counsel to the Trustee, **before 5:00 p.m. on the May 28, 2014**, with the Clerk of the Bankruptcy Court, Eastern District of New York at the Alfonse D'Amato Federal Courthouse, 290 Federal Plaza, P.O. Box 9013, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE** that if the Trustee does not receive any additional offers to purchase the Debtor's Property by the Offer Deadline, S. Kern will be deemed the Best Bidder for the Debtor's Property.

Dated: Jericho, New York
April 11, 2014

          **SILVERMANACAMPORA LLP**
          Counsel to Kenneth P. Silverman,
          the Chapter 7 Trustee


          By: *s/ Robert Nosek*
             Robert Nosek
          Counsel to the Firm
          100 Jericho Quadrangle Suite 300
          Jericho, New York 11753
          (516) 479 -6300

BPOWERS/1507998.1/063493
D-AAS-11

### Debtor's Property to be Sold

#### *In re* Richard Kern – 13-71700 (AST)

| Item | Description |
|------|-------------|
| Boat | 21 Foot Maxum Boat |
| Jewelry | Corum Gold Watch, Torneau Gold Watch, and miscellaneous other jewelry |
| Coins | A collection of various coins (see attached list) |
| Camera | Canon digital camera |
| Household Goods | Household goods and furnishings including a living room set, kitchen appliances, tables, chairs, a dining room set, two beds, two dressers, one computer, and five televisions |
| Wearing Apparel | All of the Debtor's wearing apparel and personal effects |
| Ownership Interests | Ownership interests in privately held corporations, including a: (i) seventy (70%) interest in Cool Sheet Metal, Inc., (ii) fifty (50%) interest in K&R Realty Co., (iii) one hundred (100%) percent interest in All Around Spiral, Inc., and (iv) one hundred (100%) interest in Drafting & Fabricating Specialists, Inc. |

RICHARD KERN / COIN LIST

2005W SILVER DOLLAR

ROOSEVELT DIMES 12

2007P DOLLAR

SACAGAUNN DOLLARS 24

WORLD TRADE CENTER TOWER 2004 X 4

2008 SILVER DOLLAR

2007D DOLLAR X 4

1999 PENNY SET  12

2007P DOLLAR X 4

MISC NICKELS 8 & DOLLARS 3

$2.00 BILLS X 22

1946-1957 PENNY SET

AMERICAN EAGLE 2006 X 2

FRANKLIN HEAD 50 X 14

1999 SILVER DOLLAR

1895 SILVER DOLLAR X 4

2005 BUFFALO X 2

1980 $1.00 SET 16

2005S BUFFALO

INDIAN HEAD PENNIES 30

2005P SILVER DOLLAR

2008 SILVER DOLLAR X 2

2008W BUFFALO $5.00

50CENTS STANDING LIBERTY 10 SETS

LIBERTY DOLLARS X 24

MORGAN SILVER DOLLARS 6

2007P .25CENTS

2007 QUARTERS 5

JEFFERSON NICKELS 35

KENNEDY DOLLARS 4 ROLLS

1878 MORGAN DOLLAR

1964 KENNEDY DOLLAR

MERCURY DIMES 30

COMMEMORATIVE QUARTERS 2005, 2006, 2007

HISTORIC COINS 25CENTS X 4

1982S 50CENTS

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
    the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert Nosek, Esq.
Brian Powers, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                    Chapter 7

    RICHARD KERN,                                   Case No. 13-71700 (AST)

                            Debtor.
-----------------------------------------------------------X

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NASSAU           )

        **MELISSA COHEN**, being duly sworn, deposes and says:

        I am not a party to the action. I am over 18 years of age and I am employed by SilvermanAcampora LLP.

        On April 11, 2014, deponent served the within

- **NOTICE OF HEARING ON TRUSTEE'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING THE TRUSTEE TO SELL CERTAIN OF THE DEBTOR'S NON-EXEMPT ASSETS TO SHARON KERN, SUBJECT TO HIGHER AND BETTER OFFERS; AND (2) GRANTING SUCH OTHER, FURTHER AND DIFFERENT RELIEF AS JUST AND PROPER;**

- **TRUSTEE'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING THE TRUSTEE TO SELL CERTAIN OF THE DEBTOR'S NON-EXEMPT ASSETS TO SHARON KERN, FREE AND CLEAR OF LIENS, SUBJECT TO HIGHER AND BETTER OFFERS; AND (2) GRANTING SUCH OTHER, FURTHER AND DIFFERENT RELIEF AS JUST AND PROPER;**

- **EXHIBIT A (PROPOSED ORDER);**

- **EXHIBIT B (COIN LIST);**

- **EXHIBIT C (OFFER LETTER FROM STUART P. GELBERG); and**

- **EXHIBIT D (NOTICE OF SALE)**

by First Class Mail delivery to the addresses listed below and on **Schedule A** attached, said addresses designated for that purpose by depositing a true copy of same enclosed in a properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

**TO:**    **Debtor**
Richard Kern
9 Avalon Court
Smithtown, New York 11787

**Debtor's Attorney**
Berger, Fischoff & Shumer, LLP
40 Crossways Park Drive
Woodbury, New York 11797
Attn:  Gary C. Fischoff, Esq.

**United States Trustee**
Office of the United States Trustee
Alphonse M. D'Amato U.S. Courthouse
560 Federal Plaza – Room 560
Central Islip, New York 11722-4437

**Coin Dealers**
Atlantic Coin Galleries Inc
183 S. Wellwood Ave.
Lindenhurst, NY 11757

Coin Galleries of Oyster Bay
230 E Jericho Tpke.
Huntington Station, NY 11746

Numismatic Assets Inc.
900 Walt Whitman Rd., #105
Melville, NY 11747

New World Rarities Ltd.
670 Old Willets Path
Hauppauge, NY 11788

Long Island Rare Coins and Currency, Inc.
P.O. Box 1008
N. Massapequa, NY 11758

Westbury Gold & Coin
465 Old Country Rd.
Westbury, NY 11590

2

CD/1516986.1/063493

D-AAS-16

**Notices of Appearance**
Jeffrey S. Dubin, P.C.
464 New York Avenue, Suite 100
Huntington, New York 11743
Attn:  Jeffrey S. Dubin, Esq.
Attn:  Doreen Nanda, Esq.

Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Attn:  Richard J. McCord, Esq.
Attn:  Carol A. Glick, Esq.

Torre, Lentz, Gamell, Gary & Rittmaster, LLP
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753
Attn:  Mark S. Gamell, Esq.

McElroy, Deutsch, Mulvancy & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ  07962-2075
Attn:  William N. Aumenta, Esq.

Cullen and Dykman, LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Attn: Matthew G. Roseman, Esq.

Barnes Iaccarino Virginia, et al.
3 Surrey Lane
Hempstead, NY 11550
Attn:  Danielle M. Carney, Esq.

Barnes Iaccarino Virginia, et al.
258 Saw Mill River Road
Elmsford, NY 10523
Attn:  Dana L. Henke, Esq.

Stuart P. Gelberg, Esq.
600 Old Country Road, Suite 410
Garden City, NY 11530

G.E. Capital Retail Bank
c/o Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh, Esq.

CD/1516986.1/063493

D-AAS-17

Weinberg, Gross & Pergament LLP
400 Garden City Plaza – Suite 403
Garden City, NY 11530

Fein, Such & Crane, LLP
7 Century Drive, Suite 201
Parsippany, NJ  07054
Attn: Tammy Terrell Benoza, Esq.

Fein, Such & Crane, LLP
747 Chestnut Ridge Rd., Suite 200
Chestnut Ridge, NY 10977
Attn: Tammy Terrell Benoza, Esq.

Owen M. Rumelt, Esq.
614 Hempstead Gardens Drive
West Hempstead, NY 11552

**Taxing Authorities**
NYC Dept. of Finance
Attn: Legal Affairs Division
345 Adams Street, 3rd Floor
Brooklyn, NY 11201

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

NYC Dept. of Finance
Office of Legal Affairs (Parking Violations)
345 Adams Street, 3rd Floor
Brooklyn, NY 11201

NYS Department of Taxation & Finance
Bankruptcy Unit - TCD
Building 8, Room 455
W.A. Harriman State Campus
Albany, New York 12227

NYS Department of Taxation & Finance
Bankruptcy Unit
P.O. Box 5300
Albany, New York 12205-0300

Securities and Exchange Commission
Northeast Regional Office
Woolworth Building
233 Broadway – Attn: John Murray
New York, New York 10279

4

CD/1516986.1/063493
D-AAS-18

U.S. Environmental Protection Agency
Office of the Regional Counsel
Region 2 - New York/Caribbean Superfund Branch
Attn: Douglas Fischer, Esq.
290 Broadway, 17th Floor
New York, New York 10007-1866

U.S. Department of Health and Human Services
Office of the General Counsel
26 Federal Plaza, Room 3908
New York, New York 10278

U.S. Department of Housing and Urban Development
Office of Regional Counsel for New York/New Jersey
26 Federal Plaza, Room 3500
New York, New York 10278

United States Attorney's Office
Eastern District of New York
Attention: Long Island Bankruptcy Processing
610 Federal Plaza, 5th Floor
Central Islip, NY 11722-4454

U.S. Department of Education
Bankruptcy Litigation Support
50 Beale Street, Suite 8629
San Francisco, CA 94105

California State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279

**<u>Creditors</u>**
Forklift Headquarters
177 Allen Blvd.
Farmingdale, NY 11735

Global Alliance Credit Corporation
1225 Franklin Avenue, Suite 325
Garden City, NY 11530

Aileen Rankin
c/o Ialenti & Macari, LLP
377 Oak Street, Suite 410
Garden City, NY 11530

CD/1516986.1/063493

D-AAS-19

Key Equipment Finance
1000 South McCaslin Boulevard
Superior, Colorado 80027


_s/Melissa Cohen_____
**MELISSA COHEN**


Sworn to before me this
11th day of April, 2014.


_s/Christine D'Aquila_____
        Notary Public

| Christine D'Aquila |
|---|
| Notary Public, State of New York |
| No.  30-4875643 |
| Qualified in Nassau County |
| Commission Expires November 3, 2014 |

CD/1516986.1/063493
D-AAS-20

# EXHIBIT C

# STUART PAUL GELBERG
### ATTORNEY AT LAW

600 OLD COUNTRY ROAD, SUITE 410
GARDEN CITY, NEW YORK 11530-2009

TELEPHONE (516) 228-4280

FACSIMILE (516) 228-4278
spg@13trustee.net

Deborah Turofsky*

\*Also admitted in NJ
\* ^Also admitted in IL

Lawrence S. Lefkowitz^
(of counsel)

January 15, 2014

Kenneth P. Silverman
Silverman Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

Re:   **Robert Kern**
       **Bankruptcy Case No. 8-13-71700-ast**
       **Our File No. 2120.01**

Dear Mr. Silverman;

Enclosed please find my client's Cashier's Check in the sum of $25,000 made payable to you as Trustee.

My client offers to purchase your right, title and interest in the following items of personal property:

1.     Coin Collection
2.     Canon Camera
3.     21 Foot Maxum Boat
4.     Corum Gold Watch, Torneau Gold Watch and Miscellaneous Jewelry
5.     All Household Goods and Furnishings, Wearing Apparel and Personal Effects
6.     70% Interest in Cool Sheet Metal
7.     50% Interest in K&R Realty
8.     100% Interest in All Around Spiral
9.     100% Interest in Drafting and Fabricating Specialties, Inc.

Should you have any questions, please feel free to contact the office.

Very truly yours,

Stuart P. Gelberg

SPG:jb
Enclosure
cc: Sharon Kern
    Gary Fischoff

D-AAS-22

B4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re  Richard Kern                                    ,
                          Debtor

Case No. _____

Chapter _____11_____

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

     Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc. | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Local 28 Funds & Plans 195 Mineola Blvd. Mineola, NY 11501 | | | Contingent Unliquidated Disputed | 4,253,923.30 |
| Trustees of the Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds c/o Dana L. Henke, Esq. 258 Saw Mill Road Elmsford, NY 10523 | | | Contingent Disputed | 2,977,830.82 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc.- ver 4.7.1-789 - UMZV-JABM***** - PDF-XChange 2.5 DE

D-AAS-23

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| Internal Revenue Service Centralized Insolvency Operation PO Box 7346 Philadelphia, PA 19101-7346 | | | Contingent Disputed | 2,317,248.71 |
| IRS Centralized Insolvency Operation PO Box 7346 Philadelphia PA 19101-7346 | | | Disputed | 1,407,625.91 Collateral FMV 0.00 |
| M&T Real Estate Trust Certilman Balin Adler & Hyman LLP 90 Merrick Ave 9th Fl East Meadow NY 11554 | | | Disputed | 1,264,450.79 |
| Fidelity & Deposit Co of MD/Zurich Torre Lentz et al 100 Jericho Quadrangle Jericho NY 11753 | | | Disputed Setoff | 1,134,696.22 Collateral FMV 0.00 |
| Sheet Metal Ntl Pension Fund et al Jeffrey S Dubin PC 464 New York Ave Ste 100 Huntington NY 11743 | | | Disputed | 400,960.08 Collateral FMV 0.00 |
| Midland Steel 1120 Leggett Avenue Bronx, NY 10474 | | | Contingent Disputed | 134,203.89 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc. - ver 4.7.1-789 - UMZV-JABM***** - PDF-XChange 2.5 DE

D-AAS-24

| (1) | (2) | (3) | (4) | (5) |
|-----|-----|-----|-----|-----|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| NYS Department of Taxation & Finance Bankruptcy Unit-TCD Bldg 8 Room 455 W A Harriman State Campus Albany NY 12227 | | | Contingent Disputed | 130,954.06 |
| NYS Dept. of Labor Harriman State Office Bldg., Campus Bldg. 12; Room 256 Albany, NY 12240 | | | Contingent Disputed | 121,124.34 |
| SW Anderson Sales Corp. c/o William Aumenta Esq. McElroy Deutsche Mulvaney & Carpenter 1300 Mt. Kemble Avenue PO Box 2075 Morristown, NJ 07962 | | | Contingent Disputed | 91,142.94 |
| Teamsters Local 282 2500 Marcus Avenue New Hyde Park, NY 11042 | | | Contingent Disputed | 89,898.47 |
| Standard Tinsmith 355 Irving Avenue Brooklyn, NY 11237 | | | Contingent Unliquidated Disputed | 75,359.00 |
| Erlin Of Long Island Inc. 857 North Richmond Avenue Lindenhurst, NY 11757 | | | Contingent Unliquidated Disputed | 72,372.40 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.1-789 - UMZV-JABM***** - PDF-XChange 2.5 DE

D-AAS-25

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc. | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Bank Direct Capital Finance PO Box 660448 Dallas, TX 75266-0448 | | | Contingent Disputed | 68,228.84 |
| Merchants Insurance Group PO Box 4031 Buffalo, NY 14240 | | | Contingent Disputed | 67,626.98 |
| Grassi & Co. 50 Jericho Quadrangle Jericho, NY 11753 | | | Contingent Disputed | 60,878.92 |
| K&R Realty c/o Gutman & Gutman, LLP 19 Roslyn Road Mineola, NY 11501 | | | Contingent Disputed | 60,000.00 |
| Patrick F O'Leary MD PC 1015 Madison Avenue 4th Fl New York NY 10075 | | | Disputed | 50,000.00 |
| TD Bank PO Box 9001897 Louisville, KY 40290-1897 | | | Contingent Disputed | 49,410.35 |

D-AAS-26

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing list of twenty largest unsecured creditors and that it is true and correct to the best of my knowledge, information and belief.

Date    4/3/13                              Signature    /s/ Richard Kern

                                                         RICHARD KERN

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.1-789 - UMZV-JABM**** - PDF-XChange 2.5 DE

D-AAS-27

## Notice Recipients

District/Off: 0207–8                 User: dcorsini                 Date Created: 4/4/2013

Case: 8–13–71700–ast                 Form ID: 216                 Total: 129

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Richard Kern | 50 Crane Neck Road | Setauket, NY 11733 |
| aty | Gary C Fischoff | Berger, Fischoff &Shumer, LLP | 40 Crossways Park Drive | Woodbury, NY 11797 |
| smg | United States of America | Secretary of the Treasury | 15th Street &Pennsylvania Ave. NW | Washington, DC 20220 |
| smg | NYS Unemployment Insurance | Attn: Insolvency Unit | Bldg. #12, Room 256 | Albany, NY 12201 |
| smg | NYS Department of Taxation &Finance | Bankruptcy Unit | PO Box 5300 | Albany, NY 12205 |
| smg | Internal Revenue Service | PO Box 7346 | Philadelphia, PA 19101–7346 |
| smg | NYC Department of Finance | 345 Adams Street, 3rd Floor | Attn: Legal Affairs – Devora Cohn | Brooklyn, NY 11201–3719 |
| smg | United States Trustee | Office of the United States Trustee | Long Island Federal Courthouse | 560 Federal Plaza | Central Islip, NY 11722–4437 |
| 7988954 | Acs Connect | 635 W. Lumsden Road | Brandon, Fl 33511 |
| 7988955 | Ade Systems, Inc. | 19 Wilbur Street | Lynbrook, Ny 11563 |
| 7988956 | Adk Service Corp. | 10 Fleetwood Ct. | Ronkonkoma, Ny 11779 |
| 7988957 | Adt Security Services | Po Box 371967 | Pittsburgh, Pa 15250–7967 |
| 7988958 | Aec Design Group | 401 Professional Drive | Ste. 110 | Gaithersburg, Md 20879 |
| 7988959 | Aileen Rankin C/o | Boland &Ialenti | 350 Old Country Road | Garden City, Ny 11530 |
| 7988960 | Aire Control Supply | 1520 Lakeland Avenue | Bohemia, Ny 11716 |
| 7988961 | Airweld Inc. | 93 Marine Street | Farmingdale, Ny 11735 |
| 7988962 | Ally Bank | Po Box 380902 | Bloomington, Mn 55438–0902 |
| 7988963 | Ally Financial Inc. F/k/a Gmac Inc. | Po Box 130424 | Roseville, Mn 55113 |
| 7988964 | Aresco Inc. | 341 West John Street | Hicksville, Ny 11801 |
| 7988965 | Avaya C/o | Rms Bankruptcy Recovery Service | Po Box 5126 | Timonium, Md 21094 |
| 7988966 | BpAuto Service | 1964 Veterans Highway | Islandia, Ny 11749 |
| 7988967 | Babylon Landfill Joint Defense Group | Wagstaff &Cartmeil Llp | 4740 Grand Avenue, Ste 300 | Kansas City, Mo 64112 |
| 7988968 | Bank Direct Capital Finance | Po Box 660448 | Dallas, TX 75266–0448 |
| 7988969 | Bayview Emer. Associates | 66 West Gilbert Street | Red Bank, Nj 07701 |
| 7988970 | Best Brothers Auto | 3200 Veterans Hwy. | Bohemia, Ny 11716 |
| 7988971 | Beth Israel Med. Center | Po Box 9500002195 | Philadelphia, Pa 19195 |
| 7988972 | Bo's Citgo | 3200 Veterans Memorial Highway | Bohemia, Ny 11716 |
| 7988973 | Brookhaven Memorial Hospital | Po Box 350 | Plainview, Ny 11803–0350 |
| 7988974 | Chase Bank | Po Box 15298 | Wilmington De 19850–5298 |
| 7988975 | Clinton Welding | 40 Jericho Tpke. | Jericho, Ny 11753 |
| 7988976 | Condea Supply Corp. | 2121 44th Road | Long Island City, Ny 11101 |
| 7988977 | Davidow, Davidow, Siegel &Stern, Llp | 1050 Old Nichols Road, Ste. 100 | Islandia, Ny 11749 |
| 7988978 | De Lage Landen Financial Services | Dba Dec Copiers Leasing | 1111 Old Eagle School Road | Wayne, Pa 19087 |
| 7988979 | Dec Copiers Inc. | Po Box 41602 | Philadelphia, Pa 19101 |
| 7988980 | Dec Leasing | Po Box 41602 | Philadelphia, Pa 19101 |
| 7988981 | Dun &Bradstreet | Po Box 75949 | Chicago, Il 60675 |
| 7988982 | Eastern Industrial Equipment Corp. | 2231 Jericho Tpke. | Garden City Park, Ny 11040 |
| 7988983 | Emil &Irene Moshkovich C/o | Rheem, Bell &Mermelstern, Llp | 302 5th Avenue, No. 8 | New York, Ny 10001 |
| 7988984 | Energy Hardware | 47–55 58 Th Street | Woodside, Ny 11377 |
| 7988985 | Energy Metal Product | 47–55 58 Th Street | Woodside, Ny 11377 |
| 7988986 | Energy Metal Special | 47–55 58 Th Street | Woodside, Ny 11377 |
| 7988987 | Erlin Of Long Island Inc. | 857 North Richmond Avenue | Lindenhurst, NY 11757 |
| 7988988 | Fidelity &Deposit Co Of MD/Zurich | Torre Lentz Et Al | 100 Jericho Quadrangle | Jericho NY 11753 |
| 7988989 | Forklift Headquarters | 601 Acorn Street | Deer Park, Ny 11729 |
| 7988990 | Gacc | 3375 Park Avenue | Wantagh, Ny 11793 |
| 7988991 | Good Samaritan Hospital | 1000 Montauk Highway | West Islip, Ny 11795 |
| 7988992 | Grassi &Co. | 50 Jericho Quadrangle | Jericho, NY 11753 |
| 7988993 | Gutman &Gutman Llp | The Gutman Bldg. | 19 Roslyn Road | Mineola, Ny 11501 |
| 7988994 | H. Weiss &Company | 150–I Greaves La., Ste. 442 | Staten Island, Ny 10308 |
| 7988995 | Health Source | 3001 Expressway Dr. N. | Ste. 300c | Islandia, Ny 11744 |
| 7988996 | Home Depot | Po Box 182676 | Columbus, Oh 43218–2676 |
| 7988997 | Idc Serv. Co. | 3962 Landmark Street | Po Box 125 | Culver City, Ca 90232–1925 |
| 7988998 | Industrail Threaded Products | 715 Grand Boulevard | Deer Park, Ny 11729 |
| 7988999 | Intech Funding Corp. | 201 East Huntington Drive | Ste. 201 | Monrovia, Ca 91016 |
| 7989000 | Intech Funding Corp. | Po Box 77077 | Minneapolis, Mn 55480 |
| 7989001 | Internal Revenue Service | Centralized Insolvency Operation | Po Box 7346 | Philadelphia, Pa 19101–7346 |
| 7989002 | International Testing | G&Balancing Ltd. | 3941 Merrick Road | Seaford, Ny 11783 |
| 7989003 | Irs | Centralized Insolvency Operation | Po Box 7346 | Philadelphia Pa 19101–7346 |
| 7989004 | J. Michael Doherty | 459 Bridge Road | Hauppauge, Ny 11788 |
| 7989005 | Jeco Electric | 90a Raynor Avenue | Ronkonkoma, Ny 11779 |
| 7989006 | John T. Mather Hospital | Po Box 512581 | Philadelphia, Pa 19175 |

D-AAS-28

| 7989007 | John Vassallo | 161 Harbor Beach Road | Mount Sinai, Ny 1766 |
| 7989008 | KRRealty C/o | Gutman &Gutman, LLP | 19 Roslyn Road | Mineola, NY 11501 |
| 7989009 | Key Equipment Finance, Inc. | 600 Travis Street | 14th Floor | Houston, Tx 77002 |
| 7989010 | Keybank, Usa, Na | 4910 Tiedeman Road | Brooklyn, Oh 44144 |
| 7989011 | Ktc Sales | 21–21 44th Road | Long Island City, Ny 11101 |
| 7989012 | Lipa | Po Box 9050 | Hicksville, Ny 11802–9050 |
| 7989013 | Local 28 Funds &Plans | 195 Mineola Blvd. | Mineola, Ny 11501 |
| 7989014 | Local Union 28 Sheet Metal Workers | Barnes Iaccarino &Shepherd Llp | 258 Saw Mill River Rd | Elmsford Ny 10523 |
| 7989015 | Local Union No. 28, Sheet Metal | Workers' Int'l Assoc. | C/o Barnes, Iaccarino &Shepard | 258 Saw Mill River Road | Elmsford, Ny 10 |
| 7989016 | MTReal Estate Trust | Certilman Balin Adler &Hyman LLP | 90 Merrick Ave 9th Fl | East Meadow NY 11554 |
| 7989017 | Magii Pension Service | 1 Rabro Drive, Ste. 11 | Hauppauge, Ny 11788 |
| 7989018 | Mercedes Benz Financial Services Usa | Po Box 5260 | Carol Stream, Il 60197–5260 |
| 7989019 | Merchants Insurance Group | Po Box 4031 | Buffalo, NY 14240 |
| 7989020 | Metal Masters | 2090 Fifth Avenue | Ronkonkoma, Ny 11779 |
| 7989021 | Midland Steel | 1120 Leggett Avenue | Bronx, NY 10474 |
| 7989026 | NYS Department Of Taxation &Finance | Bankruptcy Unit–TCD | Bldg 8 Room 455 | W A Harriman State Campus | Albany NY 12227 |
| 7989027 | NYS Dept. Of Labor | Harriman State Office Bldg., Campus | Bldg. 12; Room 256 | Albany, NY 12240 |
| 7989022 | National Auto Finance Company | Po Box 130424 | Roseville, Mn 55113 |
| 7989023 | National Grid | Po Box 11741 | Newark, Nj 07101–4741 |
| 7989024 | New Concept Leasing | 3799 Route 46 | Parsippany, Nj 07054 |
| 7989025 | Nydh Emergency Services | Po Box 10309 | Uniondale, Ny 11555 |
| 7989028 | Ocwen Loan Servicing | Po Box 785057 | Orlando Fl 32878–5057 |
| 7989029 | Patrick F O'leary MD PC | 1015 Madison Avenue | 4th Fl | New York NY 10075 |
| 7989030 | Plasma Air Cutting | 9918 Hardy's Corner Road | Cuba, Ny 14727 |
| 7989031 | Pmt Forklift | 275 Great East Neck | West Babylon, Ny 11704 |
| 7989032 | Pnc Equipment Finance, Llc | 995 Dalton Avenue | Cincinnati, Ih 45202 |
| 7989033 | Poland Spring | Po Box 856192 | Louisville, Ky 40285 |
| 7989034 | Radiology Consultant | Po Box 5918 | New York, Ny 10087 |
| 7989035 | Reg Renewal Center | 207 Genesee Street | Utica, Ny 13501 |
| 7989036 | Richard Adelman C/o | Local 282 | 1175 Enterprise Road | Po Box 580 | Geneva, Al 36340–0580 |
| 7989037 | Rivkin Radler | 555 Madison Avenue | New York, Ny 10022 |
| 7989038 | Rms C/o Staples | 4836 Brecksville Road | Po Box 509 | Richfield, Oh 44286 |
| 7989039 | Ronald Craig, Md | 1000 Montauk Hwy. | West Islip, Ny 11795 |
| 7989040 | Rp Machine | 906 Stillwater Road | Po Box 144 | Stillwater, Nj 07875 |
| 7989056 | SW Anderson Sales Corp. C/o | William Aumenta Esq. | Mcelroy Deutsche Mulvaney &Carpenter | 1300 Mt. Kemble Avenue | Po Box 2075 | Morristown, NJ 07962 |
| 7989041 | Scales Ind. Tech., Inc. | 110 Voice Road | Carle Place, Ny 11514 |
| 7989042 | Sharon Kern | 50 Crane Neck Road | Old Field, Ny 11785 |
| 7989043 | Sheet &Metal Ntl Pension Fund Et Al | Jeffrey Dubin Pc | 464 New York Avenue Ste 100 | Huntington Ny 11743 |
| 7989044 | Sheet Metal Local 28 Benefit Fund | Colleran O'hara &Mills Llp | 1225 Franklin Ave | Ste 450 | Garden City Ny 11530 |
| 7989045 | Sheet Metal Local 28 Benefit Fund | Barnes Iaccarino &Shepherd Llp | 3 Surrey Ln | Hempstead Ny 11550 |
| 7989046 | Sheet Metal Ntl Pension Fund Et Al | Jeffrey S Dubin PC | 464 New York Ave Ste 100 | Huntington NY 11743 |
| 7989047 | Solomon &Solomon, P.C. | Columbia Circle | Po Box 15019 | Albany, Ny 11212–5019 |
| 7989048 | Southhampton Hospital | 2040 Ocean Avenue | Ronkonkoma, Ny 11779 |
| 7989049 | Sprint Nextel Correspondence | Attn.: Bankruptcy Dept. | Po Box 7947 | Overland, Ks 66207–0949 |
| 7989050 | St. Charles Hospital | 200 Belle Terre Road | Port Jefferson, Ny 11777 |
| 7989051 | Standard Tinsmith | 355 Irving Avenue | Brooklyn, NY 11237 |
| 7989052 | State Of New Jersey | Div. Of Employer Acct. | Po Box 059 | Trenton, Nj 08625 |
| 7989053 | Stony Brook Hospital | Po Box 34836 | Newark, Nj 07189–4836 |
| 7989054 | Suffolk County National Bank | 206 Griffing Avenue | Riverhead, Ny 11901 |
| 7989055 | Suffolk County Water Authority | Po Box 9224 | Uniondale, Ny 11555 |
| 7989057 | TD Bank | Po Box 9001897 | Louisville, KY 40290–1897 |
| 7989058 | Teamsters Local 282 | 2500 Marcus Avenue | New Hyde Park, NY 11042 |
| 7989059 | Thomas Rammelkamp | 185 Helen Avenue | Miller Place, Ny 11764 |
| 7989060 | Town Of Brookhaven | Louis J Maroccia | One Independence Hill Ste 110 | Farmigville Ny 11738–2149 |
| 7989061 | Toyota Motor Credit Corp. | Po Box 3457 | Torrance, Ca 90510 |
| 7989062 | Trane Us Inc. | Po Box 406469 | Atlanta, Ga 30384 |
| 7989063 | Tri–weld Industries Inc. | 65 South Second Street | Bay Shore, Ny 11706 |
| 7989064 | Trustees Of The Sheet Metal Workers' | International Association Local Union | No. 28 Benefit Funds C/o | Dana L. Henke, Esq. | 258 Saw Mill Road | Elmsford, NY 10523 |
| 7989065 | Trux, Inc. | 1365 Lakeland Avenue | Bohemia, Ny 11716 |
| 7989066 | United Rentals (na), Inc. | 552 Housatonic Avenue | Bridgeport, Ct 06604 |
| 7989067 | Us Bank | Manifest Funding Servie | 1450 Channel Parkway | Marshall, Mn 56258 |
| 7989068 | Us Bank Na Dba Us Bank Equipment Finance | 1310 Madrid Street | Marshall, Mn 56256 |
| 7989069 | Us Dept. Of Justice | Office Of The Us Trustee | Long Island Federal Courthouse | 560 Federal Plaza | Central Islip, Ny 117 |

D-AAS-29

| 7989070 | Verizon | Po Box 3037 | Bloomington, Il 61702–3037 |
| 7989071 | Vicon Machinery, Llc | 1801 Artic Avenue | Bohemia, Ny 11716 |
| 7989072 | Village Of Old Field | Po Box 2724 | Setauket, Ny 11733 |
| 7989073 | Walsh–atkinson Co. | 1801 Artic Avenue | Bohemia, Ny 11716 |
| 7989074 | Winter Brothers | 1198 Prospect Avenue | Westbury, Ny 11590 |

TOTAL: 129

D-AAS-30

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------
In Re:                                  )
                                        )        CHAPTER 11
          RICHARD KERN                  )
                                        )        CASE # 13-71700
                                        )
Debtor.                                 )
--------------------------------------------------------------------------------

NOTICE OF APPEARANCE AND REQUEST
FOR NOTICE AND SERVICE OF PAPERS

**PLEASE TAKE NOTICE** that the Sheet Metal Workers' National
Pension Fund; National Energy Management Institute Committee for the
Sheet Metal and Air Conditioning Industry; Sheet Metal Occupational Health
Institute Trust; International Training Institute for the Sheet Metal and Air
Conditioning Industry; National Stabilization Agreement of the Sheet Metal
Industry Fund, creditors, hereby appear, by their attorney, in the above
captioned bankruptcy case under Chapter 11 of the United States
Bankruptcy Code and, pursuant to Rules 2002, 9007 and 9010 of the
Bankruptcy Rules and 1109 (b) of the United States Bankruptcy Code,
demand that any and all notices given or required to be given in the above
captioned case, be given to and served upon the undersigned at the post
office address and telephone number set forth below:

Jeffrey S. Dubin, Esq.
Jeffrey S. Dubin, P.C.
464 New York Avenue, Suite 100
Huntington, New York 11743
Telephone  No. 631.351.0300
Facsimile   No. 631.351.1900
DubinJS@cs.com.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 1109(b) of the
United States Bankruptcy Code, the foregoing demand includes not only the
notices and papers referred to in the Bankruptcy Rules specified above, but

also includes, without limitation, orders and notices of any application, motion, petition, pleading, request, complaint or demand, whether formal or informal, *ex Parte* or on notice written or oral and whether transmitted or conveyed by mail, hand delivery, telephone, telecopier, telegraph, telex or otherwise which affect or seek to affect in any way the Debtor or the property of the Debtor or any rights or interest of the aforementioned party-in-interest with respect to the Debtor or its property.

**PLEASE TAKE FURTHER NOTICE** that neither this Notice of Appearance nor any later appearance, pleading, claim, or suit shall waive the above-named entity's right to have final orders in non-core matters entered only after *de novo* review by a District Judge; or the right to trial by jury in any proceeding related to this case; or the right to have the District Court withdraw the reference in any matter subject to mandatory of discretionary withdrawal; or to adjudicate rights in other applicable forums, or any other rights, claims, actions, defenses, setoffs, or re-coupments to which these entities are or may be entitled under agreements, in law or in equity, all of which rights are expressly reserved.

Dated: Huntington, New York
     April 5, 2013

                                      /s/ Jeffrey S. Dubin

To:   Gary C Fischoff             United States Trustee
       Berger, Fischoff & Shumer, LLP   Long Island Federal Courthouse
       40 Crossways Park Drive         560 Federal Plaza - Room 560
       Woodbury, NY 11797           Central Islip, NY 11722-4437

D-AAS-32

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                       Chapter 7

    RICHARD KERN,                       Case No. 13-71700 (AST)

                           Debtor.
----------------------------------------------------------X

## ORDER APPROVING SALE OF THE DEBTOR'S ASSETS

Upon the Application dated April 11, 2014 (the "Application"), of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee"), of the estate Richard Kern, (the "Debtor"), by his attorneys, SilvermanAcampora LLP, seeking entry of an order authorizing and approving the sale of the Trustee's right, title and interest in and to certain of the Debtor's personal property, as described in the Application (the "Debtor's Property"), free and clear of all liens claims and encumbrances and security interests of record of whatever kind or nature (collectively, the "Liens"), with such Liens, if any, to attach to the proceeds of such sale in the priority and validity as they presently exist, except for the lien against the Boat (as defined in the Application), in accordance with 11 U.S.C. § 363, for the sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars (the "Purchase Price"); and upon the "Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale," dated April 11, 2014 (the "Notice of Sale") annexed to the Application as Exhibit D; and no objections to the sale having been filed; and upon the terms and conditions of the sale set forth in the Application (the "Sale"), and Sharon Kern (the "High Bidder") having submitted the highest and best offer for the Assets; and upon the Declaration of Sale, dated May 30, 2014, and upon the record of the hearing (the "Hearing") held before the undersigned on June 4, 2014, the transcript of which is incorporated by reference herein; and proper notice of the Application having been provided to all creditors and other parties of interest; and no opposition to the Application having been filed; and it being in the best interests of the estate and its creditors, it is hereby

D-AAS-33

**ORDERED**, that the Trustee is authorized to sell all of the estate's right, title and interest in and to the Debtor's Property to the High Bidder, or their designee or assignee, for $25,000, free and clear of the Liens, with such Liens, if any, to attach to the proceeds of the Sale in the priority and validity as they presently exist, <u>provided</u>, <u>however</u>, that the Boat is sold subject to the Lien of Keybank, USA, N.A.; and it is further

**ORDERED**, that notice of the Application and submission of the proposed form of this Order, along with the Notice of Sale, provided to the Debtor, the Debtor's counsel, the Office of the United States Trustee, all parties having filed notices of appearance, all creditors of the Debtor listed in its petition and schedules, and all entities that the Trustee believes may have an interest in submitting higher or better offers for the Assets, is deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required; and it is further

**ORDERED**, that the Trustee is authorized to do such things and execute such documents and expend such funds as may be necessary to consummate the Sale and effectuate the terms and conditions of this Order.



**Dated: June 16, 2014**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

D-AAS-34

8-13-71700-ast Richard Kern
Case type: bk Chapter: 7 Asset: Yes Vol: v Judge: Alan S Trust
Date filed: 04/03/2013 Date of last filing: 05/26/2015
Debtor discharged: 01/29/2014

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | Filed & Entered: | 04/03/2013 | Automatic docket of credit card/debit card |
| | Docket Text: Receipt of Voluntary Petition (Chapter 11)(8-13-71700) [misc,volp11a] (1213.00) Filing Fee. Receipt number 11118915. Fee amount 1213.00. (U.S. Treasury) | | |
| 1 | Filed & Entered: | 04/03/2013 | Voluntary Petition (Chapter 11) |
| | Docket Text: Chapter 11 Voluntary Petition Fee Amount $1213 Filed by Gary C Fischoff on behalf of Richard Kern Chapter 11 Plan due by 08/1/2013. Disclosure Statement due by 08/1/2013. (Attachments: # (1) 1073# (2) Acknowledgement) (Fischoff, Gary) | | |
| 2 | Filed & Entered: | 04/03/2013 | Certificate of Credit Counseling |
| | Docket Text: Certificate of Credit Counseling for Debtor Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) | | |
| 3 | Filed & Entered: | 04/03/2013 | Employee Income Records / Copies of Pay Statements |
| | Docket Text: Employee Income Records / Copies of Pay Statements Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) | | |
| 4 | Filed & Entered: | 04/03/2013 | Statement |
| | Docket Text: Limited Statement List of Creditors Holding 20 Largest Unsecured Claims Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) | | |
| 5 | Filed: Entered: | 04/03/2013 04/04/2013 | Deficient Filing Chapter 11 |
| | Docket Text: Deficient Filing Chapter 11 : Notice to Consumer Debtor under Section 342(b) Official Form B201B due by 4/17/2013. Debtor Affidavit-Local Rule 1007-4 schedule due 4/17/2013. Summary of Schedules due 4/17/2013. Statistical Summary of Certain Liabilities due 4/17/2013. Schedule I due 4/17/2013. Schedule J due 4/17/2013. Declaration Concerning Debtor(s) schedules due 4/17/2013. Statement of Current Monthly Income and Means Test (Chapter 11) due by 4/17/2013. Incomplete Filings due by 4/17/2013. (dhc) | | |
| | Filed & Entered: | 04/04/2013 | Prior Filings |
| | Docket Text: Prior Filings Case Number(s): 12-70048-ast (dhc) | | |

| | Filed & Entered: | 04/04/2013 | Judge Reassignment Utility |
|---|---|---|---|
| | | | Docket Text: Judge Dorothy Eisenberg removed from the case due to Prior Filing, Judge Reassigned. Judge Alan Trust added to the case. (dhc) |
| 6 | Filed & Entered: | 04/04/2013 | Meeting of Creditors Chapter 11 |
| | | | Docket Text: Meeting of Creditors 341(a) meeting to be held on 5/3/2013 at 09:00 AM at Room 562, 560 Federal Plaza, CI, NY. Last day to determine dischargeability of a debt under Section 523 is 7/2/2013. Deadline to object to discharge is the first date set for hearing on confirmation of plan. (dhc) |
| 7 | Filed: Entered: | 04/06/2013 04/07/2013 | BNC Certificate of Mailing - Meeting of Creditors |
| | | | Docket Text: BNC Certificate of Mailing - Meeting of Creditors Notice Date 04/06/2013. (Admin.) |
| 8 | Filed: Entered: | 04/06/2013 04/07/2013 | BNC Certificate of Mailing with Notice of Electronic Filing |
| | | | Docket Text: BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 04/06/2013. (Admin.) |
| 9 | Filed: Entered: | 04/06/2013 04/07/2013 | BNC Certificate of Mailing with Notice of Deficient Filing |
| | | | Docket Text: BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 04/06/2013. (Admin.) |
| 10 | Filed & Entered: | 04/08/2013 | Notice of Appearance |
| | | | Docket Text: Notice of Appearance and Request for Notice Filed by Jeffrey S Dubin on behalf of Sheet Metal Workers National Pension Funds and Trusts (Dubin, Jeffrey) |
| 11 | Filed & Entered: | 04/08/2013 | Notice of Appearance |
| | | | Docket Text: Notice of Appearance and Request for Notice Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts (Nanda, Doreen) |
| 12 | Filed & Entered: | 04/08/2013 | Notice of Appearance |
| | | | Docket Text: Notice of Appearance and Request for Notice Filed by Richard J McCord on behalf of M & T Mortgage Corporation (Attachments: # (1) Affidavit of Service) (McCord, Richard) |
| 13 | Filed: Entered: | 04/15/2013 04/16/2013 | Order Setting Last Day To File Proofs of Claim |
| | | | Docket Text: Order Setting Last Day To File Proofs of Claim. Signed on 4/15/2013 Proofs of Claims due by 6/21/2013. Government Proof of Claim due by 9/30/2013. (sld) |
| 14 | Filed: Entered: | 04/15/2013 04/16/2013 | Order on Scheduling Status Conference |
| | | | Docket Text: Order Scheduling Status Conference. Signed on 4/15/2013 Status hearing to be held on |

6/19/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. (sld)

| | | |
|---|---|---|
| 15 | Filed & Entered: 04/16/2013 Terminated: 10/31/2013 | Application to Employ |
| | Docket Text: Application to Employ Berger, Fischoff & Shumer, LLP as Attorney Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # (1) Affidavit with Attached Waiver# (2) Proposed Order) (Fischoff, Gary) | |
| 16 | Filed & Entered: 04/17/2013 | Notice of Appearance |
| | Docket Text: Notice of Appearance and Request for Notice Filed by GE Capital Retail Bank c/o Recovery Management Systems Corporation. (Singh, Ramesh) | |
| 17 | Filed & Entered: 04/17/2013 | Affidavit/Certificate of Service |
| | Docket Text: Affidavit/Certificate of Service of Notice of Deadline for Proofs of Claim Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)13 Order Setting Last Day To File Proofs of Claim) (Fischoff, Gary) | |
| 18 | Filed & Entered: 04/17/2013 | Affidavit/Certificate of Service |
| | Docket Text: Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)14 Order on Scheduling Status Conference) (Fischoff, Gary) | |
| 19 | Filed & Entered: 04/17/2013 | Schedule(s), Statement(s) and Affidavit LR1007-1(b) (No Fee) |
| | Docket Text: Schedule(s), Statement(s) and Affidavit LR1007-1(b) Statistical Summary of Certain Liabilities, Summary of Schedules Filed by Gary C Fischoff on behalf of Richard Kern (Attachments: # (1) Summary of Schedules# (2) Statistical Summary of Certain Liabilitys and Related Data# (3) Declaration Concerning Debtor's Schedules) (Fischoff, Gary) | |
| 20 | Filed & Entered: 04/17/2013 | Statement |
| | Docket Text: Statement Certification of Notice ot Consumer Debtor(s) under §342(b) of the Bankruptcy Code- Form B 201B Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) | |
| 21 | Filed & Entered: 04/17/2013 Terminated: 04/18/2013 | Motion to Extend Deadline to File Schedules |
| | Docket Text: Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # (1) Proposed Order) (Fischoff, Gary) | |
| | Filed & Entered: 04/18/2013 | Update / Set Deadlines (BK) |
| | Docket Text: Deadlines Updated / Set Statement of Current Monthly Income and Means Test (Chapter 11) due by 5/3/2013. Schedule I due 5/3/2013. Schedule J due 5/3/2013. (RE: related document(s)22 Order on Motion to Extend Deadline to File Schedules or Provide Required Information) (sld) | |

D-AAS-37

| 22 | Filed & Entered: | 04/18/2013 | Order on Motion to Extend Deadline to File Schedules or Provide Required Information |
|---|---|---|---|
| | Docket Text: Order Granting Motion To Extend Deadline to File Schedules and Provide Required Information Schedule I&J and Chapter 11 Statement of Current Monthly Income. (Related Doc # 21) Signed on 4/18/2013. Incomplete Filings due by 5/3/2013. (sld) ||||
| 23 | Filed & Entered: Terminated:01/10/2014 | 04/18/2013 | Motion to Sell |
| | Docket Text: Motion to Sell Property Free and Clear of Liens , in addition to Application to Employ Hickey & Smith and Daniel Gale Sothebys as Real Estate Brokers Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D) (Fischoff, Gary) ||||
| 23 | Filed & Entered: Terminated:01/10/2014 | 04/18/2013 | Application to Employ |
| | Docket Text: Motion to Sell Property Free and Clear of Liens , in addition to Application to Employ Hickey & Smith and Daniel Gale Sothebys as Real Estate Brokers Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D) (Fischoff, Gary) ||||
| 24 | Filed & Entered: Terminated:01/10/2014 | 04/18/2013 | Motion to Authorize/Direct |
| | Docket Text: Motion to Authorize/Direct Order Scheduling Expedited Hearing pursuant to Local Rule 9077-1(a) Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ). (Attachments: # (1) Proposed Order) (Fischoff, Gary) ||||
| 25 | Filed: 04/18/2013 Entered: 04/19/2013 | | BNC Certificate of Mailing with Notice of Status Conference Hearing |
| | Docket Text: BNC Certificate of Mailing with Notice of Status Conference Hearing Notice Date 04/18/2013. (Admin.) ||||
| 26 | Filed & Entered: | 04/19/2013 | Order to Schedule Hearing (Generic) |
| | Docket Text: Order to Schedule Hearing (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ). Signed on 4/19/2013Hearing scheduled for 5/1/2013 at 09:30 AM at Courtroom 960 (Alan Trust), CI, NY. By April 22, 2013 at 5:00 p.m., the Debtor's counsel must serve a copyof this Order together with the Emergency Motion. By April 22, 2013, at 5:00 p.m., the Debtor shall further serve via first class mail copies of this Order and the Emergency Motion on the remaining creditors of the Debtor; and applicable Federal and State taxing authorities by regular first class mail. The Debtor's counsel shall file a certificate of service of this Order andthe Emergency Motion with the Clerk of the Court by April 26, 2013 at 5:00 p.m.(sld) Modified on 5/1/2013 (sld). ||||
| 27 | Filed & Entered: | 04/22/2013 | Affidavit/Certificate of Service |
| | Docket Text: Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: ||||

D-AAS-38

related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ, 24 Motion to Authorize/Direct filed by Debtor Richard Kern, 26 Order to Schedule Hearing (Generic)) (Fischoff, Gary)

| 28 | Filed & Entered: | 04/22/2013 | Notice of Appearance |
|----|------------------|------------|----------------------|

Docket Text: Notice of Appearance and Request for Notice Filed by Mark S Gamell on behalf of Fidelity And Deposit Company of Maryland (Gamell, Mark)

| 29 | Filed & Entered: | 04/23/2013 | Notice of Appearance |
|----|------------------|------------|----------------------|

Docket Text: Notice of Appearance and Request for Notice Filed by William Aumenta on behalf of S.W. Anderson Sales Corporation (Aumenta, William)

| 30 | Filed & Entered: | 04/24/2013 | Affidavit |
|----|------------------|------------|-----------|

Docket Text: Affidavit Re: Rule 1007-4 Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary)

| 31 | Filed & Entered: | 04/26/2013 | Notice of Appearance |
|----|------------------|------------|----------------------|

Docket Text: Notice of Appearance and Request for Notice Filed by Danielle M Carney on behalf of Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds (Carney, Danielle)

| 32 | Filed & Entered: | 04/26/2013 | Notice of Appearance |
|----|------------------|------------|----------------------|

Docket Text: Notice of Appearance and Request for Notice Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (Roseman, Matthew)

| 33 | Filed & Entered: | 04/26/2013 | Affidavit/Certificate of Service |
|----|------------------|------------|----------------------------------|

Docket Text: Affidavit/Certificate of Service Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)32 Notice of Appearance filed by Creditor Hickey & Smith Realtors) (Roseman, Matthew)

| 34 | Filed & Entered: | 04/26/2013 | Notice of Appearance |
|----|------------------|------------|----------------------|

Docket Text: Notice of Appearance and Request for Notice Filed by Gini Elizabeth Varughese on behalf of OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TR UST COMPANY, NATIONAL ASSOCIAT ION FKA THE BANK OF NEW YORK T RUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUST EE FO (Varughese, Gini)

| 35 | Filed & Entered: | 04/26/2013 | Objection |
|----|------------------|------------|-----------|

Docket Text: Objection to Debtor's Application For an Order Authorizing the Sale of Debtor's and Non-Debtor Spouse's Property Filed by Mark S Gamell on behalf of Fidelity And Deposit Company of Maryland (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # 1 Affidavit of Patricia Schroeder in Opposition to Debtor's Application for Sale of Property

D-AAS-39

| | | # 2 Exhibit A to Schroeder Affidavit # 3 Exhibit B to Schroeder Affidavit # 4 Exhibit C to Schroeder Affidavit # 5 Exhibit D to Schroeder Affidavit # 6 Exhibit E to Schroeder Affidavit # 7 Exhibit F to Schroeder Affidavit) (Gamell, Mark) |
|---|---|---|
| 36 | Filed & Entered: 04/30/2013 | Objection |
| | | Docket Text: Objection to Debtor's Application for an Order Authorizing the Sale of Debtor's and Non-Debtor Spouse's Property Filed by Danielle M Carney on behalf of Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Carney, Danielle) |
| 37 | Filed & Entered: 04/30/2013 | Objection |
| | | Docket Text: Limited Objection to Debtor's Application for an Order Pursuant to Section 105 and 363(F) and (H) of the Bankruptcy Code Authorizing the Sale of the Debtors and Non-Debtors Spouses Residence Free and Clear of Liens, Claims and Encumbrances and Authorizing the Retention of the Real Estate Broker Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # 1 Exhibit Affidavit of Brian Hickey and Commission Agreement) (Roseman, Matthew) |
| 38 | Filed & Entered: 04/30/2013 | Affidavit/Certificate of Service |
| | | Docket Text: Affidavit/Certificate of Service Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)37 Objection filed by Creditor Hickey & Smith Realtors) (Roseman, Matthew) |
| 39 | Filed & Entered: 04/30/2013 | Objection |
| | | Docket Text: Objection to Debtor's Application for an Order Authorizing the Sale of Debtor's and Non-Debtor Spouse's Property Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # 1 So Ordered Settlement Stipulation # 2 Judgment # 3 Consent Judgment) (Nanda, Doreen) |
| | Filed & Entered: 05/01/2013 | Hearing Held and Adjourned (Document BK & AP) |
| | | Docket Text: Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorneys for Creditors and UST - (related document(s): [23] Motion to Sell filed by Richard Kern) - Evidentiary Hearing scheduled for 05/20/2013 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. (ymills) |
| | Filed & Entered: 05/01/2013 | Update Other Deadlines (AP) |
| | | Docket Text: Updated - Joint Pre haring Memorandum due by 5/16/2013. (ssw) |
| 40 | Filed & Entered: 05/01/2013 | Notice of Appearance |
| | | Docket Text: Notice of Appearance and Request for Notice Filed by Marc A Pergament on behalf of |

Thomas Rammelkamp (Attachments: # 1 Affidavit of Service) (Pergament, Marc)

| 41 | Filed & Entered: | 05/01/2013 | Affidavit/Certificate of Service |
|----|------|------|------|
| | Docket Text: Affidavit/Certificate of Service Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts (RE: related document(s)39 Objection filed by Creditor Sheet Metal Workers National Pension Funds and Trusts) (Nanda, Doreen) | | |
| 42 | Filed & Entered: | 05/01/2013 | Order to Schedule Hearing (Generic) |
| | Docket Text: Contested Matter Scheduling Order (RE: related document(s)35 Objection filed by Creditor Fidelity And Deposit Company of Maryland, 36 Objection filed by Creditor Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds, 37 Objection filed by Creditor Hickey & Smith Realtors, 39 Objection filed by Creditor Sheet Metal Workers National Pension Funds and Trusts). Signed on 5/1/2013. An evidentiary Hearing scheduled for 5/20/2013 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. Affidavit shall be filed with the Court no later than May 16,2013 at 12:00 p.m. Joint Prehearing Memorandum to be filed by May 16,2013 at 12:00 p.m. A statement confirming that the parties have exchanged copies of the exhibits, other than to be used for impeachment or rebuttal, no later than May 14, 2013 Failure to strictly comply with any of the provisions of the Order may result in the automatic entry of a dismissal, sanctions, a default, or other relief as the circumstanceswarrant, in accordance with Federal Rule of Civil Procedure 16, as incorporated by Federal Rules of Bankruptcy Procedure 7016 and 9014. (ssw) | | |
| 43 | Filed & Entered: | 05/02/2013 | Affidavit/Certificate of Service |
| | Docket Text: Affidavit/Certificate of Service Filed by Mark S Gamell on behalf of Fidelity And Deposit Company of Maryland (RE: related document(s)35 Objection filed by Creditor Fidelity And Deposit Company of Maryland) (Gamell, Mark) | | |
| 44 | Filed & Entered: | 05/03/2013 | Schedule(s), Statement(s) and Affidavit LR1007-1(b) (No Fee) |
| | Docket Text: Schedule(s), Statement(s) and Affidavit LR1007-1(b) Schedule I, Schedule J, Statistical Summary of Certain Liabilities, Summary of Schedules Filed by Gary C Fischoff on behalf of Richard Kern (Attachments: # 1 Schedule I # 2 Schedule J # 3 Summary of Schedules and Summary of Certain Liabilities and Related Data) (Fischoff, Gary) | | |
| 45 | Filed & Entered: | 05/03/2013 | Statement of Current Monthly Income (Means Test - Chapter 11) |
| | Docket Text: Statement of Current Monthly Income (Means Test - Chapter 11) . Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s) Update / Set Deadlines (BK)) (Fischoff, Gary) | | |
| 46 | Filed: | 05/03/2013 | BNC Certificate of Mailing with Application/Notice/Order |
| | Entered: | 05/04/2013 | |
| | Docket Text: BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/03/2013. (Admin.) | | |
| 47 | Filed & Entered: | 05/09/2013 | Letter |

D-AAS-41

| | | Docket Text: Letter confirming hearing scheduled by the Court for May 20, 2013 at 2:00 p.m. Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Fischoff, Gary) |
|---|---|---|
| 48 | Filed & Entered:   05/14/2013 Terminated:06/20/2013 | Application to Employ |
| | | Docket Text: Application to Employ Hickey & Smith Realtors as real estate brokers Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors. Hearing scheduled for 6/19/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Roseman, Matthew) Modified on 5/15/2013 (ymm) - DELETED HEARING ON OBJECTION IF ANY. |
| 49 | Filed & Entered:   05/17/2013 | Letter |
| | | Docket Text: Letter Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Fischoff, Gary) |
| | Filed & Entered:   05/20/2013 | Hearing Held and Adjourned (Document BK & AP) |
| | | Docket Text: Hearing Held and Adjourned; (related document(s): [23] Motion to Sell filed by Richard Kern) Hearing scheduled for 06/19/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. Appearance(s) by Attorney for Debtor, Attorneys for Creditors, Attorney for Interested Party and UST - MOTION GRANTED IN PART AS PER TERMS STATED ON THE RECORD - SUBMIT ORDER (ymills) |
| 50 | Filed & Entered:   05/20/2013 | Letter |
| | | Docket Text: Letter Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ, 49 Letter filed by Debtor Richard Kern) (Fischoff, Gary) |
| 51 | Filed & Entered:   05/22/2013 | Operating Report |
| | | Docket Text: Monthly Operating Report for Filing Period April 2013 Filed by Gary C Fischoff on behalf of Richard Kern (Attachments: # 1 Affidavit of Service) (Fischoff, Gary) |
| 52 | Filed & Entered:   05/24/2013 | Letter |
| | | Docket Text: Letter confirming that an adjorned hearing to consider the balance of the Debtor's motion to sell property has been scheduled by the Court for June 19, 2013 at 10:30 a.m. Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Fischoff, Gary) |
| 53 | Filed & Entered:   05/24/2013 | Generic Order |
| | | Docket Text: Ordered that the Debtor is authorized to enter into the Contract dated 4/8/2013, between the Debtor, Sharon Kern, the non-debtor spouse, as seller and Emil and Irene Moshkovich, as purchasers, for a sale price of $3,500,000.00 for the real property located at 50 Crane Neck Road, Old Field, NY, |

D-AAS-42

subject to further Order of the Court. A hearing will be held on 6/19/2013 at 10:30am to consider the remaining relief requested by the Debtor's motion (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ). Signed on 5/24/2013 (dhc)

| 54 | Filed & Entered: | 05/30/2013 | Notice of Appearance |

Docket Text: Notice of Appearance and Request for Notice Filed by Stuart P Gelberg on behalf of Sharon Kern (Attachments: # 1 Affidavit of Service) (Gelberg, Stuart)

| 55 | Filed & Entered: | 06/17/2013 | Operating Report |

Docket Text: Monthly Operating Report for Filing Period May 2013 Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary)

| 56 | Filed & Entered: | 06/18/2013 | Affidavit/Certificate of Service |

Docket Text: Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)55 Operating Report filed by Debtor Richard Kern) (Fischoff, Gary)

| 57 | Filed & Entered: | 06/18/2013 | Affidavit/Certificate of Service |

Docket Text: Affidavit/Certificate of Service Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)48 Application to Employ filed by Creditor Hickey & Smith Realtors) (Roseman, Matthew)

| | Filed & Entered: | 06/19/2013 | Hearing Held and Adjourned (Case Owned BK) |

Docket Text: Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST - Status hearing to be held on 06/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills)

| | Filed & Entered: | 06/19/2013 | Hearing Held and Adjourned (Document BK & AP) |

Docket Text: Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST (related document(s): [23] Motion to Sell filed by Richard Kern) Hearing scheduled for 06/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills)

| | Filed & Entered: | 06/19/2013 | Hearing Held and Adjourned (Document BK & AP) |

Docket Text: Hearing Held and Adjourned; (related document(s): [48] Application to Employ filed by Hickey & Smith Realtors) Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST - Hearing scheduled for 06/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills)

| 58 | Filed & Entered: | 06/19/2013 | Complaint |

Docket Text: Adversary case 8-13-08096. Complaint by Sheet Metal Workers' National Pension Fund, National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, International Training Institute For The Sheet Metal And Air

D-AAS-43

Conditioning Industry, National Stabilization Agreement Of The Sheet Metal Industry Fund against Richard Kern. Fee Amount $293. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))), (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)). (Attachments: # 1 Adversary Cover Sheet # 2 Summons in Adversary Proceeding) (Dubin, Jeffrey)

| 59 | Filed & Entered: 06/20/2013 Terminated:07/08/2013 | Motion to Approve Stipulation |
|----|----|----|
| | Docket Text: Motion to Approve Stipulation Filed by Gary C Fischoff on behalf of Richard Kern. Hearing scheduled for 6/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Attachments: # 1 Exhibit A- Proposed Stipulation) (Fischoff, Gary) | |
| 60 | Filed:      06/20/2013 Entered:   06/21/2013 | Order on Application to Employ |
| | Docket Text: Order Granting Application to Employ Hickey & Smith Realtors as the real estate brokers by the Debtors, as Debtors-in-Possession for the sale of 50 Crane Neck Road, Old Field, New York to Paul and Irene Moshkovich. In the event the contemplated transaction fails to close, H&S reserves its right to seek compensation for services that provided a benefit to the Debtors Estate. (Related Doc # 48) Signed on 6/20/2013. (sld) | |
| 61 | Filed & Entered:   06/21/2013 | Affidavit/Certificate of Service |
| | Docket Text: Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)59 Motion to Approve Stipulation filed by Debtor Richard Kern) (Fischoff, Gary) | |
| 62 | Filed & Entered:   06/26/2013 | Objection |
| | Docket Text: Objection Filed by Marie E Small on behalf of Office of Chief Counsel - IRS (RE: related document(s)59 Motion to Approve Stipulation filed by Debtor Richard Kern) (Small, Marie) | |
| 63 | Filed & Entered:   06/26/2013 | Response |
| | Docket Text: Response to the United States of America's Objection to Debtor's Motion Seeking Approval of the Stipulation of Settlement Filed by Tara Dawn McDevitt on behalf of Fidelity And Deposit Company of Maryland (RE: related document(s)62 Objection filed by Creditor Office of Chief Counsel - IRS) (Attachments: # 1 Exhibit A # 2 Exhibit B) (McDevitt, Tara) | |
| | Filed & Entered:   06/27/2013 | Hearing Held and Adjourned (Case Owned BK) |
| | Docket Text: Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorneys for Creditors and UST - Status hearing to be held on 08/07/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. (dcorsini) | |
| | Filed & Entered:   06/27/2013 | Hearing Held (Document BK & AP) |
| | Docket Text: Hearing Held; Appearance(s) by Attorney for Debtor, Attorney for Creditors and UST - Marked Off - (related document(s): [23] Motion to Sell filed by Richard Kern) (dcorsini) | |

D-AAS-44

| | | |
|---|---|---|
| Filed & Entered: | 06/27/2013 | Hearing Held (Document BK & AP) |

| | |
|---|---|
| Docket Text: Hearing Held; Appearances by Attorney for Debtor, Attorneys for Creditors and UST - Motion Granted as per terms stated on the record - Submit Order (related document(s): 59 Motion to Approve Stipulation filed by Richard Kern) (dcorsini) | |

| | | |
|---|---|---|
| 64 | Filed & Entered: 07/02/2013 | Notice of Proposed Stipulation |

| |
|---|
| Docket Text: Notice of Proposed Stipulation By and Between Debtor, non-debtor spouse, IRS, Hickey & Smith, Fidelity and Deposit Company of Maryland, and Purchasers to Sell Property located at 50 Crane Neck Road, Old Field, New York Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)59 Motion to Approve Stipulation filed by Debtor Richard Kern) (Fischoff, Gary) |

| | | |
|---|---|---|
| 65 | Filed & Entered: 07/08/2013 | Notice of Proposed Stipulation |

| |
|---|
| Docket Text: Amended Notice of Proposed Stipulation By and Between Debtor, non-debtor spouse, IRS, Hickey & Smith, Fidelity and Deposit Company of Maryland, and Purchasers to to Sell Property Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)59 Motion to Approve Stipulation filed by Debtor Richard Kern, 64 Notice of Proposed Stipulation filed by Debtor Richard Kern) (Fischoff, Gary) Modified for clarification on 7/8/2013 (srm). |

| | | |
|---|---|---|
| 66 | Filed & Entered: 07/08/2013 | Order on Motion to Approve Stipulation |

| |
|---|
| Docket Text: Order Granting Motion to Approve Stipulation for the Sale of the Debtor's Real Property Known as and Located at 50 Crane Neck Road, Old Field, New York and for the Distribution of the Proceeds. The stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived (Related Doc # 59 64 65). Signed on 7/8/2013. (dhc) |

| | | |
|---|---|---|
| 67 | Filed & Entered: 07/10/2013 | Notice of Proposed Stipulation |

| |
|---|
| Docket Text: Notice of Proposed Stipulation By and Between Debtor, non-debtor spouse, IRS, Hickey & Smith, Fidelity and Deposit Company of Maryland, and Purchasers to Modify Order dated July 8, 2013 Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)66 Order on Motion to Approve Stipulation) (Fischoff, Gary) |

| | | |
|---|---|---|
| 68 | Filed & Entered: 07/11/2013 | Generic Order |

| |
|---|
| Docket Text: Order that the Stipulation Modifying Order dated July 8, 2013, listed on thedocket as number 67 be and hereby is approved and that all of the terms and conditions of the Stipulation are approved. The stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, if applicable, be and hereby is waived.(RE: related document(s)66 Order on Motion to Approve Stipulation for the Sale of the Debtor's Real Property Known as and Located at 50 Crane Neck Road, Old Field, New York and for the Distribution of the Proceeds. The stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived ). Signed on 7/11/2013 (sld) |

| | | |
|---|---|---|
| 69 | Filed & Entered: 07/19/2013 | Letter |

D-AAS-45

| | | |
|---|---|---|
| | | Docket Text: Letter confirming the adjournment of the Status Conference Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)14 Status Conference) (Fischoff, Gary) Modified on 7/22/2013 (ymm). |
| [70](#) | Filed & Entered: 07/30/2013 | Statement |
| | | Docket Text: Statement Closing Statement for Sale of 50 Crane Neck Road, Old Field, New York Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) |
| | Filed: 08/07/2013 Entered: 08/08/2013 | Hearing Held and Adjourned (Case Owned BK) |
| | | Docket Text: Hearing Held and Adjourned; (related document(s): [14] Order on Scheduling Status Conference) Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST - Status hearing to be held on 10/23/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills) |
| | Filed & Entered: 08/16/2013 | Automatic docket of credit card/debit card |
| | | Docket Text: Receipt of Motion to Convert Case Chapter 11 to 7(8-13-71700-ast) [motion,mcnv117] ( 15.00) Filing Fee. Receipt number 11581709. Fee amount 15.00. (re: Doc# [71](#)) (U.S. Treasury) |
| [71](#) | Filed & Entered: 08/16/2013 Terminated:01/10/2014 | Motion to Convert Case Chapter 11 to 7 |
| | | Docket Text: ATTORNEY FILED A NEW MOTION INSTEAD OF A NEW NOTICE: Motion to Convert Case Chapter 11 to 7 Fee Amount $ 15. Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # [1](#) Application # [2](#) Proposed Order) (Fischoff, Gary) Modified on 8/22/2013 (sld). |
| [72](#) | Filed & Entered: 08/19/2013 | Exhibit |
| | | Docket Text: Exhibit Debtor's notarized Application Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)[71](#) Motion to Convert Case Chapter 11 to 7 filed by Debtor Richard Kern) (Fischoff, Gary) |
| [73](#) | Filed & Entered: 08/21/2013 Terminated:09/17/2013 | Motion to Convert Case Chapter 11 to 7 |
| | | Docket Text: Motion to Convert Case Chapter 11 to 7 Fee Amount $ 15. Filed by Gary C Fischoff on behalf of Richard Kern. Order to be presented for signature on 9/12/2013. (Attachments: # [1](#) Affidavit of Service) (Fischoff, Gary) |
| | Filed & Entered: 08/22/2013 | Automatic docket of credit card/debit card |
| | | Docket Text: Receipt of Motion to Convert Case Chapter 11 to 7(8-13-71700-ast) [motion,mcnv117] ( 15.00) Filing Fee. Receipt number Duplicate. Fee amount 15.00. (re: Doc# [73](#)) (del) |
| [74](#) | Filed & Entered: 08/22/2013 | Amended Schedule(s), Statement(s)and Affidavit LR1009-1(a) (No Fee) |
| | | Docket Text: Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) Schedule B, Filed by Gary |

D-AAS-46

| | | |
|---|---|---|
| | C Fischoff on behalf of Richard Kern (Fischoff, Gary) | |
| | Filed:     09/17/2013 <br> Entered:    09/18/2013 | Meeting of Creditors Chapter 7 No Asset |
| | Docket Text: Meeting of Creditors 341(a) meeting to be held on 10/22/2013 at 10:00 AM at Room 561, 560 Federal Plaza, CI, NY. Financial Management Certificate due by 12/23/2013. Last day to oppose discharge or dischargeability is 12/23/2013. (dhc) | |
| 75 | Filed & <br> Entered:    09/17/2013 | Notice of Appearance |
| | Docket Text: Notice of Appearance and Request for Notice Filed by Owen M Rumelt on behalf of Sheet Metal Workers National Pension Funds and Trusts (Attachments: # 1 Affidavit) (Rumelt, Owen) | |
| 76 | Filed:     09/17/2013 <br> Entered:    09/18/2013 | Order on Motion to Convert Case Chapter 11 to 7 |
| | Docket Text: Order Granting Motion to Convert Case Chapter 11 to 7). The Debtor shall file with the Court the schedule of post-petition debts required by Federal Rule of Bankruptcy Procedure 1019(5) so as to be received no later than 14 days from the date hereof. The Debtor shall file with the Court a final report and account required by Federal Rule of Bankruptcy Procedure 1019(5) so as to be received no later than 30 days from the date hereof. Trustee Kenneth P Silverman added to the case (Related Doc # 73. Signed on 9/17/2013. (dhc) | |
| 77 | Filed:     09/17/2013 <br> Entered:    09/18/2013 | Request for Notice - Meeting of Creditors Chapter 7 No Asset |
| | Docket Text: Request for Notice - Meeting of Creditors Chapter 7 No Asset (dhc) | |
| 78 | Filed & <br> Entered:    09/18/2013 | Notice Appointing Trustee on Conversion |
| | Docket Text: INCORRECT HEARING DATE ON NOTICE: Notice of Appointment of Trustee on Conversion . Kenneth P. Silverman appointed. Filed by United States Trustee. (Black, Christine) Modified on 9/18/2013 (sld). | |
| 79 | Filed & <br> Entered:    09/18/2013 | Notice Appointing Trustee on Conversion |
| | Docket Text: Notice of Appointment of Trustee on Conversion . Kenneth P. Silverman appointed. Filed by United States Trustee. (Black, Christine) | |
| 80 | Filed:     09/20/2013 <br> Entered:    09/21/2013 | BNC Certificate of Mailing - Meeting of Creditors |
| | Docket Text: BNC Certificate of Mailing - Meeting of Creditors Notice Date 09/20/2013. (Admin.) | |
| 81 | Filed & <br> Entered:    10/15/2013 | Statement |
| | Docket Text: ATTORNEY ADVISED TO FILE ON ADVERSARY CASE. Statement Plaintiffs' Statement Filed by Jeffrey S Dubin on behalf of Sheet Metal Workers National Pension Funds and Trusts (Dubin, Jeffrey) Modified on 10/16/2013 (dhc). | |
| 82 | Filed & <br> Entered:    10/15/2013 | Affidavit/Certificate of Service |

D-AAS-47

Docket Text: ATTORNEY ADVISED TO FILE ON ADVERSARY. Affidavit/Certificate of Service Filed by Jeffrey S Dubin on behalf of Sheet Metal Workers National Pension Funds and Trusts (RE: related document(s)81 Statement filed by Creditor Sheet Metal Workers National Pension Funds and Trusts) (Dubin, Jeffrey) Modified on 10/16/2013 (dhc).

| 83 | Filed & Entered: | 10/16/2013 | Notice of Appearance |
|----|----|----|----|

Docket Text: ENTERED ON WRONG CASE TO BE ENTERED ON 8-13-08096-ast: Notice of Appearance and Request for Notice Filed by Amy E Lucas-Strang on behalf of Sheet Metal Workers National Pension Funds and Trusts (Lucas-Strang, Amy) Modified on 10/17/2013 (sld).

| 84 | Filed & Entered: Terminated: | 10/28/2013 10/29/2013 | Application to Employ |
|----|----|----|----|

Docket Text: Application to Employ SilvermanAcampora LLP as Attorneys for the Chapter 7 Trustee Filed by Kenneth P Silverman on behalf of Kenneth P Silverman. (Attachments: # 1 Proposed Order) (Silverman, Kenneth)

| 85 | Filed & Entered: | 10/29/2013 | Order on Application to Employ |
|----|----|----|----|

Docket Text: Order Granting Application to Employ SilvermanAcampora for the Trustee as his attorneys under a general retainer effective as of September 18, 2013. (Related Doc # 84) Signed on 10/29/2013. (sld)

| 86 | Filed & Entered: | 10/31/2013 | Order on Application to Employ |
|----|----|----|----|

Docket Text: Order Granting Application to Employ Berger, Fischoff & Shumer, LLP nunc pro tunc to April 3, 2013. If Berger, Fischoff & Shumer, LLP increases its usual hourly rate pursuant to the terms of its retainer agreement, it shall notify, in writing, the Office of the United States Trustee and the Court of such change.(Related Doc # 15) Signed on 10/31/2013. (sld)

| 87 | Filed & Entered: | 11/05/2013 | Letter |
|----|----|----|----|

Docket Text: Letter in regards of Substitution of Attorney Tammy Terrell Benoza of FEIN, SUCH & CRANE, LLP in place of Gini E. Varughese Filed by Tammy L Terrell Benoza on behalf of OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TR UST COMPANY, NATIONAL ASSOCIAT ION FKA THE BANK OF NEW YORK T RUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUST EE FO (Terrell Benoza, Tammy)

| 88 | Filed & Entered: | 11/07/2013 | Complaint |
|----|----|----|----|

Docket Text: Adversary case 8-13-08177. Complaint by Sheet Metal Workers Local 28 Benefit Funds against Richard Kern. Fee Amount $293. Nature(s) of Suit: (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)), (68 (Dischargeability - 523(a)(6), willful and malicious injury)). (Attachments: # 1 Summons # 2 Adversay Proceeding Cover Sheet # 3 Certificate of Service) (Carney, Danielle)

D-AAS-48

| 89 | Filed & Entered: | 11/18/2013 | Notice of Change of Address |
|---|---|---|---|
| | Docket Text: Notice of Change of Address of Richard Kern from 50 Crane Neck Road, Setauket, NY 11733 to 9 Avalon Court, Smithtown, NY 11787. Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) | | |
| 90 | Filed & Entered: 11/20/2013 Terminated: 01/16/2014 | | Motion to Withdraw as Attorney |
| | Docket Text: Motion to Withdraw as Attorney Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts. (Nanda, Doreen) | | |
| | Filed & Entered: | 12/02/2013 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 12/18/2013 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | | |
| 91 | Filed & Entered: | 12/10/2013 | Notice of Appearance |
| | Docket Text: Notice of Appearance and Request for Notice Filed by Dana L Henke on behalf of Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds (Henke, Dana) | | |
| | Filed & Entered: | 12/20/2013 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 1/22/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | | |
| 92 | Filed & Entered: | 12/23/2013 | Complaint |
| | Docket Text: Adversary case 8-13-08192. Complaint by Frank H Finkel et al against Richard Kern. Fee Amount $293. Nature(s) of Suit: (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)), (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))). (Hock, David) Modified on 12/26/2013 (amp). | | |
| 93 | Filed & Entered: | 01/16/2014 | Notice of No Financial Management Certificate |
| | Docket Text: Notice of No Financial Management Certificate before Discharge for Debtor . (sld) | | |
| 94 | Filed: 01/18/2014 Entered: 01/19/2014 | | BNC Certificate of Mailing with Notice of No Financial Management Certificate |
| | Docket Text: BNC Certificate of Mailing with Notice of No Financial Management Certificate Notice Date 01/18/2014. (Admin.) | | |
| | Filed & Entered: | 01/24/2014 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 2/24/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | | |
| 95 | Filed & | 01/24/2014 | Debtor's Certification of Completion of Postpetition Instructional Course and/or |

D-AAS-49

| | | |
|---|---|---|
| | Entered: | Certificate of Financial Management Course |

| | | |
|---|---|---|
| | Docket Text: Debtor's Certification of Postpetition Completion of Instructional Course and/or Certificate of Financial Management Course Filed for Debtor. Debtor Certificate Number: 01401-NYE-DE-022650085 Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s) Meeting of Creditors Chapter 7 No Asset) (Fischoff, Gary) | |

| [96](#) | Filed & Entered: | 01/29/2014 | Order Discharging Debtor(s) |
|---|---|---|---|

| | | |
|---|---|---|
| | Docket Text: Order Discharging Debtor. Signed on 1/29/2014 (sld) | |

| [97](#) | Filed: 01/31/2014 Entered: 02/01/2014 | BNC Certificate of Mailing with Order of Discharge |
|---|---|---|

| | | |
|---|---|---|
| | Docket Text: BNC Certificate of Mailing with Order of Discharge Notice Date 01/31/2014. (Admin.) | |

| | Filed & Entered: | 02/07/2014 | Trustee's Discovery of Assets |
|---|---|---|---|

| | | |
|---|---|---|
| | Docket Text: Trustee's Discovery of Assets Filed by Kenneth P Silverman. (Silverman, Kenneth) | |

| [98](#) | Filed & Entered: | 02/08/2014 | Notice of Discovery of Assets |
|---|---|---|---|

| | | |
|---|---|---|
| | Docket Text: Notice of Discovery of Assets Proofs of Claims due by 05/09/2014. (Admin) | |

| [99](#) | Filed: 02/12/2014 Entered: 02/13/2014 | BNC Certificate of Mailing with Notice of Discovery of Assets |
|---|---|---|

| | | |
|---|---|---|
| | Docket Text: BNC Certificate of Mailing with Notice of Discovery of Assets Notice Date 02/12/2014. (Admin.) | |

| | Filed & Entered: | 02/26/2014 | Statement Adjourning 341(a) Meeting of Creditors |
|---|---|---|---|

| | | |
|---|---|---|
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 3/24/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. Appearance not required. (Silverman, Kenneth) | |

| [100](#) | Filed & Entered: | 03/18/2014 | Motion to Set Last Day to File Administrative Proofs of Claim |
|---|---|---|---|

| | | |
|---|---|---|
| | Docket Text: Motion to Set Last Day to File Administrative Proofs of Claim /Trustee's Application for Order Fixing Bar Date for Filing of Requests for the Payment of Administrative Expenses Arising Prior to Conversion of the Debtor's Chapter 11 Case. Objections to be filed on 3/28/2014. Filed by Robert Nosek on behalf of Kenneth P Silverman. Order to be presented for signature on 4/4/2014. (Attachments: # [1](#) Exhibit 1 - Proposed Order (together with Proposed Notice and Proposed Proof of Claim Form) # [2](#) Affidavit of Service) (Nosek, Robert) | |

| | Filed & Entered: | 03/27/2014 | Statement Adjourning 341(a) Meeting of Creditors |
|---|---|---|---|

| | | |
|---|---|---|
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 4/23/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required by the Debtor(s). (Silverman, Kenneth) | |

| [101](#) | Filed & | 03/27/2014 | Letter |
|---|---|---|---|

| | | |
|---|---|---|
| | Entered: | |
| | Docket Text: Letter in regards to withdrawing the Notice of Appearance Filed by Tammy L Terrell Benoza on behalf of OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TR UST COMPANY, NATIONAL ASSOCIAT ION FKA THE BANK OF NEW YORK T RUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUST EE FO (RE: related document(s)87 Letter filed by Creditor OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TR UST COMPANY, NATIONAL ASSOCIAT ION FKA THE BANK OF NEW YORK T RUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUST EE FO) (Terrell Benoza, Tammy) | |
| 102 | Filed:　　04/09/2014<br>Entered:　04/10/2014 | Order Setting Last Day To File Administrative Proofs of Claim |
| | Docket Text: Order Setting Last Day To File Administrative Proofs of Claim. June 13, 2014 at 4:00 p.m. is the last date and time by which all entities, including all individuals, partnerships, corporations, estates, trusts and governmental units, must file their requests for payment of administrative expenses arising during the Chapter 11 Period with supporting documentation. The Trustee is, directed to send a copy of the Notice, along with a Proof of Claim form, no later than sixty (60) days prior to the Administrative Claims Bar Date. Signed on 4/9/2014 Administrative Proof of Claims due by 6/13/2014. (Attachments: # 1 Exhibit) (sld) | |
| 103 | Filed &<br>Entered:　04/10/2014 | Affidavit/Certificate of Service |
| | Docket Text: Affidavit/Certificate of Service of Notice of Last Day to File Requests for Payment of Administrative Expenses Arising During the Chapter 11 Period of the Debtors' Case Filed by Robert Nosek on behalf of Kenneth P Silverman (RE: related document(s)102 Order Setting Last Day To File Administrative Proofs of Claim) (Nosek, Robert) | |
| 104 | Filed &<br>Entered:　04/11/2014<br>Terminated:06/13/2014 | Motion for Sale of Property under Sec. 363(b) |
| | Docket Text: Motion for Sale of Property under Sec. 363(b) /Trustee's Motion for Entry of Order: (1) Authorizing the Trustee to Sell Certain of the Debtor's Non-Exempt Assets to Sharon Kern Free and Clear of Liens, Subject to Higher and Better Offers; and (2) Granting Such Other, Further and Different Relief as Just and Proper. Objections to be filed on May 28, 2014 at 5:00 p.m.. Filed by Robert Nosek on behalf of Kenneth P Silverman. Hearing scheduled for 6/4/2014 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Attachments: # 1 Exhibit A: Proposed Order # 2 Exhibit B: Coin List # 3 Exhibit C: Offer Letter from Stuart P. Gelberg # 4 Exhibit D: Notice of Sale # 5 Appendix Affidavit of Service) (Nosek, Robert) | |
| 105 | Filed &<br>Entered:　04/14/2014 | Amended Notice of Motion/Presentment |
| | Docket Text: Amended Notice of Motion/Presentment . Objections to be filed on 5/27/2014. Filed by Robert Nosek on behalf of Kenneth P Silverman (RE: related document(s)104 Motion for Sale of Property under Sec. 363(b) filed by Trustee Kenneth P Silverman) Hearing scheduled for 6/3/2014 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Attachments: # 1 Exhibit D - Amended Notice of Sale # 2 Affidavit of Service) (Nosek, Robert) | |

| | Filed & Entered: | 04/25/2014 | Statement Adjourning 341(a) Meeting of Creditors |
|---|---|---|---|
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 5/19/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless directed by the Chapter 7 Trustee. (Silverman, Kenneth) | | |
| | Filed & Entered: | 05/19/2014 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 6/23/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless otherwise directed by the Chapter 7 Trustee. (Silverman, Kenneth) | | |
| [106](#) | Filed & Entered: Terminated:06/03/2014 | 05/27/2014 | Application to Employ |
| | Docket Text: Application to Employ Paritz & Company, P.A. as Accountant /Trustee's Application for an Order Authorizing Retention of Accountants for the Estate Filed by Robert Nosek on behalf of Kenneth P Silverman. (Attachments: # [1](#) Proposed Order # [2](#) Accountants' Affidavit of Disinterestedness) (Nosek, Robert) | | |
| [107](#) | Filed & Entered: | 05/30/2014 | Affirmation in Support |
| | Docket Text: Affirmation in Support /Declaration of Robert Nosek in Support of the Entry of an Order Approving the Chapter 7 Trustee's Sale of Certain of the Debtor's Non-Exempt Assets to Sharon Kern, the Stalking Horse Offeror, as Having Tendered the Highest and Best Offer for the Assets Filed by Robert Nosek on behalf of Kenneth P Silverman (RE: related document(s)[104](#) Motion for Sale of Property under Sec. 363(b) filed by Trustee Kenneth P Silverman, [105](#) Amended Notice of Motion/Presentment filed by Trustee Kenneth P Silverman) (Nosek, Robert) | | |
| | Filed & Entered: | 06/03/2014 | Hearing Held (Document BK & AP) |
| | Docket Text: Hearing Held; (related document(s): [104] Motion for Sale of Property under Sec. 363(b) filed by Kenneth P Silverman) Appearance(s) by David Mahoney - MOTION GRANTED - ORDER SUBMITTED (ymills) | | |
| [108](#) | Filed & Entered: | 06/03/2014 | Order on Application to Employ |
| | Docket Text: Order Granting Application to Employ Paritz & Company, P.A. is retained effective as of May 23, 2014, to act as general accountants for the Trustee and the estate. An appropriate application for payment of interim and finalcompensation for the services rendered by Paritz will be brought before this Court prior to the remittance by the Trustee of the fees and expenses incurred by Paritz. (Related Doc # [106](#)) Signed on 6/3/2014. (sld) | | |
| | Filed & Entered: | 06/11/2014 | Close Adversary Case |
| | Docket Text: Adversary Case 8:13-ap-8192 Closed (sld) | | |
| [109](#) | Filed & | | Order on Motion for Sale of Property under Sec. 363(b) |

D-AAS-52

| | Entered:    06/16/2014 | |
|---|---|---|
| | Docket Text: Order Granting Motion for Sale of Property under Sec. 363(b) that the Trustee is authorized to sell all of the estates right, title and interest in and to the Debtors Property to the High Bidder, or their designee or assignee, for $25,000, free and clear of the Liens, with such Liens, if any, to attach to the proceeds of the Sale in the priority and validity as they presently exist, provided, however, that the Boat is sold subject to the Lien of Keybank, USA, N.A. Notice of the Application and submission of the proposed form of thisOrder, along with the Notice of Sale, provided to the Debtor, the Debtors counsel, the Office of the United States Trustee, all parties having filed notices of appearance, all creditors of the Debtor listed in its petition and schedules, and all entities that the Trustee believes may have an interest insubmitting higher or better offers for the Assets, is deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required. (Related Doc 104) Signed on 6/16/2014. (sld) Modified on 6/16/2014 (sld). | |
| | Filed & Entered:    06/25/2014 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 7/23/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless otherwise directed by the Chapter 7 Trustee. (Silverman, Kenneth) | |
| | Filed & Entered:    08/20/2014 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 9/12/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless otherwise directed by the Chapter 7 Trustee. (Silverman, Kenneth) | |
| | Filed & Entered:    09/12/2014 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 10/24/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| 110 | Filed & Entered:    09/25/2014 | Notice of Change of Address |
| | Docket Text: Notice of Change of Address of Richard Kern from 9 Avalon Court, Smithtown, NY 11787 to 4 Daremy Court, Lake Grove, NY 11755. Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) | |
| | Filed & Entered:    10/24/2014 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 11/21/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| | Filed & Entered:    11/21/2014 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 12/16/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| | Filed & Entered:    12/15/2014 | Statement Adjourning 341(a) Meeting of Creditors |

D-AAS-53

| | | |
|---|---|---|
| | | Entered: |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 1/12/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| | Filed & Entered:   01/02/2015 | Automatic docket of credit card/debit card |
| | Docket Text: Receipt of Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) (Fee Due)(8-13-71700-ast) [misc,aschsfa] ( 30.00) Filing Fee. Receipt number 13051512. Fee amount 30.00. (re: Doc# 111) (U.S. Treasury) | |
| 111 | Filed & Entered:   01/02/2015 | Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) (Fee Due) |
| | Docket Text: Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) Schedule F, Fee Amount $30 Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) | |
| | Filed & Entered:   01/12/2015 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 2/23/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| 112 | Filed & Entered:   01/22/2015 | Complaint |
| | Docket Text: Adversary case 8-15-08011. Complaint by Richard L Stern against Richard Kern. Receipt Number deferred, Fee Amount $350. Nature(s) of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)), (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)), (14 (Recovery of money/property - other)). (Attachments: # 1 Adversary Cover Sheet) (Kantrow, Fred) | |
| | Filed & Entered:   02/23/2015 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 3/9/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| | Filed & Entered:   03/09/2015 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 4/27/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| 113 | Filed & Entered:   03/31/2015 | Letter |
| | Docket Text: Letter to Jeffrey S. Dubin regarding Secured Claim Filed by Robert Nosek on behalf of Kenneth P Silverman (Nosek, Robert) | |
| 114 | Filed & Entered:   03/31/2015 | Letter |
| | Docket Text: Letter to Dana L. Henke regarding Secured Claim Filed by Robert Nosek on behalf of Kenneth P Silverman (Nosek, Robert) | |
| 115 | Filed & | Letter |

D-AAS-54

| | Entered:      04/01/2015 | |
|---|---|---|
| | Docket Text: Letter to Scott D. Fink regarding Secured Claim Filed by Robert Nosek on behalf of Kenneth P Silverman (Nosek, Robert) | |
| | Filed & Entered:      04/27/2015 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 5/26/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |
| | Filed & Entered:      05/26/2015 | Statement Adjourning 341(a) Meeting of Creditors |
| | Docket Text: Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 6/22/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) | |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/01/2015 17:29:57 | | | |
| PACER Login: | jml11034:2760346:0 | Client Code: | All Around Spiral, Inc. |
| Description: | History/Documents | Search Criteria: | 8-13-71700-ast Type: History Docket Text: DisplayDktText |
| Billable Pages: | 16 | Cost: | 1.60 |

D-AAS-55

Exhibit 16

The Law Offices of Avrum J. Rosen, PLLC
Counsel to Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

PRESENTMENT DATE: **7/30/14**
HEARING DATE: **TBD**

------------------------------------------------------------x
In re:

     COOL SHEETMETAL INC.,

              Debtor.

Chapter 7
Case No.: 13-74652-ast

------------------------------------------------------------x

**NOTICE OF TRUSTEE'S APPLICATION SEEKING AN ORDER PURSUANT TO SECTIONS 363(a), 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL THE DEBTOR'S MACHINERY AND EQUIPMENT TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER;  (3) APPROVING CERTAIN BIDDING PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING**

     **PLEASE TAKE NOTICE THAT** Richard L. Stern, the Chapter 7 Trustee (the "Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his attorneys, The Law Offices of Avrum J. Rosen, PLLC, shall move by Notice of Presentment, before the Hon. Alan S. Trust, United States Bankruptcy Judge, on **JULY 30, 2014 at 9:30 a.m.** or as soon thereafter as counsel may be heard, for the entry of an Order of this Court pursuant to Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States Code, (the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the Trustee's sale of the Debtor's Machinery and Equipment as that term is defined pursuant to the schedule annexed to the Trustee's Motion (the "Equipment") at public auction , free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of the

D-AAS-173

sale for good and valuable consideration, substantially in accordance with the terms and conditions set forth herein to the bidder with the highest and best offer to be considered and approved by the Court at said hearing; (ii) scheduling a hearing to approve of the sale of the Equipment to the successful bidder; (iii) approving terms and conditions for submitting offers and approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 in Courtroom 960.

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Application must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with any Administrative Order of the Court, by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word, DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers, and be served in accordance with any Administrative Order of the Court, and upon (i) The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743; and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722; so as to be received by no later than 4:00 p.m. on July 23, 2014.

 **PLEASE BE ADVISED THAT IF AN OBJECTION IS TIMELY FILED TO THE RELIEF REQUESTED, OR IF THE COURT DETERMINES THAT A HEARING IS APPROPRIATE, THE COURT WILL SCHEDULE A HEARING.  NOTICE OF SUCH HEARING WILL BE PROVIDED BY THE APPLICANT.**

Dated: Huntington, New York
July 1, 2014

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Trustee

BY:    S/Fred Kantrow
       Fred Kantrow
       38 New Street
       Huntington, New York 11743
       631 423 8527
       Fkantrow@avrumrosenlaw.com

The Law Offices of Avrum J. Rosen, PLLC
Counsel to Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

        COOL SHEETMETAL INC,              Chapter 7
                                        Case No.: 13-74652-ast

                     Debtor.
------------------------------------------------------------x

## TRUSTEE'S APPLICATION SEEKING AN ORDER PURSUANT TO SECTIONS 363(a), 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE THE DEBTOR'S MACHINERY AND EQUIPMENT; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER;  (3) APPROVING CERTAIN BIDDING PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING

       Richard L. Stern, the Interim Chapter 7 Trustee (the "Trustee") for the Estate of Cool

Sheetmetal, the Debtor (the "Debtor"), by and through his attorneys, The Law Offices of Avrum

J. Rosen, PLLC, hereby seeks an Order of this Court pursuant to Sections 363(a), 363(b), 363(f)

and 363(m) of Title 11 of the United States Code, (the "Bankruptcy Code") and Rules 2002,

6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i)

authorizing the Trustee's sale of the Debtor's machinery and equipment, as further defined on the

schedule annexed hereto (the "Equipment") at public auction , free and clear of all liens, claims,

encumbrances and other interests with such liens, claims, encumbrances and other interests to

attach to the proceeds of the sale for good and valuable consideration, substantially in accordance

with the terms and conditions set forth herein to the bidder with the highest and best offer to be

D-AAS-176

considered and approved by the Court at said hearing; (ii) scheduling a hearing to approve of the sale of the Equipment to the successful bidder; (iii) approving terms and conditions for submitting offers and approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

## VENUE

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATUTORY AUTHORITY

3.      The statutory predicates for the relief sought in this Motion are Sections 363(a), 363(b), 363(f) and 363(m) of the Bankruptcy Code, and Rules 2002, 6004 and 9004 of the Bankruptcy Rules.

## BACKGROUND

4.      On September 9, 2013, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. By Order dated May 30, 2014, the instant case was converted from one under chapter 11 to one under chapter 7. Richard L. Stern was appointed the interim Trustee.

5.      According to the Debtor's petition and schedules, the Debtor is in possession of certain Equipment, which Equipment includes . The Trustee has retained David R. Maltz & Co., Inc., ("Maltz") pursuant to an Order of this Court, to assist him in liquidating the Debtor's

2

Equipment for the benefit of the creditors of this estate.  To that end, Maltz has already conducted a physical inspection of the Debtor's Equipment which remains at the Debtor's location.

## BASIS FOR RELIEF

6.      Section 363(b) of the Bankruptcy Code provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business.  *See, e.g., Licensing By Paolo, Inc., v. Sinatra (In re Gucci),* 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

7.      Here, sound business reasons exist to justify selling the Equipment at an Auction Sale.  Indeed, allowing the Trustee to proceed with the proposed Auction Sale shall maximize return to the creditors of this estate by selling the Debtor's assets which have value.

8.      As stated herein, the Trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

(1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)      such entity consents;

(3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate vale of all liens on such property;

3

D-AAS-178

(4)     such interest is in *bona fide* dispute; or

(5)     such entity may be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

9.      Since section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements shall suffice to approve the sale of the Property free and clear of liens, claims, encumbrances and interests. *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n.24 (6th Cir. 1991) (recognizing that Bankruptcy Code section 363(f) is written in the disjunctive, and holding that the court may approve a sale "free and clear" provided that at least one subsection of section 363(f) is met.) *See, also, In re Elliot,* 94 B.R. 343, 345 (Ed. Pa. 1988).

10.     As the Trustee has conducted an inquiry as to whether there are any validly perfected security interests encumbering the Equipment, and determined that there are none, the Trustee submits that the Trustee's intended sale of the property is in accordance with the provisions of section 363 of the Bankruptcy Code.[1]

11.     The starting bid for the sale of the Equipment shall be determined by the Trustee in consultation with his retained professionals.

12.     By virtue of the foregoing, it is respectfully requested that this Court authorize the Trustee to sell the Equipment free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of sale

---

[1] The Trustee has made numerous demands upon counsel to M&T Bank, which originally indicated that it held a security interest in the Equipment. To date, the Trustee has not been provided with any documents which would allow him to conclude that M&T Bank is in fact a secured creditor as to the Equipment.

4

D-AAS-179

pursuant to Section 363(b), (f) and (m) of the Bankruptcy Code.   The subject Equipment shall be sold "as is" with all faults.  The Trustee makes no representations whatsoever as to the status or condition of any of the Equipment

## REQUESTED RELIEF

13.    The Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto:

    (a)    Approving the terms, conditions and procedures for the Trustee's sale of the Estate's interest in the Equipment to the bidder making the highest and best offer;

    (b)    Approving the bidding procedures set forth more fully below;

    (c)    Approving the manner and extent of notice of the auction sale, if any;

    (d)    Allowing the Trustee to sell the Estate's interest in the Equipment free and clear of all liens, claims. encumbrances and interests with such liens, claims, encumbrances and interests, if any to attach to the proceeds; and

    (e)    Granting such other relief and further relief as is just and proper under the circumstances.

## BIDDING PROCEDURES

14.    The Trustee proposes and seeks Court approval of the following bidding procedures for any third party wishing to submit a bid for the Estate's interest in the Equipment at an auction sale to be conducted by the Trustee's Court appointed auctioneer:

    (A)    The following constitutes the terms and conditions of sale of the Equipment.

D-AAS-180

(B)    Prior to the commencement of the auction sale, any and all prospective

bidders must deliver a certified or bank check payable to the order of The

Law Offices of Avrum J. Rosen, PLLC, as attorneys to the Trustee, in an

amount at least equal to $5,000.00. Said certified or bank check(s) shall

be held as a good faith deposit. At the conclusion of the auction sale,

should any party who has posted a deposit not be deemed the successful

bidder, then said certified or bank check(s) shall be returned to that bidder

within two (2) business days after the closing of sale to the successful

bidder.

(C)    In the event that a successful bidder has posted a deposit by certified or

bank check but has failed to close on the transaction within twenty (20)

days of the entry of an order approving such sale, unless the Trustee shall

extend said time, said amount shall be forfeited and shall constitute

liquidated damages for the bidder's failure to close.

(D)    All subsequent bids to the initial bid shall be in increments of $1,000.00 as

to a bid for the Equipment.

(E)    The balance of the purchase price for the successful bidder shall be

required to be delivered to counsel for the Trustee at the closing of the sale

which closing shall occur no later than twenty (20) days subsequent to the

entry of an Order by the Bankruptcy Court approving the sale or at such

later time as the Trustee, in his discretion may decide. The successful

bidder's failure to pay the balance of the purchase price at the closing shall

6

result in a forfeiture of the deposit.

(F)    In the event that the highest bidder for the Equipment fails to tender payment of the balance of the purchase price by the time of closing, the Trustee in his sole discretion shall be authorized to sell the Equipment to the second highest bidder without any further notice or approval of the Bankruptcy Court and the Trustee shall retain any down payment of the highest bidder as liquidated damages.

(G)    Should the second bidder fail to close on the Equipment, the Trustee shall be authorized to sell the Equipment to the next highest bidder without any further notice or approval of the Bankruptcy Court and the Trustee shall retain any down payment of the next highest bidder as liquidated damages.

(H)    It is understood that the Equipment of this estate are being sold as is, without any representation or warranty whatsoever.  All bidders, if they so request, shall have the opportunity to review the Equipment and the Bidder shall rely solely on their independent investigation and inspection of the Equipment when making their bid.

(I)    The Trustee shall convey the Equipment in accordance with a contract provided by the prospective purchaser and any successful bidder must agree to enter into a contract of sale similar to the contract of sale provided by the Trustee at the auction sale.

(J)    David R. Maltz & Co., Inc. has been retained by an Order of the Bankruptcy Court and shall be entitled to be paid those commissions as

D-AAS-182

provided for by the Local Rules for the Eastern District of New York, upon notice and proper motion to the Bankruptcy Court.

(K)     All Equipment shall be delivered at its present location and the successful bidder shall be solely responsible for the costs associated with removal of the equipment from its current location.  The Trustee and his retained professionals shall not be responsible for removal and delivery of the Equipment from its current location.

(L)     Nothing contained in these terms and conditions of sale/bidding procedures are intended to supercede or alter any provisions of the United States Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court.  The Trustee reserves the right to modify the terms and conditions of the sale at the auction and thereafter consistent with the provisions of the Bankruptcy Code and the Orders of this Court.

(M)     The terms and conditions of sale/bidding procedures shall be read into the record or specifically incorporated by reference at the auction of the Equipment.  By making a bid for the Equipment, all bidders shall be deemed to have acknowledged that they have read these terms and conditions of sale/bidding procedures and agree to be bound by them.

## SUMMARY OF THE PROPOSED CONTRACT OF SALE

15.     The successful bidder shall enter into a contract of sale of the Equipment with the Trustee and a summary of the terms of the contract of sale are set forth below.

16.     Seller is Richard L. Stern, the Chapter 7 Trustee herein.

8

17. <u>Proposed Purchaser</u> is the bidder with the highest and best offer.

18. <u>Property Description</u> is the Equipment as described herein.

19. <u>Conveyance</u> is in "all as presently exists" in "as is" "where is"condition "with all faults". The Trustee makes no representations or warranties of any sort.

20. <u>Purchase Price</u> is proposed at the highest and best offer made at the auction.

21. <u>Auctioneer</u> - David R. Maltz & Co., Inc.

22. <u>Adjustments</u> - None.

23. <u>Delivery of Possession</u> on the date of closing. The successful bidder is solely responsible for the removal and delivery of the Equipment from its current location.

24. <u>Conditions of Closing</u> This sale is expressly subject to Bankruptcy Court approval and is subject to higher and better offers thereupon.

25. <u>Closing</u> at The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743, no later than the twentieth day after the issuance of the Approval Order (as that term is defined in the Contract of Sale annexed hereto).

26. <u>Applicable Law</u> is the law of the State of New York.

27. <u>Risk of Loss</u> is the seller's until the date of closing.

28. The Trustee believes that the overall terms of a proposed Contract of Sale shall be favorable to the Trustee, not harmful to the estate, and shall be negotiated at arms length with the proposed purchaser.

29. To maximize the amount of potential offers and obtain the greatest benefit to the

9

Estate, the Trustee proposes that notice of the Sale Hearing be served on all creditors, parties in interest and those entities filing a notice of appearance in the case. In addition, the Trustee proposes that the notice of the Auction Sale be published on the Auctioneer's website and be marketed by the Auctioneer in the usual and customary manner.

30.     The Trustee maintains that the preceding procedures constitute appropriate bidding procedures under the facts and circumstances of this case. In order to maximize the benefit to the Estate, the Trustee seeks to implement this reasonably competitive bidding process given the nature of the proposed transaction. The Trustee maintains that this procedure is designed to generate a maximum recovery to the estate while serving to prevent frivolous bidding, and respectfully requests that this Court approve and authorize same.

31.     The Trustee requests that the Court allow his to sell the estate's interest in the Equipment free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests attaching to the proceeds of sale in the order, priority and validity that they may exist.

## THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE CREDITORS OF THE ESTATE

32.     The Trustee believes that this proposed sale of the Estate's interest in the Equipment is in the best interest of the estate.

33.     The Trustee believes that as the Notice of the Sale Hearing and this Motion is being sent to all of the parties who have thus far expressed an interest in this bankruptcy proceeding by filing a Notice of Appearance, and to all of the creditors of the estate, the Trustee believes that this will help ensure a fair and equitable bidding process to benefit the creditors of

10

the estate.  A Notice of Sale will also appear on the Auctioneer's website.

34.    Accordingly, the Trustee believes that a sale of the Equipment is in the best interest of this estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form submitted herein: (i) authorizing the Trustee to sell the Equipment, free and clear of all liens, claims, encumbrances and other interests with liens to attach to proceeds, and  for other good and valuable consideration substantially in accordance with the terms and conditions; (ii) scheduling a  hearing to approve of the sale of the Equipment to the successful bidder(s); (iii) approving the terms and conditions for submitting higher or better offers, including any overbid procedures; (iv) approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (v) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: Huntington, New York
        July 1, 2014

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Trustee

BY:    S/Fred Kantrow
       Fred Kantrow
       38 New Street
       Huntington, New York 11743
       631 423 8527
       Fkantrow@avrumrosenlaw.com

11

D-AAS-186

Asst. Metal Carts/Racks/Tables
8" Wyosung Press Brake
Asst. Shears
¼ Edger
Notcher
Roper Whitney Shear
(3) Air Compressors
Ear Bender
Asst. Rolls
(3) pinspot Welders
Clutch Press
Bending Brake
Automatic Shear
Asst. Lifts
Asst. Power Tools
5,000 Lb Forklift
10,000 lb forklift
5 ton Crane
Vicon Plasma Cutter
Coil Line
(2) Slip and Drive Machines
Pitsburgh Machine
Ventilation Hood
Drill Press
Asst. Welders
Asst. Material
Asst. Office Furniture and Electronics
Asst. Shelving


Spiral Machine
Ovalizer Machine
Ring Making Machine

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

      COOL SHEETMETAL INC.,                 Chapter 7
                                             Case No.: 13-74652-ast

                       Debtor.
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 363(a), 363(b) and 363(m) OF THE BANKRUPTCY
CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL THE
DEBTOR'S MACHINERY AND EQUIPMENT TO THE HIGHEST AND BEST BIDDER
AT AN AUCTION SALE; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE
TO THE HIGHEST AND BEST BIDDER;  (3) APPROVING CERTAIN BIDDING
PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF
<u>SUCH AUCTION HEARING</u>**

UPON the motion (the "Motion") of Richard L. Stern, the Chapter 7 Trustee (the

"Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his

attorneys, The Law Offices of Avrum J. Rosen, PLLC, seeking the entry of an Order of this

Court pursuant to Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States

Code, (the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"): (i) scheduling a hearing to approve the

Trustee's sale of the Debtor's machinery and equipment as such is defined on the schedule

annexed to the Trustee's Motion (collectively, the "Equipment") at public auction, free and clear

of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and

other interests to attach to the proceeds of the sale; for good and valuable consideration

substantially in accordance with the terms and conditions set forth herein to the bidder with the

highest and best offer to be considered and approved by the Court at said hearing; (ii) scheduling

a hearing to approve of the sale of the Equipment to the successful bidder; (iii) approving terms

and conditions for submitting offers and approving the form and manner of notice with respect to

the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances; and any objections having been resolved; and the matter having come on by Notice of Presentment before the Court on July 30, 2014; and the Court, after due deliberation, having determined that the relief sought by the Trustee is appropriate and should be granted; it is hereby

   **ORDERED** that the Trustee's Motion is granted insofar as the Trustee is authorized to sell the Equipment to the highest and best bidder(s) at an auction sale; and it is further

   **ORDERED** that David R. Maltz & Co., Inc. shall conduct an auction sale (the "Auction Sale") on _____, 2014 at 10:00 a.m. at _____; and it is further

   **ORDERED** that the Trustee shall cause the Auction Sale to be advertised on (i) the website of David R. Maltz & Co., Inc. ("Maltz") the Trustee's Auctioneer retained by Court Order; and it is further

   **ORDERED** that the following bidding procedures (the "Bidding Procedures") as set forth in the Application are hereby approved:

   (A)   The following constitutes the terms and conditions of sale of the Equipment;

   (B)   Prior to the commencement of the auction sale, any and all prospective bidders must deliver a certified or bank check payable to the order of The Law Offices of Avrum J. Rosen, PLLC, as attorneys to the Trustee, in an amount at least equal to $5,000.00.  Said certified or bank check(s) shall be held as a good faith deposit.  At the conclusion of the auction sale, should any party who has posted a deposit not be deemed the successful bidder, then said certified or bank check(s) shall be returned to that bidder

within two (2) business days after the closing of sale to the successful bidder.

(C)     In the event that a successful bidder has posted a deposit by certified or bank check but has failed to close on the transaction within twenty (20) days of the entry of an order approving such sale, unless the Trustee shall extend said time, said amount shall be forfeited and shall constitute liquidated damages for the bidder's failure to close.

(D)     All subsequent bids to the initial bid shall be in increments of $1,000.00 as to a bid for the Equipment.

(E)     The balance of the purchase price for the successful bidder shall be required to be delivered to counsel for the Trustee at the closing of the sale which closing shall occur no later than twenty (20) days subsequent to the entry of an Order by the Bankruptcy Court approving the sale or at such later time as the Trustee, in his discretion may decide.  The successful bidder's failure to pay the balance of the purchase price at the closing shall result in a forfeiture of the deposit.

(F)     In the event that the highest bidder for the Equipment fails to tender payment of the balance of the purchase price by the time of closing, the Trustee in his sole discretion shall be authorized to sell the Equipment to the second highest bidder without any further notice or approval of the Bankruptcy Court and the Trustee shall retain any down payment of the highest bidder as liquidated damages.

(G)     Should the second bidder fail to close on the Equipment, the Trustee shall

be authorized to sell the Equipment to the next highest bidder without any further notice or approval of the Bankruptcy Court and the Trustee shall retain any down payment of the next highest bidder as liquidated damages.

(H)     It is understood that the Equipment of this estate are being sold as is, without any representation or warranty whatsoever.  All bidders, if they so request, shall have the opportunity to review the Equipment and will rely solely thereon and their own independent investigation and inspection of the Equipment when making their bid.

(I)      The Trustee shall convey the Equipment in accordance with a contract provided by the prospective purchaser and any successful bidder must agree to enter into a contract of sale similar to the contract of sale provided by the Trustee at the auction sale.

(J)     David R. Maltz & Co., Inc. has been retained by an Order of the Bankruptcy Court and shall be entitled to be paid those commissions as provided for by the Local Rules for the Eastern District of New York, upon notice and proper motion to the Bankruptcy Court.

(K)     All Equipment shall be delivered at its present location and the successful bidder shall be solely responsible for the costs associated with removal of the equipment from its current location.  The Trustee and his retained professionals shall not be responsible for removal and delivery of the Equipment from its current location.

(L)     Nothing contained in these terms and conditions of sale/bidding procedures are intended to supercede or alter any provisions of the United

D-AAS-191

States Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. The Trustee reserves the right to modify the terms and conditions of the sale at the auction and thereafter consistent with the provisions of the Bankruptcy Code and the Orders of this Court.

(M)     The terms and conditions of sale/bidding procedures shall be read into the record or specifically incorporated by reference at the auction of the Properties. By making a bid for the Equipment, all bidders shall be deemed to have acknowledged that they have read these terms and conditions of sale/bidding procedures and agree to be bound by them; and it is further

**ORDERED** that the Court shall conduct a hearing in connection with the auction sale on ___, 2014 at ___ a.m. (the "Hearing Date"); and it is further

**ORDERED** that at the conclusion of said Auction Sale, the Trustee shall recommend to the Court the proposed successful bidder(s) and ask that the Court approve the sale to such successful bidder; and it is further

**ORDERED** that liens are to attach to proceeds in order of priority to the extent that the liens existed prior to the entry of the Order for relief on September 9, 2013; and it is further

**ORDERED** that the proceeds of sale are to be held by the Trustee in a segregated account; and it is further

**ORDERED** that no funds are to be disbursed without further order of the Court; and it is further

**ORDERED** that the Trustee shall serve a copy of this Order upon all creditors, any party having filed a notice of appearance and demand for service in this case, parties in interest and

D-AAS-192

any party that has expressed an interest in the premises, by not later than three (3) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED** that objections, if any, to the proposed sale or the Bidding Procedures; shall (a) be in writing, (b) comply with the below paragraph regarding electronic filing, (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court, (d) set forth the name of the filing party, the nature and amount of any claim or interest alleged by such claimant against the Debtor's estate or property, (e) state with particularity the legal and factual basis for such objection, and (f) be filed with the Clerk of the Bankruptcy Court in accordance with the following paragraph with a copy delivered to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722; and a copy thereof served upon the Trustee's counsel, The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York, 11743, so as to be actually received no later than seven (7) days before the Hearing Date; and it is further

**ORDERED** that any objection filed by parties with legal representation shall be filed (a) through the Bankruptcy Court's electronic filing system, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope, with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format; or (d) if a party is unable to file in any of the above three manners, such party shall submit an affidavit attesting to such

D-AAS-193

inability and may then file documents conventionally on unstapled, unbound, and single sided paper. An objection filed by a party with no legal representation shall comply with section (b), (c), or (d) as set forth in this paragraph; and it is further

 **ORDERED** that the Trustee shall serve and file an affidavit of service, attesting to service of this Order, with the Court, no later than five (5) days of entry of this Order

D-AAS-194