## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND,** ) ) ) ) ) ) | Civil Action No. 1:13-cv-958 (AJT/JFA) |
| **Plaintiff,** ) | |
| **v.** ) | |
| **COOL SHEETMETAL, INC.,** ) ) | |
| **Defendants.** ) ) | |

## <u>DECLARATION OF ROBERT F. MILMAN, ESQ.</u>

Robert F. Milman, Esq. deposes and says:

1. I am an attorney at law duly licensed to practice before the Bar of the State of New York and am admitted *pro hac vice* in the United States District Court, Eastern District of Virginia for the above referenced matter. <u>See</u> Docket Entry 45.

2. I serve as counsel for Defendant All Around Spiral, Inc. (hereinafter "AAS") together with local counsel LeClairRyan. <u>See</u>, <u>e.g.</u>, Docket Entries 37, 59.

3. On June 11, 2015, non-party Richard Kern was deposed by counsel for Plaintiff in this matter. A true and accurate copy of the relevant portions of Richard Kern's deposition transcript are attached hereto as **Exhibit A**.

4. On April 3, 2013, Richard Kern filed for bankruptcy and on September 17, 2013, Richard Kern's Chapter 11 Bankruptcy was converted to a Chapter 7 Bankruptcy. A true and accurate copy of the Bankruptcy Court's Order Converting Chapter 11 Case to a Case Under Chapter 7 is attached hereto as **Exhibit B**.

5. Since September 17, 2013, Richard Kern's assets became the property of the bankruptcy estate of Richard Kern, which was controlled by the bankruptcy trustee.

6. On June 16, 2014, United States Bankruptcy Judge Alan S. Trust ordered a sale of Richard Kern's assets, including his 70% interest in CSM and 100% interest in AAS free and clear of all liens, claims, encumbrances, and security interests of record of whatever kind or nature pursuant to 11 U.S.C. § 363 except for Richard Kern's boat. A true and accurate copy of the Order is attached hereto as **Exhibit C**.

7. On July 21, 2015, my office obtained the docket report for Richard Kern's bankruptcy petition via the Case Management / Electronic Case Filing ("CM/ECF") system for the United States Bankruptcy Court, Eastern District of New York. A true and accurate copy of the docket report is attached hereto as **Exhibit D**.

8. On June 22, 2015, counsel for Plaintiff submitted Plaintiff's Objections to All Around Spiral, Inc's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to our offices. A true and accurate copy of the Objections is attached hereto as **Exhibit E**.

9. On August 7, 2013, Defendant Cool Sheetmetal, Inc. (hereinafter "CSM") filed for Chapter 11 Bankruptcy. A true and accurate copy of the voluntary petition, a publicly filed document, is attached hereto as **Exhibit F**.

10. On May 30, 2014, Defendant CSM's Chapter 11 Bankruptcy was converted to a Chapter 7 Bankruptcy. A true and accurate copy of the Bankruptcy Court's Order Converting Chapter 11 Case to a Case Under Chapter 7 is attached hereto as **Exhibit G**.

11. On July 1, 2014, Cool Sheetmetal moved the United States Bankruptcy Court for the Eastern District of New York to sell its machinery and equipment under § 363 of the Bankruptcy Code.  A true and accurate copy of the motion, a publicly available document, is attached hereto as **Exhibit H.**

12. On July 2, 2014, Cool Sheetmetal moved the United States Bankruptcy Court for the Eastern District of New York to sell its vehicles under § 363 of the Bankruptcy Code.  A true and accurate copy of the motion, a publicly available document, is attached hereto as **Exhibit I.**

13. On August 11, 2014, the Honorable Alan S. Trust, United States Bankruptcy Judge, entered an order authorizing the bankruptcy trustee to sell its vehicles.  A true and accurate copy of the order, a publicly available document, is attached hereto as **Exhibit J.**

14. On August 12, 2014, the Honorable Alan S. Trust, United States Bankruptcy Judge, entered an order authorizing the bankruptcy trustee to sell its machinery and equipment.  A true and accurate copy of the order, a publicly available document, is attached hereto as **Exhibit K.**

15. On September 30, 2014, the Honorable Alan S. Trust, United States Bankruptcy Judge, entered an order confirming the sale of Cool Sheetmetal's vehicles, machinery and equipment.  A true and accurate copy of the order, a publicly available document, is attached hereto as **Exhibit L.**

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on: _____8/17/15_____                          _____
                                                            Robert F. Milman, Esq.
                                                            Member
                                                            Milman Labuda Law Group PLLC
                                                            Counsel for Defendant AAS

1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

--------------------------------------------------------X

BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL

PENSION FUND,

                      Plaintiff,

        -against-                Civil Action No.

                                    1:13-cv-958(AJT/JFA)


COOL SHEETMETAL, INC., THOMAS RAMMELKAMP, and ALL

AROUND SPIRAL, INC.,

                  Defendants.

--------------------------------------------------------X

                 June 11, 2015

                 2:26 p.m.


DEPOSITION of RICHARD KERN, a witness on behalf of

ALL AROUND SPIRAL, INC., a Defendant herein, taken

pursuant to Subpoena, and held at the offices of Slevin

& Hart, P.C., 614 Hempstead Gardens Drive, West

Hempstead, New York, before Ilana Nathanson, a Court

Reporter and Notary Public of the State of New York.



EXHIBIT
A

800.DAL.8779
dalcoreporting.com

DALCO

**RICHARD KERN**

3

1                    Richard Kern,

2   having first been duly sworn by the Notary Public

3   (Ilana Nathanson), and stating his address as 4

4   Daremy Court, Lake Grove, New York 11755, was

5   examined and testified as follows:

6

7   EXAMINATION

8   BY MR. MOHL:

9       Q     Good afternoon, Mr. Kern.  As you know, I

10  represent the Sheet Metal Workers' National Pension

11  Fund, and we're here because of a lawsuit against

12  All Around Spiral for the withdrawal liability

13  incurred by Cool Sheetmetal.

14            So before we begin, I want to get a few

15  ground rules out of the way.  As we are already

16  talked about, we have to speak slow and clear as

17  best as we can.  Please listen to all my questions

18  fully before you answer, just for clarity of the

19  record.  In general, don't speak when someone else

20  is speaking, that includes me or your attorney.

21  Also, we really need to have a clear yes or no,

22  because "uh-huh" and nods don't really pick up too

23  well on records.  So I may ask you to say yes or no.

24  Periodically, you may hear an objection and in most

800.DAL.8779
dalcoreporting.com


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

RICHARD KERN,

                                  Debtor.
-------------------------------------------------------------X

Case No.: 13-71700-ast
Chapter 11

### ORDER CONVERTING CHAPTER 11 CASE
### <u>TO A CASE UNDER CHAPTER 7</u>

      UPON the annexed application of the debtor herein, dated the 21st day of August, 2013
and pursuant to 11 U.S.C. § 1112(a) and just cause appearing therefor, it is

      **ORDERED**, that Debtor's Chapter 11 case is converted to a case under Chapter 7
pursuant to 11 U.S.C. § 1112(a); and it is further

      **ORDERED**, that Debtor shall file with the Court the schedule of post-petition debts
required by Federal Rule of Bankruptcy Procedure 1019(5) so as to be received no later than
**<u>fourteen (14) days</u>** from the date hereof; and it is further

      **ORDERED**, that Debtor shall file with the Court a final report and account required by
Federal Rule of Bankruptcy Procedure 1019(5) so as to be received no later than **<u>thirty (30) days</u>**
from the date hereof; and it is further

      **ORDERED**, that Debtor shall comply with its obligations under the Bankruptcy Code
and the Federal Rules of Bankruptcy Procedure, as required of a Debtor in a case under Chapter
7.



**Dated: September 17, 2013**
      **Central Islip, New York**

_____
      **Alan S. Trust**
**United States Bankruptcy Judge**



EXHIBIT

B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                  Chapter 7
     RICHARD KERN,                          Case No. 13-71700 (AST)

                        Debtor.
---------------------------------------------------------X

## ORDER APPROVING SALE OF THE DEBTOR'S ASSETS

Upon the Application dated April 11, 2014 (the "Application"), of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee"), of the estate Richard Kern, (the "Debtor"), by his attorneys, SilvermanAcampora LLP, seeking entry of an order authorizing and approving the sale of the Trustee's right, title and interest in and to certain of the Debtor's personal property, as described in the Application (the "Debtor's Property"), free and clear of all liens claims and encumbrances and security interests of record of whatever kind or nature (collectively, the "Liens"), with such Liens, if any, to attach to the proceeds of such sale in the priority and validity as they presently exist, except for the lien against the Boat (as defined in the Application), in accordance with 11 U.S.C. § 363, for the sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars (the "Purchase Price"); and upon the "Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale," dated April 11, 2014 (the "Notice of Sale") annexed to the Application as Exhibit D; and no objections to the sale having been filed; and upon the terms and conditions of the sale set forth in the Application (the "Sale"), and Sharon Kern (the "High Bidder") having submitted the highest and best offer for the Assets; and upon the Declaration of Sale, dated May 30, 2014, and upon the record of the hearing (the "Hearing") held before the undersigned on June 4, 2014, the transcript of which is incorporated by reference herein; and proper notice of the Application having been provided to all creditors and other parties of interest; and no opposition to the Application having been filed; and it being in the best interests of the estate and its creditors, it is hereby



**ORDERED**, that the Trustee is authorized to sell all of the estate's right, title and interest in and to the Debtor's Property to the High Bidder, or their designee or assignee, for $25,000, free and clear of the Liens, with such Liens, if any, to attach to the proceeds of the Sale in the priority and validity as they presently exist, <u>provided</u>, <u>however</u>, that the Boat is sold subject to the Lien of Keybank, USA, N.A.; and it is further

**ORDERED**, that notice of the Application and submission of the proposed form of this Order, along with the Notice of Sale, provided to the Debtor, the Debtor's counsel, the Office of the United States Trustee, all parties having filed notices of appearance, all creditors of the Debtor listed in its petition and schedules, and all entities that the Trustee believes may have an interest in submitting higher or better offers for the Assets, is deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required; and it is further

**ORDERED**, that the Trustee is authorized to do such things and execute such documents and expend such funds as may be necessary to consummate the Sale and effectuate the terms and conditions of this Order.



**Dated: June 16, 2014**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**

7/21/2015                                  Live Database: nyeb_live

**Repeat, PRVDISM, CONVERTED**

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
## Bankruptcy Petition #: 8-13-71700-ast

|  |  |
|---|---|
| | *Date filed:* 04/03/2013 |

*Assigned to:* Judge Alan S Trust
Chapter 7
Previous chapter 11
Voluntary
Asset

*Date converted:* 09/17/2013
*Debtor discharged:* 01/29/2014
*341 meeting:* 07/28/2015
*Deadline for filing claims:* 05/09/2014
*Deadline for objecting to discharge:* 12/23/2013
*Deadline for financial mgmt. course:* 12/23/2013

*Debtor disposition:*  Standard Discharge

**Debtor**
**Richard Kern**
4 Daremy Court
Lake Grove, NY 11755
SUFFOLK-NY
SSN / ITIN: xxx-xx-3616

represented by **Gary C Fischoff**
Berger, Fischoff & Shumer, LLP
40 Crossways Park Drive
Woodbury, NY 11797
516-747-1136
Email: gfischoff@bfslawfirm.com

**Trustee**
**Kenneth P Silverman**
Silverman Acampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
(516) 479-6300

represented by **Robert Nosek**
SilvermanAcampora LLP
100 Jericho Quadrangle
Ste 300
Jericho, NY 11753
516-479-6300
Fax : 516-479-6307
Email: rnosek@silvermanacampora.com

**SilvermanAcampora LLP**
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
516-479-6300

**U.S. Trustee**
**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
(631) 715-7800

https://ecf.nyeb.uscourts.gov/cgi-bin/DktRpt.pl?505987309627573-L_1_0-1



7/21/2015                                    Live Database: nyeb_live

| Filing Date | # | Docket Text |
|---|---|---|
| 04/03/2013 | <u>1</u><br>(70 pgs; 3 docs) | Chapter 11 Voluntary Petition Fee Amount $1213 Filed by Gary C Fischoff on behalf of Richard Kern Chapter 11 Plan due by 08/1/2013. Disclosure Statement due by 08/1/2013. (Attachments: # <u>1</u> 1073# <u>2</u> Acknowledgement) (Fischoff, Gary) (Entered: 04/03/2013) |
| 04/03/2013 | <u>2</u><br>(1 pg) | Certificate of Credit Counseling for Debtor Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 04/03/2013) |
| 04/03/2013 | <u>3</u><br>(4 pgs) | Employee Income Records / Copies of Pay Statements Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 04/03/2013) |
| 04/03/2013 | <u>4</u><br>(5 pgs) | Limited Statement *List of Creditors Holding 20 Largest Unsecured Claims* Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 04/03/2013) |
| 04/03/2013 | | Receipt of Voluntary Petition (Chapter 11)(8-13-71700) [misc,volp11a] (1213.00) Filing Fee. Receipt number 11118915. Fee amount 1213.00. (U.S. Treasury) (Entered: 04/03/2013) |
| 04/03/2013 | <u>5</u><br>(4 pgs; 2 docs) | Deficient Filing Chapter 11 : Notice to Consumer Debtor under Section 342(b) Official Form B201B due by 4/17/2013. Debtor Affidavit-Local Rule 1007-4 schedule due 4/17/2013. Summary of Schedules due 4/17/2013. Statistical Summary of Certain Liabilities due by 4/17/2013. Schedule I due 4/17/2013. Schedule J due 4/17/2013. Declaration Concerning Debtor(s) schedules due 4/17/2013. Statement of Current Monthly Income and Means Test (Chapter 11) due by 4/17/2013. Incomplete Filings due by 4/17/2013. (dhc) (Entered: 04/04/2013) |
| 04/04/2013 | | Prior Filings Case Number(s): 12-70048-ast (dhc) (Entered: 04/04/2013) |
| 04/04/2013 | | Judge Dorothy Eisenberg removed from the case due to Prior Filing, Judge Reassigned. Judge Alan Trust added to the case. (dhc) (Entered: 04/04/2013) |

| | | |
|---|---|---|
| 04/04/2013 | <u>6</u><br>(10 pgs; 4 docs) | Meeting of Creditors 341(a) meeting to be held on 5/3/2013 at 09:00 AM at Room 562, 560 Federal Plaza, CI, NY. Last day to determine dischargeability of a debt under Section 523 is 7/2/2013. Deadline to object to discharge is the first date set for hearing on confirmation of plan. (dhc) (Entered: 04/04/2013) |
| 04/06/2013 | <u>7</u><br>(6 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 04/06/2013. (Admin.) (Entered: 04/07/2013) |
| 04/06/2013 | <u>8</u><br>(6 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 04/06/2013. (Admin.) (Entered: 04/07/2013) |
| 04/06/2013 | <u>9</u><br>(5 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 04/06/2013. (Admin.) (Entered: 04/07/2013) |
| 04/08/2013 | <u>10</u><br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Jeffrey S Dubin on behalf of Sheet Metal Workers National Pension Funds and Trusts (Dubin, Jeffrey) (Entered: 04/08/2013) |
| 04/08/2013 | <u>11</u><br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts (Nanda, Doreen) (Entered: 04/08/2013) |
| 04/08/2013 | <u>12</u><br>(3 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Richard J McCord on behalf of M & T Mortgage Corporation (Attachments: # <u>1</u> Affidavit of Service) (McCord, Richard) (Entered: 04/08/2013) |
| 04/15/2013 | <u>13</u><br>(4 pgs) | Order Setting Last Day To File Proofs of Claim. Signed on 4/15/2013 Proofs of Claims due by 6/21/2013. Government Proof of Claim due by 9/30/2013. (sld) (Entered: 04/16/2013) |
| 04/15/2013 | <u>14</u><br>(5 pgs; 3 docs) | Order Scheduling Status Conference. Signed on 4/15/2013 Status hearing to be held on 6/19/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. (sld) (Entered: 04/16/2013) |
| | <u>15</u><br>(12 pgs; 3 docs) | Application to Employ Berger, Fischoff & Shumer, LLP as Attorney Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # <u>1</u> Affidavit with Attached Waiver# <u>2</u> |

7/21/2015                              Live Database: nyeb_live

| 04/16/2013 | | Proposed Order) (Fischoff, Gary) (Entered: 04/16/2013) |
|---|---|---|
| 04/17/2013 | 16<br>(1 pg) | Notice of Appearance and Request for Notice Filed by GE Capital Retail Bank c/o Recovery Management Systems Corporation. (Singh, Ramesh) (Entered: 04/17/2013) |
| 04/17/2013 | 17<br>(15 pgs) | Affidavit/Certificate of Service *of Notice of Deadline for Proofs of Claim* Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)13 Order Setting Last Day To File Proofs of Claim) (Fischoff, Gary) (Entered: 04/17/2013) |
| 04/17/2013 | 18<br>(7 pgs) | Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)14 Order on Scheduling Status Conference) (Fischoff, Gary) (Entered: 04/17/2013) |
| 04/17/2013 | 19<br>(5 pgs; 4 docs) | Schedule(s), Statement(s) and Affidavit LR1007-1(b) Statistical Summary of Certain Liabilities, Summary of Schedules Filed by Gary C Fischoff on behalf of Richard Kern (Attachments: # 1 Summary of Schedules# 2 Statistical Summary of Certain Liabilitys and Related Data# 3 Declaration Concerning Debtor's Schedules) (Fischoff, Gary) (Entered: 04/17/2013) |
| 04/17/2013 | 20<br>(1 pg) | Statement *Certification of Notice ot Consumer Debtor(s) under §342(b) of the Bankruptcy Code- Form B 201B* Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 04/17/2013) |
| 04/17/2013 | 21<br>(3 pgs; 2 docs) | Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # 1 Proposed Order) (Fischoff, Gary) (Entered: 04/17/2013) |
| 04/18/2013 | 22<br>(1 pg) | Order Granting Motion To Extend Deadline to File Schedules and Provide Required Information Schedule I&J and Chapter 11 Statement of Current Monthly Income. (Related Doc # 21) Signed on 4/18/2013. Incomplete Filings due by 5/3/2013. (sld) (Entered: 04/18/2013) |
| | | Deadlines Updated / Set Statement of Current Monthly Income and Means Test (Chapter 11) due by 5/3/2013. Schedule I due 5/3/2013. Schedule J due 5/3/2013. (RE: |

7/21/2015                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 04/18/2013 | | related document(s)22 Order on Motion to Extend Deadline to File Schedules or Provide Required Information) (sld) (Entered: 04/18/2013) |
| 04/18/2013 | 23 (65 pgs; 5 docs) | Motion to Sell Property Free and Clear of Liens , in addition to Application to Employ Hickey & Smith and Daniel Gale Sothebys as Real Estate Brokers Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D) (Fischoff, Gary) (Entered: 04/18/2013) |
| 04/18/2013 | 24 (6 pgs; 2 docs) | Motion to Authorize/Direct *Order Scheduling Expedited Hearing pursuant to Local Rule 9077-1(a)* Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ). (Attachments: # 1 Proposed Order) (Fischoff, Gary) (Entered: 04/18/2013) |
| 04/18/2013 | 25 (5 pgs) | BNC Certificate of Mailing with Notice of Status Conference Hearing Notice Date 04/18/2013. (Admin.) (Entered: 04/19/2013) |
| 04/19/2013 | 26 (3 pgs) | Order to Schedule Hearing (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ). Signed on 4/19/2013Hearing scheduled for 5/1/2013 at 09:30 AM at Courtroom 960 (Alan Trust), CI, NY. By April 22, 2013 at 5:00 p.m., the Debtor's counsel must serve a copyof this Order together with the Emergency Motion. By April 22, 2013, at 5:00 p.m., the Debtor shall further serve via first class mail copies of this Order and the Emergency Motion on the remaining creditors of the Debtor; and applicable Federal and State taxing authorities by regular first class mail. The Debtor's counsel shall file a certificate of service of this Order andthe Emergency Motion with the Clerk of the Court by April 26, 2013 at 5:00 p.m.(sld) Modified on 5/1/2013 (sld). (Entered: 04/19/2013) |
| 04/22/2013 | 27 (12 pgs) | Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ, 24 Motion to Authorize/Direct filed by Debtor Richard Kern, 26 Order to Schedule Hearing (Generic)) (Fischoff, Gary) (Entered: 04/22/2013) |

7/21/2015                                    Live Database: nyeb_live

| 04/22/2013 | [28](3 pgs) | Notice of Appearance and Request for Notice Filed by Mark S Gamell on behalf of Fidelity And Deposit Company of Maryland (Gamell, Mark) (Entered: 04/22/2013) |
| --- | --- | --- |
| 04/23/2013 | [29](2 pgs) | Notice of Appearance and Request for Notice Filed by William Aumenta on behalf of S.W. Anderson Sales Corporation (Aumenta, William) (Entered: 04/23/2013) |
| 04/24/2013 | [30](2 pgs) | Affidavit Re: *Rule 1007-4* Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 04/24/2013) |
| 04/26/2013 | [31](2 pgs) | Notice of Appearance and Request for Notice Filed by Danielle M Carney on behalf of Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds (Carney, Danielle) (Entered: 04/26/2013) |
| 04/26/2013 | [32](3 pgs) | Notice of Appearance and Request for Notice Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (Roseman, Matthew) (Entered: 04/26/2013) |
| 04/26/2013 | [33](2 pgs) | Affidavit/Certificate of Service Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)[32](Notice of Appearance filed by Creditor Hickey & Smith Realtors) (Roseman, Matthew) (Entered: 04/26/2013) |
| 04/26/2013 | [34](1 pg) | Notice of Appearance and Request for Notice Filed by Gini Elizabeth Varughese on behalf of OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TR UST COMPANY, NATIONAL ASSOCIAT ION FKA THE BANK OF NEW YORK T RUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUST EE FO (Varughese, Gini) (Entered: 04/26/2013) |
| 04/26/2013 | [35](57 pgs; 8 docs) | Objection *to Debtor's Application For an Order Authorizing the Sale of Debtor's and Non-Debtor Spouse's Property* Filed by Mark S Gamell on behalf of Fidelity And Deposit Company of Maryland (RE: related document(s)[23](Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # [1](Affidavit of Patricia Schroeder in Opposition to Debtor's Application for Sale of Property # [2](Exhibit A to Schroeder Affidavit # [3] |

7/21/2015                                        Live Database: nyeb_live

| | | |
|---|---|---|
| 04/26/2013 | | Exhibit B to Schroeder Affidavit # <u>4</u> Exhibit C to Schroeder Affidavit # <u>5</u> Exhibit D to Schroeder Affidavit # <u>6</u> Exhibit E to Schroeder Affidavit # <u>7</u> Exhibit F to Schroeder Affidavit) (Gamell, Mark) (Entered: 04/26/2013) |
| 04/30/2013 | <u>36</u><br>(28 pgs; 4 docs) | Objection *to Debtor's Application for an Order Authorizing the Sale of Debtor's and Non-Debtor Spouse's Property* Filed by Danielle M Carney on behalf of Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds (RE: related document(s)<u>23</u> Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Carney, Danielle) (Entered: 04/30/2013) |
| 04/30/2013 | <u>37</u><br>(10 pgs; 2 docs) | Limited Objection *to Debtor's Application for an Order Pursuant to Section 105 and 363(F) and (H) of the Bankruptcy Code Authorizing the Sale of the Debtors and Non-Debtors Spouses Residence Free and Clear of Liens, Claims and Encumbrances and Authorizing the Retention of the Real Estate Broker* Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)<u>23</u> Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # <u>1</u> Exhibit Affidavit of Brian Hickey and Commission Agreement) (Roseman, Matthew) (Entered: 04/30/2013) |
| 04/30/2013 | <u>38</u><br>(2 pgs) | Affidavit/Certificate of Service Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)<u>37</u> Objection filed by Creditor Hickey & Smith Realtors) (Roseman, Matthew) (Entered: 04/30/2013) |
| 04/30/2013 | <u>39</u><br>(25 pgs; 4 docs) | Objection *to Debtor's Application for an Order Authorizing the Sale of Debtor's and Non-Debtor Spouse's Property* Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts (RE: related document(s)<u>23</u> Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Attachments: # <u>1</u> So Ordered Settlement Stipulation # <u>2</u> Judgment # <u>3</u> Consent Judgment) (Nanda, Doreen) (Entered: 04/30/2013) |
| 05/01/2013 | <u>40</u><br>(17 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Marc A Pergament on behalf of Thomas Rammelkamp (Attachments: # <u>1</u> Affidavit of Service) (Pergament, Marc) (Entered: 05/01/2013) |

7/21/2015                                          Live Database: nyeb_live

| | | |
|---|---|---|
| 05/01/2013 | <u>41</u><br>(2 pgs) | Affidavit/Certificate of Service Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts (RE: related document(s)<u>39</u> Objection filed by Creditor Sheet Metal Workers National Pension Funds and Trusts) (Nanda, Doreen) (Entered: 05/01/2013) |
| 05/01/2013 | | Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorneys for Creditors and UST - (related document(s): <u>23</u> Motion to Sell filed by Richard Kern) - Evidentiary Hearing scheduled for 05/20/2013 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. (ymills) (Entered: 05/01/2013) |
| 05/01/2013 | <u>42</u><br>(6 pgs; 2 docs) | Contested Matter Scheduling Order (RE: related document(s)<u>35</u> Objection filed by Creditor Fidelity And Deposit Company of Maryland, <u>36</u> Objection filed by Creditor Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds, <u>37</u> Objection filed by Creditor Hickey & Smith Realtors, <u>39</u> Objection filed by Creditor Sheet Metal Workers National Pension Funds and Trusts). Signed on 5/1/2013. An evidentiary Hearing scheduled for 5/20/2013 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. Affidavit shall be filed with the Court no later than May 16,2013 at 12:00 p.m. Joint Prehearing Memorandum to be filed by May 16,2013 at 12:00 p.m. A statement confirming that the parties have exchanged copies of the exhibits, other than to be used for impeachment or rebuttal, no later than May 14, 2013 Failure to strictly comply with any of the provisions of the Order may result in the automatic entry of a dismissal, sanctions, a default, or other relief as the circumstanceswarrant, in accordance with Federal Rule of Civil Procedure 16, as incorporated by Federal Rules of Bankruptcy Procedure 7016 and 9014. (ssw) (Entered: 05/01/2013) |
| 05/01/2013 | | Updated - Joint Pre haring Memorandum due by 5/16/2013. (ssw) (Entered: 05/01/2013) |
| 05/02/2013 | <u>43</u><br>(2 pgs) | Affidavit/Certificate of Service Filed by Mark S Gamell on behalf of Fidelity And Deposit Company of Maryland (RE: related document(s)<u>35</u> Objection filed by Creditor Fidelity And Deposit Company of Maryland) (Gamell, Mark) (Entered: 05/02/2013) |

7/21/2015                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 05/03/2013 | <u>44</u><br>(6 pgs; 4 docs) | Schedule(s), Statement(s) and Affidavit LR1007-1(b) Schedule I, Schedule J, Statistical Summary of Certain Liabilities, Summary of Schedules Filed by Gary C Fischoff on behalf of Richard Kern (Attachments: # <u>1</u> Schedule I # <u>2</u> Schedule J # <u>3</u> Summary of Schedules and Summary of Certain Liabilities and Related Data) (Fischoff, Gary) (Entered: 05/03/2013) |
| 05/03/2013 | <u>45</u><br>(2 pgs) | Statement of Current Monthly Income (Means Test - Chapter 11) . Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s) Update / Set Deadlines (BK)) (Fischoff, Gary) (Entered: 05/03/2013) |
| 05/03/2013 | <u>46</u><br>(8 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/03/2013. (Admin.) (Entered: 05/04/2013) |
| 05/09/2013 | <u>47</u><br>(3 pgs) | Letter *confirming hearing scheduled by the Court for May 20, 2013 at 2:00 p.m.* Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)<u>23</u> Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Fischoff, Gary) (Entered: 05/09/2013) |
| 05/14/2013 | <u>48</u><br>(17 pgs) | Application to Employ Hickey & Smith Realtors as real estate brokers Filed by Matthew G Roseman on behalf of Hickey & Smith Realtors. Hearing scheduled for 6/19/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Roseman, Matthew) Modified on 5/15/2013 (ymm) - DELETED HEARING ON OBJECTION IF ANY. (Entered: 05/14/2013) |
| 05/17/2013 | <u>49</u><br>(1 pg) | Letter Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)<u>23</u> Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Fischoff, Gary) (Entered: 05/17/2013) |
| 05/20/2013 | <u>50</u><br>(1 pg) | Letter Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)<u>23</u> Motion to Sell filed by Debtor Richard Kern, Application to Employ, <u>49</u> Letter filed by Debtor Richard Kern) (Fischoff, Gary) (Entered: 05/20/2013) |
| | | Hearing Held and Adjourned; (related document(s): <u>23</u> Motion to Sell filed by Richard Kern) Hearing scheduled for 06/19/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. Appearance(s) by Attorney for Debtor, Attorneys |

7/21/2015                              Live Database: nyeb_live

| 05/20/2013 | | for Creditors, Attorney for Interested Party and UST - MOTION GRANTED IN PART AS PER TERMS STATED ON THE RECORD - SUBMIT ORDER (ymills) (Entered: 05/20/2013) |
|---|---|---|
| 05/22/2013 | 51 (12 pgs; 2 docs) | Monthly Operating Report for Filing Period April 2013 Filed by Gary C Fischoff on behalf of Richard Kern (Attachments: # 1 Affidavit of Service) (Fischoff, Gary) (Entered: 05/22/2013) |
| 05/24/2013 | 52 (1 pg) | Letter *confirming that an adjorned hearing to consider the balance of the Debtor's motion to sell property has been scheduled by the Court for June 19, 2013 at 10:30 a.m.* Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ) (Fischoff, Gary) (Entered: 05/24/2013) |
| 05/24/2013 | 53 (2 pgs) | Ordered that the Debtor is authorized to enter into the Contract dated 4/8/2013, between the Debtor, Sharon Kern, the non-debtor spouse, as seller and Emil and Irene Moshkovich, as purchasers, for a sale price of $3,500,000.00 for the real property located at 50 Crane Neck Road, Old Field, NY, subject to further Order of the Court. A hearing will be held on 6/19/2013 at 10:30am to consider the remaining relief requested by the Debtor's motion (RE: related document(s)23 Motion to Sell filed by Debtor Richard Kern, Application to Employ). Signed on 5/24/2013 (dhc) (Entered: 05/24/2013) |
| 05/30/2013 | 54 (5 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Stuart P Gelberg on behalf of Sharon Kern (Attachments: # 1 Affidavit of Service) (Gelberg, Stuart) (Entered: 05/30/2013) |
| 06/17/2013 | 55 (13 pgs) | Monthly Operating Report for Filing Period May 2013 Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 06/17/2013) |
| 06/18/2013 | 56 (2 pgs) | Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)55 Operating Report filed by Debtor Richard Kern) (Fischoff, Gary) (Entered: 06/18/2013) |
| | 57 | Affidavit/Certificate of Service Filed by Matthew G |

7/21/2015                                                Live Database: nyeb_live

| | | |
|---|---|---|
| 06/18/2013 | (3 pgs) | Roseman on behalf of Hickey & Smith Realtors (RE: related document(s)48 Application to Employ filed by Creditor Hickey & Smith Realtors) (Roseman, Matthew) (Entered: 06/18/2013) |
| 06/19/2013 | 58 (16 pgs; 3 docs) | Adversary case 8-13-08096. Complaint by Sheet Metal Workers' National Pension Fund, National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, International Training Institute For The Sheet Metal And Air Conditioning Industry, National Stabilization Agreement Of The Sheet Metal Industry Fund against Richard Kern. Fee Amount $293. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))), (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)). (Attachments: # 1 Adversary Cover Sheet # 2 Summons in Adversary Proceeding) (Dubin, Jeffrey) (Entered: 06/19/2013) |
| 06/19/2013 | | Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST - Status hearing to be held on 06/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills) (Entered: 06/19/2013) |
| 06/19/2013 | | Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST (related document(s): 23 Motion to Sell filed by Richard Kern) Hearing scheduled for 06/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills) (Entered: 06/19/2013) |
| 06/19/2013 | | Hearing Held and Adjourned; (related document(s): 48 Application to Employ filed by Hickey & Smith Realtors) Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST - Hearing scheduled for 06/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills) (Entered: 06/19/2013) |
| 06/20/2013 | 59 (22 pgs; 2 docs) | Motion to Approve Stipulation Filed by Gary C Fischoff on behalf of Richard Kern. Hearing scheduled for 6/27/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Attachments: # 1 Exhibit A- Proposed Stipulation) (Fischoff, Gary) (Entered: 06/20/2013) |
| | 60 | Order Granting Application to Employ Hickey & Smith |

7/21/2015                                    Live Database: nyeb_live

| 06/20/2013 | (2 pgs) | Realtors as the real estate brokers by the Debtors, as Debtors-in-Possession for the sale of 50 Crane Neck Road, Old Field, New York to Paul and Irene Moshkovich. In the event the contemplated transaction fails to close, H&S reserves its right to seek compensation for services that provided a benefit to the Debtors Estate. (Related Doc # 48) Signed on 6/20/2013. (sld) (Entered: 06/21/2013) |
|---|---|---|
| 06/21/2013 | 61 (4 pgs) | Affidavit/Certificate of Service Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)59 Motion to Approve Stipulation filed by Debtor Richard Kern) (Fischoff, Gary) (Entered: 06/21/2013) |
| 06/26/2013 | 62 (5 pgs) | Objection Filed by Marie E Small on behalf of Office of Chief Counsel - IRS (RE: related document(s)59 Motion to Approve Stipulation filed by Debtor Richard Kern) (Small, Marie) (Entered: 06/26/2013) |
| 06/26/2013 | 63 (24 pgs; 3 docs) | Response *to the United States of America's Objection to Debtor's Motion Seeking Approval of the Stipulation of Settlement* Filed by Tara Dawn McDevitt on behalf of Fidelity And Deposit Company of Maryland (RE: related document(s)62 Objection filed by Creditor Office of Chief Counsel - IRS) (Attachments: # 1 Exhibit A # 2 Exhibit B) (McDevitt, Tara) (Entered: 06/26/2013) |
| 06/27/2013 | | Hearing Held and Adjourned; Appearance(s) by Attorney for Debtor, Attorneys for Creditors and UST - Status hearing to be held on 08/07/2013 at 10:30 AM at Courtroom 960 (Judge Trust), CI, NY. (dcorsini) (Entered: 06/27/2013) |
| 06/27/2013 | | Hearing Held; Appearance(s) by Attorney for Debtor, Attorney for Creditors and UST - Marked Off - (related document(s): 23 Motion to Sell filed by Richard Kern) (dcorsini) (Entered: 06/27/2013) |
| 06/27/2013 | | Hearing Held; Appearances by Attorney for Debtor, Attorneys for Creditors and UST - Motion Granted as per terms stated on the record - Submit Order (related document(s): 59 Motion to Approve Stipulation filed by Richard Kern) (dcorsini) (Entered: 06/27/2013) |

7/21/2015                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 07/02/2013 | <u>64</u><br>(16 pgs) | Notice of Proposed Stipulation By and Between Debtor, non-debtor spouse, IRS, Hickey & Smith, Fidelity and Deposit Company of Maryland, and Purchasers to Sell Property located at 50 Crane Neck Road, Old Field, New York Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)<u>59</u> Motion to Approve Stipulation filed by Debtor Richard Kern) (Fischoff, Gary) (Entered: 07/02/2013) |
| 07/08/2013 | <u>65</u><br>(17 pgs) | Amended Notice of Proposed Stipulation By and Between Debtor, non-debtor spouse, IRS, Hickey & Smith, Fidelity and Deposit Company of Maryland, and Purchasers to to Sell Property Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)<u>59</u> Motion to Approve Stipulation filed by Debtor Richard Kern, <u>64</u> Notice of Proposed Stipulation filed by Debtor Richard Kern) (Fischoff, Gary) Modified for clarification on 7/8/2013 (srm). (Entered: 07/08/2013) |
| 07/08/2013 | <u>66</u><br>(2 pgs) | Order Granting Motion to Approve Stipulation for the Sale of the Debtor's Real Property Known as and Located at 50 Crane Neck Road, Old Field, New York and for the Distribution of the Proceeds. The stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived (Related Doc # <u>59</u> <u>64</u> <u>65</u>). Signed on 7/8/2013. (dhc) (Entered: 07/08/2013) |
| 07/10/2013 | <u>67</u><br>(8 pgs) | Notice of Proposed Stipulation By and Between Debtor, non-debtor spouse, IRS, Hickey & Smith, Fidelity and Deposit Company of Maryland, and Purchasers to Modify Order dated July 8, 2013 Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)<u>66</u> Order on Motion to Approve Stipulation) (Fischoff, Gary) (Entered: 07/10/2013) |
| | <u>68</u><br>(2 pgs) | Order that the Stipulation Modifying Order dated July 8, 2013, listed on thedocket as number 67 be and hereby is approved and that all of the terms and conditions of the Stipulation are approved. The stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, if applicable, be and hereby is waived.(RE: related document(s)<u>66</u> Order on Motion to Approve Stipulation for the Sale of the Debtor's Real Property Known as and Located at 50 Crane Neck Road, Old Field, New York and for the Distribution |

| | | |
|---|---|---|
| 07/11/2013 | | of the Proceeds. The stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived ). Signed on 7/11/2013 (sld) (Entered: 07/11/2013) |
| 07/19/2013 | 69 (1 pg) | Letter *confirming the adjournment of the Status Conference* Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)14 Status Conference) (Fischoff, Gary) Modified on 7/22/2013 (ymm). (Entered: 07/19/2013) |
| 07/30/2013 | 70 (3 pgs) | Statement *Closing Statement for Sale of 50 Crane Neck Road, Old Field, New York* Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 07/30/2013) |
| 08/07/2013 | | Hearing Held and Adjourned; (related document(s): 14 Order on Scheduling Status Conference) Appearance(s) by Attorney for Debtor, Attorney for Creditor and UST - Status hearing to be held on 10/23/2013 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymills) (Entered: 08/08/2013) |
| 08/16/2013 | 71 (3 pgs; 3 docs) | ATTORNEY FILED A NEW MOTION INSTEAD OF A NEW NOTICE: Motion to Convert Case Chapter 11 to 7 Fee Amount $ 15. Filed by Gary C Fischoff on behalf of Richard Kern. (Attachments: # 1 Application # 2 Proposed Order) (Fischoff, Gary) Modified on 8/22/2013 (sld). (Entered: 08/16/2013) |
| 08/16/2013 | | Receipt of Motion to Convert Case Chapter 11 to 7(8-13-71700-ast) [motion,mcnv117] ( 15.00) Filing Fee. Receipt number 11581709. Fee amount 15.00. (re: Doc# 71) (U.S. Treasury) (Entered: 08/16/2013) |
| 08/19/2013 | 72 (1 pg) | Exhibit *Debtor's notarized Application* Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s)71 Motion to Convert Case Chapter 11 to 7 filed by Debtor Richard Kern) (Fischoff, Gary) (Entered: 08/19/2013) |
| 08/21/2013 | 73 (11 pgs; 2 docs) | Motion to Convert Case Chapter 11 to 7 Fee Amount $ 15. Filed by Gary C Fischoff on behalf of Richard Kern. Order to be presented for signature on 9/12/2013. (Attachments: # 1 Affidavit of Service) (Fischoff, Gary) (Entered: 08/21/2013) |

7/21/2015                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 08/22/2013 | | Receipt of Motion to Convert Case Chapter 11 to 7(8-13-71700-ast) [motion,mcnv117] ( 15.00) Filing Fee. Receipt number Duplicate. Fee amount 15.00. (re: Doc# 73) (del) (Entered: 08/22/2013) |
| 08/22/2013 | 74 (5 pgs) | Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) Schedule B, Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 08/22/2013) |
| 09/17/2013 | 75 (7 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Owen M Rumelt on behalf of Sheet Metal Workers National Pension Funds and Trusts (Attachments: # 1 Affidavit) (Rumelt, Owen) (Entered: 09/17/2013) |
| 09/17/2013 | 76 (1 pg) | Order Granting Motion to Convert Case Chapter 11 to 7). The Debtor shall file with the Court the schedule of post-petition debts required by Federal Rule of Bankruptcy Procedure 1019(5) so as to be received no later than 14 days from the date hereof. The Debtor shall file with the Court a final report and account required by Federal Rule of Bankruptcy Procedure 1019(5) so as to be received no later than 30 days from the date hereof. Trustee Kenneth P Silverman added to the case (Related Doc # 73. Signed on 9/17/2013. (dhc) (Entered: 09/18/2013) |
| 09/17/2013 | | Meeting of Creditors 341(a) meeting to be held on 10/22/2013 at 10:00 AM at Room 561, 560 Federal Plaza, CI, NY. Financial Management Certificate due by 12/23/2013. Last day to oppose discharge or dischargeability is 12/23/2013. (dhc) (Entered: 09/18/2013) |
| 09/17/2013 | 77 (5 pgs; 2 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (dhc) (Entered: 09/18/2013) |
| 09/18/2013 | 78 (2 pgs) | INCORRECT HEARING DATE ON NOTICE: Notice of Appointment of Trustee on Conversion . *Kenneth P. Silverman appointed.* Filed by United States Trustee. (Black, Christine) Modified on 9/18/2013 (sld). (Entered: 09/18/2013) |
| 09/18/2013 | 79 (2 pgs) | Notice of Appointment of Trustee on Conversion . *Kenneth P. Silverman appointed.* Filed by United States Trustee. (Black, Christine) (Entered: 09/18/2013) |

| 09/20/2013 | 80<br>(6 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 09/20/2013. (Admin.) (Entered: 09/21/2013) |
| --- | --- | --- |
| 10/15/2013 | 81<br>(2 pgs) | ATTORNEY ADVISED TO FILE ON ADVERSARY CASE. Statement *Plaintiffs' Statement* Filed by Jeffrey S Dubin on behalf of Sheet Metal Workers National Pension Funds and Trusts (Dubin, Jeffrey) Modified on 10/16/2013 (dhc). (Entered: 10/15/2013) |
| 10/15/2013 | 82<br>(2 pgs) | ATTORNEY ADVISED TO FILE ON ADVERSARY. Affidavit/Certificate of Service Filed by Jeffrey S Dubin on behalf of Sheet Metal Workers National Pension Funds and Trusts (RE: related document(s)81 Statement filed by Creditor Sheet Metal Workers National Pension Funds and Trusts) (Dubin, Jeffrey) Modified on 10/16/2013 (dhc). (Entered: 10/15/2013) |
| 10/16/2013 | 83<br>(2 pgs) | ENTERED ON WRONG CASE TO BE ENTERED ON 8-13-08096-ast: Notice of Appearance and Request for Notice Filed by Amy E Lucas-Strang on behalf of Sheet Metal Workers National Pension Funds and Trusts (Lucas-Strang, Amy) Modified on 10/17/2013 (sld). (Entered: 10/16/2013) |
| 10/28/2013 | 84<br>(7 pgs; 2 docs) | Application to Employ SilvermanAcampora LLP as Attorneys for the Chapter 7 Trustee Filed by Kenneth P Silverman on behalf of Kenneth P Silverman. (Attachments: # 1 Proposed Order) (Silverman, Kenneth) (Entered: 10/28/2013) |
| 10/29/2013 | 85<br>(2 pgs) | Order Granting Application to Employ SilvermanAcampora for the Trustee as his attorneys under a general retainer effective as of September 18, 2013. (Related Doc # 84) Signed on 10/29/2013. (sld) (Entered: 10/29/2013) |
| 10/31/2013 | 86<br>(2 pgs) | Order Granting Application to Employ Berger, Fischoff & Shumer, LLP nunc pro tunc to April 3, 2013. If Berger, Fischoff & Shumer, LLP increases its usual hourly rate pursuant to the terms of its retainer agreement, it shall notify, in writing, the Office of the United States Trustee and the Court of such change.(Related Doc # 15) Signed on 10/31/2013. (sld) (Entered: 10/31/2013) |

7/21/2015                                   Live Database: nyeb_live

| | | |
|---|---|---|
| 11/05/2013 | <u>87</u><br>(1 pg) | Letter *in regards of Substitution of Attorney Tammy Terrell Benoza of FEIN, SUCH & CRANE, LLP in place of Gini E. Varughese* Filed by Tammy L Terrell Benoza on behalf of OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TR UST COMPANY, NATIONAL ASSOCIAT ION FKA THE BANK OF NEW YORK T RUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUST EE FO (Terrell Benoza, Tammy) (Entered: 11/05/2013) |
| 11/07/2013 | <u>88</u><br>(11 pgs; 4 docs) | Adversary case 8-13-08177. Complaint by Sheet Metal Workers Local 28 Benefit Funds against Richard Kern. Fee Amount $293. Nature(s) of Suit: (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)), (68 (Dischargeability - 523(a)(6), willful and malicious injury)). (Attachments: # <u>1</u> Summons # <u>2</u> Adversay Proceeding Cover Sheet # <u>3</u> Certificate of Service) (Carney, Danielle) (Entered: 11/07/2013) |
| 11/18/2013 | <u>89</u><br>(1 pg) | Notice of Change of Address of Richard Kern from 50 Crane Neck Road, Setauket, NY 11733 to 9 Avalon Court, Smithtown, NY 11787. Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 11/18/2013) |
| 11/20/2013 | <u>90</u><br>(2 pgs) | Motion to Withdraw as Attorney Filed by Doreen Nanda on behalf of Sheet Metal Workers National Pension Funds and Trusts. (Nanda, Doreen) (Entered: 11/20/2013) |
| 12/02/2013 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 12/18/2013 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 12/02/2013) |
| 12/10/2013 | <u>91</u><br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Dana L Henke on behalf of Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds (Henke, Dana) (Entered: 12/10/2013) |
| 12/20/2013 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 1/22/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 12/20/2013) |

7/21/2015                                        Live Database: nyeb_live

| | | |
|---|---|---|
| 12/23/2013 | 92 (10 pgs) | Adversary case 8-13-08192. Complaint by Frank H Finkel et al against Richard Kern. Fee Amount $293. Nature(s) of Suit: (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)), (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))). (Hock, David) Modified on 12/26/2013 (amp). (Entered: 12/23/2013) |
| 01/16/2014 | 93 (2 pgs; 2 docs) | Notice of No Financial Management Certificate before Discharge for Debtor . (sld) (Entered: 01/16/2014) |
| 01/18/2014 | 94 (3 pgs) | BNC Certificate of Mailing with Notice of No Financial Management Certificate Notice Date 01/18/2014. (Admin.) (Entered: 01/19/2014) |
| 01/24/2014 | 95 (2 pgs) | Debtor's Certification of Postpetition Completion of Instructional Course and/or Certificate of Financial Management Course Filed for Debtor. Debtor Certificate Number: 01401-NYE-DE-022650085 Filed by Gary C Fischoff on behalf of Richard Kern (RE: related document(s) Meeting of Creditors Chapter 7 No Asset) (Fischoff, Gary) (Entered: 01/24/2014) |
| 01/24/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 2/24/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 01/24/2014) |
| 01/29/2014 | 96 (5 pgs; 2 docs) | Order Discharging Debtor. Signed on 1/29/2014 (sld) (Entered: 01/29/2014) |
| 01/31/2014 | 97 (7 pgs) | BNC Certificate of Mailing with Order of Discharge Notice Date 01/31/2014. (Admin.) (Entered: 02/01/2014) |
| 02/07/2014 | | Trustee's Discovery of Assets Filed by Kenneth P Silverman. (Silverman, Kenneth) (Entered: 02/07/2014) |
| 02/08/2014 | 98 (4 pgs; 2 docs) | Notice of Discovery of Assets Proofs of Claims due by 05/09/2014. (Admin) (Entered: 02/08/2014) |
| 02/12/2014 | 99 (6 pgs) | BNC Certificate of Mailing with Notice of Discovery of Assets Notice Date 02/12/2014. (Admin.) (Entered: 02/13/2014) |

| | | |
|---|---|---|
| 02/26/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 3/24/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. Appearance not required. (Silverman, Kenneth) (Entered: 02/26/2014) |
| 03/18/2014 | 100 (27 pgs; 3 docs) | Motion to Set Last Day to File Administrative Proofs of Claim /Trustee's Application for Order Fixing Bar Date for Filing of Requests for the Payment of Administrative Expenses Arising Prior to Conversion of the Debtor's Chapter 11 Case. Objections to be filed on 3/28/2014. Filed by Robert Nosek on behalf of Kenneth P Silverman. Order to be presented for signature on 4/4/2014. (Attachments: # 1 Exhibit 1 - Proposed Order (together with Proposed Notice and Proposed Proof of Claim Form) # 2 Affidavit of Service) (Nosek, Robert) (Entered: 03/18/2014) |
| 03/27/2014 | 101 (1 pg) | Letter in regards to withdrawing the Notice of Appearance Filed by Tammy L Terrell Benoza on behalf of OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FO (RE: related document(s)87 Letter filed by Creditor OCWEN FEDERAL BANK, FSB, AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY N.A. SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FO) (Terrell Benoza, Tammy) (Entered: 03/27/2014) |
| 03/27/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 4/23/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required by the Debtor(s). (Silverman, Kenneth) (Entered: 03/27/2014) |
| | 102 (9 pgs; 2 docs) | Order Setting Last Day To File Administrative Proofs of Claim. June 13, 2014 at 4:00 p.m. is the last date and time by which all entities, including all individuals, partnerships, corporations, estates, trusts and governmental units, must file their requests for payment of administrative expenses arising during the Chapter 11 Period with supporting |

| | | |
|---|---|---|
| 04/09/2014 | | documentation. The Trustee is, directed to send a copy of the Notice, along with a Proof of Claim form, no later than sixty (60) days prior to the Administrative Claims Bar Date. Signed on 4/9/2014 Administrative Proof of Claims due by 6/13/2014. (Attachments: # 1 Exhibit) (sld) (Entered: 04/10/2014) |
| 04/10/2014 | 103 (12 pgs) | Affidavit/Certificate of Service *of Notice of Last Day to File Requests for Payment of Administrative Expenses Arising During the Chapter 11 Period of the Debtors' Case* Filed by Robert Nosek on behalf of Kenneth P Silverman (RE: related document(s)102 Order Setting Last Day To File Administrative Proofs of Claim) (Nosek, Robert) (Entered: 04/10/2014) |
| 04/11/2014 | 104 (28 pgs; 6 docs) | Motion for Sale of Property under Sec. 363(b) */Trustee's Motion for Entry of Order: (1) Authorizing the Trustee to Sell Certain of the Debtor's Non-Exempt Assets to Sharon Kern Free and Clear of Liens, Subject to Higher and Better Offers; and (2) Granting Such Other, Further and Different Relief as Just and Proper.* Objections to be filed on May 28, 2014 at 5:00 p.m.. Filed by Robert Nosek on behalf of Kenneth P Silverman. Hearing scheduled for 6/4/2014 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Attachments: # 1 Exhibit A: Proposed Order # 2 Exhibit B: Coin List # 3 Exhibit C: Offer Letter from Stuart P. Gelberg # 4 Exhibit D: Notice of Sale # 5 Appendix Affidavit of Service) (Nosek, Robert) (Entered: 04/11/2014) |
| 04/14/2014 | 105 (16 pgs; 3 docs) | Amended Notice of Motion/Presentment . Objections to be filed on 5/27/2014. Filed by Robert Nosek on behalf of Kenneth P Silverman (RE: related document(s)104 Motion for Sale of Property under Sec. 363(b) filed by Trustee Kenneth P Silverman) Hearing scheduled for 6/3/2014 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Attachments: # 1 Exhibit D - Amended Notice of Sale # 2 Affidavit of Service) (Nosek, Robert) (Entered: 04/14/2014) |
| 04/25/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 5/19/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless directed by the Chapter 7 Trustee. (Silverman, Kenneth) (Entered: 04/25/2014) |

| | | |
|---|---|---|
| 05/19/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 6/23/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless otherwise directed by the Chapter 7 Trustee. (Silverman, Kenneth) (Entered: 05/19/2014) |
| 05/27/2014 | 106 (6 pgs; 3 docs) | Application to Employ Paritz & Company, P.A. as Accountant *Trustee's Application for an Order Authorizing Retention of Accountants for the Estate* Filed by Robert Nosek on behalf of Kenneth P Silverman. (Attachments: # 1 Proposed Order # 2 Accountants' Affidavit of Disinterestedness) (Nosek, Robert) (Entered: 05/27/2014) |
| 05/30/2014 | 107 (2 pgs) | Affirmation in Support *Declaration of Robert Nosek in Support of the Entry of an Order Approving the Chapter 7 Trustee's Sale of Certain of the Debtor's Non-Exempt Assets to Sharon Kern, the Stalking Horse Offeror, as Having Tendered the Highest and Best Offer for the Assets* Filed by Robert Nosek on behalf of Kenneth P Silverman (RE: related document(s)104 Motion for Sale of Property under Sec. 363(b) filed by Trustee Kenneth P Silverman, 105 Amended Notice of Motion/Presentment filed by Trustee Kenneth P Silverman) (Nosek, Robert) (Entered: 05/30/2014) |
| 06/03/2014 | | Hearing Held; (related document(s): 104 Motion for Sale of Property under Sec. 363(b) filed by Kenneth P Silverman) Appearance(s) by David Mahoney - MOTION GRANTED - ORDER SUBMITTED (ymills) (Entered: 06/03/2014) |
| 06/03/2014 | 108 (2 pgs) | Order Granting Application to Employ Paritz & Company, P.A. is retained effective as of May 23, 2014, to act as general accountants for the Trustee and the estate. An appropriate application for payment of interim and finalcompensation for the services rendered by Paritz will be brought before this Court prior to the remittance by the Trustee of the fees and expenses incurred by Paritz. (Related Doc # 106) Signed on 6/3/2014. (sld) (Entered: 06/03/2014) |
| | | Adversary Case 8:13-ap-8192 Closed (sld) (Entered: |

7/21/2015                                      Live Database: nyeb_live

| 06/11/2014 | | 06/11/2014 |
|---|---|---|
| 06/16/2014 | [109](#)<br>(2 pgs) | Order Granting Motion for Sale of Property under Sec. 363(b) that the Trustee is authorized to sell all of the estates right, title and interest in and to the Debtors Property to the High Bidder, or their designee or assignee, for $25,000, free and clear of the Liens, with such Liens, if any, to attach to the proceeds of the Sale in the priority and validity as they presently exist, provided, however, that the Boat is sold subject to the Lien of Keybank, USA, N.A. Notice of the Application and submission of the proposed form of thisOrder, along with the Notice of Sale, provided to the Debtor, the Debtors counsel, the Office of the United States Trustee, all parties having filed notices of appearance, all creditors of the Debtor listed in its petition and schedules, and all entities that the Trustee believes may have an interest insubmitting higher or better offers for the Assets, is deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required. (Related Doc [104](#)) Signed on 6/16/2014. (skd) Modified on 6/16/2014 (skd). (Entered: 06/16/2014) |
| 06/25/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 7/23/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless otherwise directed by the Chapter 7 Trustee. (Silverman, Kenneth) (Entered: 06/25/2014) |
| 08/20/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 9/12/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. No appearance required unless otherwise directed by the Chapter 7 Trustee. (Silverman, Kenneth) (Entered: 08/20/2014) |
| 09/12/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 10/24/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 09/12/2014) |
| 09/25/2014 | [110](#)<br>(1 pg) | Notice of Change of Address of Richard Kern from 9 Avalon Court, Smithtown, NY 11787 to 4 Daremy Court, Lake Grove, NY 11755. Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 09/25/2014) |

7/21/2015                                      Live Database: nyeb_live

| | | |
|---|---|---|
| 10/24/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 11/21/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 10/24/2014) |
| 11/21/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 12/16/2014 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 11/21/2014) |
| 12/15/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 1/12/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 12/15/2014) |
| 01/02/2015 | <u>111</u><br>(29 pgs) | Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) Schedule F, Fee Amount $30 Filed by Gary C Fischoff on behalf of Richard Kern (Fischoff, Gary) (Entered: 01/02/2015) |
| 01/02/2015 | | Receipt of Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) (Fee Due)(8-13-71700-ast) [misc,aschsfa] ( 30.00) Filing Fee. Receipt number 13051512. Fee amount 30.00. (re: Doc# <u>111</u>) (U.S. Treasury) (Entered: 01/02/2015) |
| 01/12/2015 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 2/23/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 01/12/2015) |
| 01/22/2015 | <u>112</u><br>(13 pgs; 2 docs) | Adversary case 8-15-08011. Complaint by Richard L Stern against Richard Kern. Receipt Number deferred, Fee Amount $350. Nature(s) of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)), (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)), (14 (Recovery of money/property - other)). (Attachments: # <u>1</u> Adversary Cover Sheet) (Kantrow, Fred) (Entered: 01/22/2015) |
| 02/23/2015 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 3/9/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 02/23/2015) |

7/21/2015                                Live Database: nyeb_live

| | | |
|---|---|---|
| 03/09/2015 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 4/27/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 03/09/2015) |
| 03/31/2015 | 113 (2 pgs) | Letter *to Jeffrey S. Dubin regarding Secured Claim* Filed by Robert Nosek on behalf of Kenneth P Silverman (Nosek, Robert) (Entered: 03/31/2015) |
| 03/31/2015 | 114 (2 pgs) | Letter *to Dana L. Henke regarding Secured Claim* Filed by Robert Nosek on behalf of Kenneth P Silverman (Nosek, Robert) (Entered: 03/31/2015) |
| 04/01/2015 | 115 (2 pgs) | Letter *to Scott D. Fink regarding Secured Claim* Filed by Robert Nosek on behalf of Kenneth P Silverman (Nosek, Robert) (Entered: 04/01/2015) |
| 04/27/2015 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 5/26/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 04/27/2015) |
| 05/26/2015 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 6/22/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 05/26/2015) |
| 06/22/2015 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 7/28/2015 at 12:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Silverman, Kenneth) (Entered: 06/22/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/21/2015 10:15:13 | | |
| **PACER Login:** | jml11034:2760346:0 | **Client Code:** | |
| | | | 8-13-71700-ast Fil or Ent: filed Doc From: 0 Doc To: |

7/21/2015                                    Live Database: nyeb_live

| Description: | Docket Report | Search Criteria: | 99999999 Term: included Headers: included Format: html Page counts for documents: included |
|---|---|---|---|
| Billable Pages: | 13 | Cost: | 1.30 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| BOARD OF TRUSTEES,<br>SHEET METAL WORKERS' NATIONAL<br>PENSION FUND,<br><br>Plaintiff<br><br>v<br><br>COOL SHEETMETAL, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:13-cv-958 (AJT/JFA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S OBJECTIONS TO ALL AROUND SPIRAL, INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMEN          ADMISSION

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund (the "Fund"), through its undersigned counsel, hereby submits its objections to Defendant All Around Spiral, Inc.'s First Set of Interrogatories, Request for Production of Documents, and Requests for Admission (collectively, the "Requests").

These objections are made based on information available to the Fund at this time. The Fund reserves the right to supplement or amend these objections if additional responsive information becomes available.

### GENERAL OBJECTIONS

The following General Objections apply to each of All Around Spiral's Requests and shall have the same force and effect as if set forth in full response to each individually numbered interrogatory, request for production of documents, or request for admission.



**General Objection No. 1**

      The Fund objects to the Requests to the extent that they seek the information that is protected from discovery pursuant to the attorney-client privilege, the attorney-work product doctrine and/or any other privileges or immunities from discovery. The inadvertent disclosure of information protected by any such privilege or immunity shall not constitute a waiver by the Fund or its right to assert any applicable privilege or immunity as to such documents or as to any information. Any such inadvertently produced document(s) shall be returned to the Fund, along with any copies thereof.

      The Fund objects to the Requests to the extent that they call for information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that the Fund responds to these Requests, the Fund expressly reserves the right to object to further discovery into the subject matter of any of these Requests and/or to the admissibility of any discovery responses at any future point including any hearing or trial held with regard to this matter.

      The Fund objects to the Requests to the extent that they are unduly burdensome, oppressive, or seek information that is unreasonable, cumulative, duplicative or obtainable from other sources more convenient, less burdensome or less expensive.

      The Fund objects to the Requests to the extent that they are vague, ambiguous, or overbroad.

**General Objection No. 5**

The Fund objects to the Requests to the extent that they purport to impose any obligations on the Fund beyond those set forth in the Federal Rules of Civil Procedure, the Court's local rules, or any applicable scheduling order or court order.

**General Objection No. 6**

The Fund objects to the Requests to the extent that they purport to impose any obligations on the Fund to respond to discovery requests after the close of discovery.

**Interrogatory No. 1**

State all facts concerning your allegations in paragraph 45 of the Complaint.

This Interrogatory imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery. The Fund also objects to this Interrogatory because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Interrogatory is overbroad and unduly burdensome. This Interrogatory seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

State all facts concerning your allegations in paragraph 46 of the Complaint.

3

**Specific Objections**

This Interrogatory imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery. The Fund also objects to this Interrogatory because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Interrogatory is overbroad and unduly burdensome. This Interrogatory seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

State all facts concerning your allegations in paragraph 47 of the Complaint.

**Specific Objections**

This Interrogatory imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery. The Fund also objects to this Interrogatory because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Interrogatory is overbroad and unduly burdensome. This Interrogatory seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

**Interrogatory No. 4**

State all facts concerning your allegations in paragraph 53 of the Complaint

4

This Interrogatory imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery. The Fund also objects to this Interrogatory because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Interrogatory is overbroad and unduly burdensome. This Interrogatory seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

### FOR PRODUCTION OF DOCUMENTS

**Request For Production No. 1**

All documents concerning your allegation that All Around Spiral was the alter ego and mere continuation of Cool Sheetmetal.


This Request imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery. The Fund also objects to this Request because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Request is overbroad and unduly burdensome. This Request seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

5

All documents concerning your allegation that All Around Spiral was established for the purpose of protecting Cool Sheetmetal's business assets from its labor obligations, including withdrawal liability under ERISA.

**Specific Objections**

This Request imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery.   The Fund also objects to this Request because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Request is overbroad and unduly burdensome.  This Request seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

**Request For Production No. 3**

All documents concerning your allegation that Cool Sheetmetal and All Around Spiral had substantially identical business purposes and operations.

This Request imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery.   The Fund also objects to this Request because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Request is overbroad and unduly burdensome.  This Request seeks information that is obtainable from other

sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

**Request For Production No. 4**

All documents concerning your allegation that Cool Sheetmetal and All Around Spiral had substantially identical employees.

### Specific Objections

This Request imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery.   The Fund also objects to this Request because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Request is overbroad and unduly burdensome.  This Request seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

### Request For Production No. 5

All documents concerning your allegation that Cool Sheetmetal and All Around Spiral had substantially identical equipment.

### Specific Objections

This Request imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery.   The Fund also objects to this Request because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Request is

overbroad and unduly burdensome. This Request seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

**Request For Production No. 6**

All documentation relating to your calculation and demand for withdrawal liability of $13,002,519.26.

This Request imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery. This Request also seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. All Around Spiral failed to exhaust administrative remedies and did not request arbitration within the required time period; therefore, it may not now challenge the withdrawal liability assessment. The Fund also objects to this Request because it calls for the disclosure of information protected by the attorney-client privilege or work-product doctrine. This Request is overbroad and unduly burdensome. This Request, in part, seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because some of the requested information is in All Around Spiral's possession and/or control.

**Request For Production No. 7**

Copy of collective bargaining agreement that required Cool Sheetmetal to contribute to the Plaintiff's pension fund.

**Specific Objections**

This Request imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery.  This Request also seeks information that is obtainable from other sources more convenient, less burdensome, or less expensive because the requested information is in All Around Spiral's possession and/or control.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

### Request For Admission No. 1

On June 16, 2014, in the Bankruptcy action,                    , United States Bankruptcy Judge Alan S. Trust of the Eastern District of New York ordered a sale of Richard Kern's assets, including his 100% interest in All Around Spiral free and clear of all liens, claims, encumbrances, and security interests of record of whatever kind or nature pursuant to 11 U.S.C.§ 363.

This Request for Admission imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is not required to respond to discovery requests after the close of discovery.

Deny.  The Fund admits that the attached document is a copy of an order from Judge Alan S. Trust, United States Bankruptcy Judge, dated June 16, 2014, the terms of which speak for themselves.

9

Plaintiff did not object to or appeal the June 16, 2014 Order issued by United States Bankruptcy Judge Alan S. Trust for the case                    , which ordered a sale of Richard Kern's assets free and clear of all liabilities.

This Request for Admission imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Virginia because the Fund is are not required to respond to discovery requests after the close of discovery.

**Response**

Deny.   The Fund admits that it did not object to or appeal the June 16, 2014 Order attached hereto, the terms of which speak for themselves.

Dated: June 22, 2015                    Respectfully Submitted,

Sarah G. Naji
VA Bar No. 72966
David M. Mohl
VA Bar No. 84974
Attorney for Plaintiff
Slevin & Hart, P.C.
1625 Massachusetts Avenue, Suite 450
Washington, DC  20036
Phone: (202) 797-8700
Fax: (202) 234-8234
snaji@slevinhart.com
dmohl@slevinhart.com

10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

                         X

                                             Chapter 7

RICHARD KERN,                          Case No. 13-71700 (AST)

                  Debtor.

                         X

**ORDER APPROVING SALE OF THE DEBTOR'S ASSETS**

      Upon the Application dated April 11, 2014 (the "Application"), of Kenneth P. Silverman,

Esq., the chapter 7 trustee (the "Trustee"), of the estate Richard Kern, (the "Debtor"), by his

attorneys, SilvermanAcampora LLP, seeking entry of an order authorizing and approving the sale of

the Trustee's right, title and interest in and to certain of the Debtor's personal property, as described

in the Application (the "Debtor's Property"), free and clear of all liens claims and encumbrances and

security interests of record of whatever kind or nature (collectively, the "Liens"), with such Liens, if

any, to attach to the proceeds of such sale in the priority and validity as they presently exist, except

for the lien against the Boat (as defined in the Application), in accordance with 11 U.S.C. § 363, for

the sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars (the "Purchase Price"); and

upon the "Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale," dated April

11, 2014 (the "Notice of Sale") annexed to the Application as Exhibit D; and no objections to the

sale having been filed; and upon the terms and conditions of the sale set forth in the Application (the

"Sale"), and Sharon Kern (the "High Bidder") having submitted the highest and best offer for the

Assets; and upon the Declaration of Sale, dated May 30, 2014, and upon the record of the hearing

(the "Hearing") held before the undersigned on June 4, 2014, the transcript of which is incorporated

by reference herein; and proper notice of the Application having been provided to all creditors and

other parties of interest; and no opposition to the Application having been filed; and it being in the

best interests of the estate and its creditors, it is hereby

**ORDERED**, that the Trustee is authorized to sell all of the estate's right, title and interest in and to the Debtor's Property to the High Bidder, or their designee or assignee, for $25,000, free and clear of the Liens, with such Liens, if any, to attach to the proceeds of the Sale in the priority and validity as they presently exist,            ,           , that the Boat is sold subject to the Lien of Keybank, USA, N.A.; and it is further

**ORDERED**, that notice of the Application and submission of the proposed form of this Order, along with the Notice of Sale, provided to the Debtor, the Debtor's counsel, the Office of the United States Trustee, all parties having filed notices of appearance, all creditors of the Debtor listed in its petition and schedules, and all entities that the Trustee believes may have an interest in submitting higher or better offers for the Assets, is deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required; and it is further

**ORDERED**, that the Trustee is authorized to do such things and execute such documents and expend such funds as may be necessary to consummate the Sale and effectuate the terms and conditions of this Order.

Dated: June 16, 2014                                    Alan S. Trust
       Central Islip, New York                 United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of June, 2015, I served Plaintiff's Objections to Defendant

All Around Spiral, Inc.'s First Set of Interrogatories, Request for Production of Documents, and

Requests for Admission by electronic mail and by placing the same in a first class, postage-paid

envelope, addressed to:

> Thomas M. Wolf, Esq.
> LeClairRyan
> 951 East Byrd Street, 8th Floor
> Richmond, VA 23219
> thomas.wolf@leclairryan.com
>
> David A. Warrington, Esq.
> LeClairRyan
> 2318 Mill Road, Suite 1100
> Alexandria, VA 22314
> david.warrington@leclairryan.com
>
> Robert F. Milman, Esq. (admitted *pro hac vice*)
> Emanuel Kataev, Esq. (admitted *pro hac vice*)
> Milman Labuda Law Group, PLLC
> 3000 Marcus Avenue, Suite 3W8
> Lake Success, NY 11042
> rob@mllaborlaw.com
> emanuel@mllaborlaw.com
>
> *Counsel          Al          iral, Inc*

> G. Naji
> VA Bar No. 72966
> David M. Mohl
> VA Bar No. 84974
> Attorney for Plaintiff
> Slevin & Hart, P.C.
> 1625 Massachusetts Avenue, Suite 450
> Washington, DC 20036
> Phone: (202) 797-8700
> Fax: (202) 234-8234
> snaji@slevinhart.com
> dmohl@slevinhart.com

20280646v2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

      COOL SHEETMETAL INC.,         Case No: 13-74652-ast

               Debtor.        Chapter 11
--------------------------------------------------------X

### ORDER CONVERTING CHAPTER 11 CASE
### TO A CASE UNDER CHAPTER 7

Upon the application dated December 10, 2013 (the "Motion") of the United

States Trustee seeking an order pursuant to 11 U.S.C. §1112(b) converting or dismissing this

Chapter 11 case; and the hearing ("Hearing") having been held before this Court on January 22,

2014; and the United States Trustee having appeared by his counsel, Stan Y. Yang, Esq. in

support of dismissal, Cool Sheetmetal, Inc. (the "Debtor") having appeared by Gary Fischoff,

Esq., in support of dismissal and Local 282 Welfare Trust Fund having appeared by David R.

Hock, Esq., in support of conversion; and after due deliberation, and good and sufficient cause

having been shown in support of conversion of this Chapter 11 case to one under Chapter 7 of the

Bankruptcy Code; and for the reasons more fully stated on the record of the May 29, 2014 ruling

conference; it is hereby

    **ORDERED**, that this case commenced under Chapter 11 of the Bankruptcy Code is

converted to a case under Chapter 7 pursuant to 11 U.S.C. § 1112(b); and it is further

    **ORDERED**, that Debtor shall file with the Court the schedule of post-petition debts

required by Rule 1019(5) of the Federal Rules of Bankruptcy Procedure so as to be received no

later than **fourteen (14) days** from the date hereof; and it is further

    **ORDERED**, that Debtor shall appear at the meeting scheduled in the converted case



pursuant to 11 U.S.C. § 341(a) and at any adjournments thereof; and it is further

**ORDERED**, that Debtor shall file with the Court a final report and account required by Rule 1019(5) of the Federal Rules of Bankruptcy Procedure so as to be received no later than **thirty (30) days** from the date hereof; and it is further

**ORDERED**, that Debtor shall comply with its obligations under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, as required of a Debtor in a case under Chapter 7.



**Dated: May 30, 2014**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

**B1 (Official Form 1) (04/13)**

| United States Bankruptcy Court<br>Eastern District of New York | |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Cool Sheetmetal Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  EIN: 11-2722785 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City,  and State)<br>10 Fleetwood Court<br>Ronkonkoma, NY<br>ZIPCODE 11779 | Street Address of Joint Debtor (No. and Street, City, and State)<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>Suffolk | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check one box)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests: _____

Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____

**Tax-Exempt Entity** (Check box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only)  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [x] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with  11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| [ ]<br>1-49 | [x]<br>50-99 | [ ]<br>100-199 | [ ]<br>200-999 | [ ]<br>1,000-5,000 | [ ]<br>5,001-10,000 | [ ]<br>10,001-25,000 | [ ]<br>25,001-50,000 | [ ]<br>50,001-100,000 | [ ]<br>Over 100,000 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

**Estimated Assets**

| [ ]<br>$0 to $50,000 | [ ]<br>$50,001 to $100,000 | [ ]<br>$100,001 to $500,000 | [ ]<br>$500,001 to $1 million | [x]<br>$1,000,001 to $10 million | [ ]<br>$10,000,001 to $50 million | [ ]<br>$50,000,001 to $100 million | [ ]<br>$100,000,001 to $500 million | [ ]<br>$500,000,001 to $1 billion | [ ]<br>More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

**Estimated Liabilities**

| [ ]<br>$0 to $50,000 | [ ]<br>$50,001 to $100,000 | [ ]<br>$100,001 to $500,000 | [ ]<br>$500,001 to $1 million | [x]<br>$1,000,001 to $10 million | [ ]<br>$10,000,001 to $50 million | [ ]<br>$50,000,001 to $100 million | [ ]<br>$100,000,001 to $500 million | [ ]<br>$500,000,001 to $1 billion | [ ]<br>More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Bankruptcy 2013 ©1991-2013, New Hope Software, Inc. ver 4.7.2-792 - UMZV-JABM***** - PDF-XChange 3.0

EXHIBIT

ALL-STATE LEGAL®

**B1 (Official Form 1) (04/13)**  Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Cool Sheetmetal Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  Eastern District of New York | Case Number:<br>12-70048-ast | Date Filed:<br>1/6/12 |
| Location<br>Where Filed:  N.A. | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>Richard Kern | Case Number:<br>13-71700-ast | Date Filed:<br>4/3/13 |
| District:<br>Eastern District of New York | Relationship:<br>President | Judge:<br>Trust |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>     Signature of Attorney for Debtor(s)            Date |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br><br>☑   No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc. ver. 4.7.2-792 - UMZV-JABM***** - PDF-XChange 3.0

| B1 (Official Form 1) (04/13) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Cool Sheetmetal Inc. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Attorney*

X  /s/ Gary C. Fischoff, Esq.
_____
Signature of Attorney for Debtor(s)

GARY C. FISCHOFF, ESQ. gf-0002
_____
Printed Name of Attorney for Debtor(s)

Berger, Fischoff & Shumer, LLP
_____
Firm Name

40 Crossways Park Drive
_____
Address

Woodbury, NY 11797
_____

516-747-1136
_____
Telephone Number

September 9, 2013
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ Richard Kern
_____
Signature of Authorized Individual

RICHARD KERN
_____
Printed Name of Authorized Individual

President
_____
Title of Authorized Individual

September 9, 2013
_____
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy 2013 ©1991-2013, New Hope Software, Inc. - ver 4.7.2-792 - UMZV-JARM****** - PDF-XChange 3 0

The Law Offices of Avrum J. Rosen, PLLC
Counsel to Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT                    PRESENTMENT DATE: **7/30/14**
EASTERN DISTRICT OF NEW YORK                      HEARING DATE: **TBD**
-----------------------------------------------------------x
In re:

      COOL SHEETMETAL INC.,                          Chapter 7
                                            Case No.: 13-74652-ast

                      Debtor.
-----------------------------------------------------------x

### NOTICE OF TRUSTEE'S APPLICATION SEEKING AN ORDER PURSUANT TO SECTIONS 363(a), 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL THE DEBTOR'S MACHINERY AND EQUIPMENT TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER;  (3) APPROVING CERTAIN BIDDING PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF <u>SUCH AUCTION HEARING</u>

     **PLEASE TAKE NOTICE THAT** Richard L. Stern, the Chapter 7 Trustee (the

"Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his

attorneys, The Law Offices of Avrum J. Rosen, PLLC, shall move by Notice of Presentment,

before the Hon. Alan S. Trust, United States Bankruptcy Judge, on **JULY 30, 2014 at 9:30 a.m.**

or as soon thereafter as counsel may be heard, for the entry of an Order of this Court pursuant to

Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States Code, (the

"Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"): (i) authorizing the Trustee's sale of the Debtor's Machinery

and Equipment as that term is defined pursuant to the schedule annexed to the Trustee's Motion

(the "Equipment") at public auction , free and clear of all liens, claims, encumbrances and other

interests with such liens, claims, encumbrances and other interests to attach to the proceeds of the



sale for good and valuable consideration, substantially in accordance with the terms and conditions set forth herein to the bidder with the highest and best offer to be considered and approved by the Court at said hearing; (ii) scheduling a hearing to approve of the sale of the Equipment to the successful bidder; (iii) approving terms and conditions for submitting offers and approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 in Courtroom 960.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Application must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with any Administrative Order of the Court, by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word, DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers, and be served in accordance with any Administrative Order of the Court, and upon (i) The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743; and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722; so as to be received by no later than 4:00 p.m. on July 23, 2014.

**PLEASE BE ADVISED THAT IF AN OBJECTION IS TIMELY FILED TO THE RELIEF REQUESTED, OR IF THE COURT DETERMINES THAT A HEARING IS APPROPRIATE, THE COURT WILL SCHEDULE A HEARING.  NOTICE OF SUCH HEARING WILL BE PROVIDED BY THE APPLICANT.**

Dated: Huntington, New York
     July 1, 2014

                The Law Offices of Avrum J. Rosen, PLLC
                Attorneys for the Trustee

        BY:    <u>S/Fred Kantrow</u>
                Fred Kantrow
                38 New Street
                Huntington, New York 11743
                631 423 8527
                Fkantrow@avrumrosenlaw.com

The Law Offices of Avrum J. Rosen, PLLC
Counsel to Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

      COOL SHEETMETAL INC,                Chapter 7
                                           Case No.: 13-74652-ast

                   Debtor.
----------------------------------------------------------x

**TRUSTEE'S APPLICATION SEEKING AN ORDER PURSUANT TO
SECTIONS 363(a), 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND
RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL TO THE HIGHEST AND
BEST BIDDER AT AN AUCTION SALE THE DEBTOR'S MACHINERY AND
EQUIPMENT; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO
THE HIGHEST AND BEST BIDDER; (3) APPROVING CERTAIN BIDDING
PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF
<u>SUCH AUCTION HEARING</u>**

      Richard L. Stern, the Interim Chapter 7 Trustee (the "Trustee") for the Estate of Cool

Sheetmetal, the Debtor (the "Debtor"), by and through his attorneys, The Law Offices of Avrum

J. Rosen, PLLC, hereby seeks an Order of this Court pursuant to Sections 363(a), 363(b), 363(f)

and 363(m) of Title 11 of the United States Code, (the "Bankruptcy Code") and Rules 2002,

6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i)

authorizing the Trustee's sale of the Debtor's machinery and equipment, as further defined on the

schedule annexed hereto (the "Equipment") at public auction , free and clear of all liens, claims,

encumbrances and other interests with such liens, claims, encumbrances and other interests to

attach to the proceeds of the sale for good and valuable consideration, substantially in accordance

with the terms and conditions set forth herein to the bidder with the highest and best offer to be

considered and approved by the Court at said hearing; (ii) scheduling a hearing to approve of the sale of the Equipment to the successful bidder; (iii) approving terms and conditions for submitting offers and approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

## VENUE

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATUTORY AUTHORITY

3.      The statutory predicates for the relief sought in this Motion are Sections 363(a), 363(b), 363(f) and 363(m) of the Bankruptcy Code, and Rules 2002, 6004 and 9004 of the Bankruptcy Rules.

## BACKGROUND

4.      On September 9, 2013, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  By Order dated May 30, 2014, the instant case was converted from one under chapter 11 to one under chapter 7.  Richard L. Stern was appointed the interim Trustee.

5.      According to the Debtor's petition and schedules, the Debtor is in possession of certain Equipment, which Equipment includes .  The Trustee has retained David R. Maltz & Co., Inc., ("Maltz") pursuant to an Order of this Court, to assist him in liquidating the Debtor's

Equipment for the benefit of the creditors of this estate. To that end, Maltz has already conducted a physical inspection of the Debtor's Equipment which remains at the Debtor's location.

**BASIS FOR RELIEF**

6.      Section 363(b) of the Bankruptcy Code provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., Licensing By Paolo, Inc., v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

7.      Here, sound business reasons exist to justify selling the Equipment at an Auction Sale. Indeed, allowing the Trustee to proceed with the proposed Auction Sale shall maximize return to the creditors of this estate by selling the Debtor's assets which have value.

8.      As stated herein, the Trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

(1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)      such entity consents;

(3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate vale of all liens on such property;

3

(4)     such interest is in *bona fide* dispute; or

(5)     such entity may be compelled, in a legal or equitable proceeding, to

accept a money satisfaction of such interest.

9.      Since section 363(f) of the Bankruptcy Code is drafted in the disjunctive,

satisfaction of any one of its five requirements shall suffice to approve the sale of the Property

free and clear of liens, claims, encumbrances and interests. *Mich. Employment Sec. Comm'n v.*

*Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n.24 (6th Cir. 1991)

(recognizing that Bankruptcy Code section 363(f) is written in the disjunctive, and holding that

the court may approve a sale "free and clear" provided that at least one subsection of section

363(f) is met.) *See, also, In re Elliot,* 94 B.R. 343, 345 (Ed. Pa. 1988).

10.     As the Trustee has conducted an inquiry as to whether there are any validly

perfected security interests encumbering the Equipment, and determined that there are none, the

Trustee submits that the Trustee's intended sale of the property is in accordance with the

provisions of section 363 of the Bankruptcy Code.[1]

11.     The starting bid for the sale of the Equipment shall be determined by the Trustee

in consultation with his retained professionals.

12.     By virtue of the foregoing, it is respectfully requested that this Court authorize the

Trustee to sell the Equipment free and clear of all liens, claims, encumbrances and other interests

with such liens, claims, encumbrances and other interests to attach to the proceeds of sale

_____

[1] The Trustee has made numerous demands upon counsel to M&T Bank, which originally
indicated that it held a security interest in the Equipment.  To date, the Trustee has not been
provided with any documents which would allow him to conclude that M&T Bank is in fact a
secured creditor as to the Equipment.

4

pursuant to Section 363(b), (f) and (m) of the Bankruptcy Code.   The subject Equipment shall be sold "as is" with all faults.  The Trustee makes no representations whatsoever as to the status or condition of any of the Equipment

**REQUESTED RELIEF**

13.     The Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto:

(a)     Approving the terms, conditions and procedures for the Trustee's sale of the Estate's interest in the Equipment to the bidder making the highest and best offer;

(b)     Approving the bidding procedures set forth more fully below;

(c)     Approving the manner and extent of notice of the auction sale, if any;

(d)     Allowing the Trustee to sell the Estate's interest in the Equipment free and clear of all liens, claims. encumbrances and interests with such liens, claims, encumbrances and interests, if any to attach to the proceeds; and

(e)     Granting such other relief and further relief as is just and proper under the circumstances.

**BIDDING PROCEDURES**

14.     The Trustee proposes and seeks Court approval of the following bidding procedures for any third party wishing to submit a bid for the Estate's interest in the Equipment at an auction sale to be conducted by the Trustee's Court appointed auctioneer:

(A)     The following constitutes the terms and conditions of sale of the Equipment.

(B)     Prior to the commencement of the auction sale, any and all prospective

bidders must deliver a certified or bank check payable to the order of The

Law Offices of Avrum J. Rosen, PLLC, as attorneys to the Trustee, in an

amount at least equal to $5,000.00.  Said certified or bank check(s) shall

be held as a good faith deposit.  At the conclusion of the auction sale,

should any party who has posted a deposit not be deemed the successful

bidder, then said certified or bank check(s) shall be returned to that bidder

within two (2) business days after the closing of sale to the successful

bidder.

(C)     In the event that a successful bidder has posted a deposit by certified or

bank check but has failed to close on the transaction within twenty (20)

days of the entry of an order approving such sale, unless the Trustee shall

extend said time, said amount shall be forfeited and shall constitute

liquidated damages for the bidder's failure to close.

(D)     All subsequent bids to the initial bid shall be in increments of $1,000.00 as

to a bid for the Equipment.

(E)     The balance of the purchase price for the successful bidder shall be

required to be delivered to counsel for the Trustee at the closing of the sale

which closing shall occur no later than twenty (20) days subsequent to the

entry of an Order by the Bankruptcy Court approving the sale or at such

later time as the Trustee, in his discretion may decide.  The successful

bidder's failure to pay the balance of the purchase price at the closing shall

6

result in a forfeiture of the deposit.

(F)    In the event that the highest bidder for the Equipment fails to tender

payment of the balance of the purchase price by the time of closing, the

Trustee in his sole discretion shall be authorized to sell the Equipment to

the second highest bidder without any further notice or approval of the

Bankruptcy Court and the Trustee shall retain any down payment of the

highest bidder as liquidated damages.

(G)    Should the second bidder fail to close on the Equipment, the Trustee shall

be authorized to sell the Equipment to the next highest bidder without any

further notice or approval of the Bankruptcy Court and the Trustee shall

retain any down payment of the next highest bidder as liquidated damages.

(H)    It is understood that the Equipment of this estate are being sold as is,

without any representation or warranty whatsoever.  All bidders, if they so

request, shall have the opportunity to review the Equipment and the Bidder

shall rely solely on their independent investigation and inspection of the

Equipment when making their bid.

(I)    The Trustee shall convey the Equipment in accordance with a contract

provided by the prospective purchaser and any successful bidder must

agree to enter into a contract of sale similar to the contract of sale provided

by the Trustee at the auction sale.

(J)    David R. Maltz & Co., Inc. has been retained by an Order of the

Bankruptcy Court and shall be entitled to be paid those commissions as

7

provided for by the Local Rules for the Eastern District of New York, upon notice and proper motion to the Bankruptcy Court.

(K)    All Equipment shall be delivered at its present location and the successful bidder shall be solely responsible for the costs associated with removal of the equipment from its current location.  The Trustee and his retained professionals shall not be responsible for removal and delivery of the Equipment from its current location.

(L)    Nothing contained in these terms and conditions of sale/bidding procedures are intended to supercede or alter any provisions of the United States Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court.  The Trustee reserves the right to modify the terms and conditions of the sale at the auction and thereafter consistent with the provisions of the Bankruptcy Code and the Orders of this Court.

(M)     The terms and conditions of sale/bidding procedures shall be read into the record or specifically incorporated by reference at the auction of the Equipment.  By making a bid for the Equipment, all bidders shall be deemed to have acknowledged that they have read these terms and conditions of sale/bidding procedures and agree to be bound by them.

## SUMMARY OF THE PROPOSED CONTRACT OF SALE

_____15.    The successful bidder shall enter into a contract of sale of the Equipment with the Trustee and a summary of the terms of the contract of sale are set forth below.

16.     Seller is Richard L. Stern, the Chapter 7 Trustee herein.

8

17.  <u>Proposed Purchaser</u> is the bidder with the highest and best offer.

18.  <u>Property Description</u> is the Equipment as described herein.

19.  <u>Conveyance</u> is in "all as presently exists" in "as is" "where is"condition

"with all faults".  The Trustee makes no representations or warranties of any sort.

20.  <u>Purchase Price</u> is proposed at the highest and best offer made at the auction.

21.  <u>Auctioneer</u> - David R. Maltz & Co., Inc.

22.  <u>Adjustments</u> - None.

23.  <u>Delivery of Possession</u> on the date of closing.  The successful bidder is solely

responsible for the removal and delivery of the Equipment from its current

location.

24.  <u>Conditions of Closing</u>  This sale is expressly subject to Bankruptcy Court

approval and is subject to higher and better offers thereupon.

25.  <u>Closing</u> at The Law Offices of Avrum J. Rosen, PLLC, 38 New Street,

Huntington, New York 11743, no later than the twentieth day after the issuance of

the Approval Order (as that term is defined in the Contract of Sale annexed

hereto).

26.  <u>Applicable Law</u> is the law of the State of New York.

27.  <u>Risk of Loss</u> is the seller's until the date of closing.

28.  The Trustee believes that the overall terms of a proposed Contract of Sale shall be

favorable to the Trustee, not harmful to the estate, and shall be negotiated at arms length with the

proposed purchaser.

29.  To maximize the amount of potential offers and obtain the greatest benefit to the

9

Estate, the Trustee proposes that notice of the Sale Hearing be served on all creditors, parties in interest and those entities filing a notice of appearance in the case.  In addition, the Trustee proposes that the notice of the Auction Sale be published on the Auctioneer's website and be marketed by the Auctioneer in the usual and customary manner.

30.     The Trustee maintains that the preceding procedures constitute appropriate bidding procedures under the facts and circumstances of this case.  In order to maximize the benefit to the Estate, the Trustee seeks to implement this reasonably competitive bidding process given the nature of the proposed transaction.  The Trustee maintains that this procedure is designed to generate a maximum recovery to the estate while serving to prevent frivolous bidding, and respectfully requests that this Court approve and authorize same.

31.     The Trustee requests that the Court allow his to sell the estate's interest in the Equipment free and clear of all liens, claims,  encumbrances and other interests with such liens, claims, encumbrances and other interests attaching to the proceeds of sale in the order, priority and validity that they may exist.

## THE PROPOSED SALE IS IN THE BEST
## INTERESTS OF THE CREDITORS OF THE  ESTATE

32.     The Trustee believes that this proposed sale of the Estate's interest in the Equipment is in the best interest of the estate.

33.     The Trustee believes that as the Notice of the Sale Hearing and this Motion is being sent to all of the parties who have thus far expressed an interest in this bankruptcy proceeding by filing a Notice of Appearance, and to all of the creditors of the estate, the Trustee believes that this will help ensure a fair and equitable bidding process to benefit the creditors of

the estate.  A Notice of Sale will also appear on the Auctioneer's website.

34.     Accordingly, the Trustee believes that a sale of the Equipment is in the best interest of this estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form submitted herein: (i) authorizing the Trustee to sell the Equipment, free and clear of all liens, claims, encumbrances and other interests with liens to attach to proceeds, and  for other good and valuable consideration substantially in accordance with the terms and conditions; (ii) scheduling a  hearing to approve of the sale of the Equipment to the successful bidder(s); (iii) approving the terms and conditions for submitting higher or better offers, including any overbid procedures; (iv) approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (v) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: Huntington, New York
      July 1, 2014

                                       The Law Offices of Avrum J. Rosen, PLLC
                                       Attorneys for the Trustee

                 BY:     S/Fred Kantrow
                         Fred Kantrow
                         38 New Street
                         Huntington, New York 11743
                         631 423 8527
                         Fkantrow@avrumrosenlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

      COOL SHEETMETAL INC.,           Chapter 7
                                        Case No.: 13-74652-ast
                   Debtor.
--------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 363(a), 363(b) and 363(m) OF THE BANKRUPTCY
CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL THE
DEBTOR'S MACHINERY AND EQUIPMENT TO THE HIGHEST AND BEST BIDDER
AT AN AUCTION SALE; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE
TO THE HIGHEST AND BEST BIDDER;  (3) APPROVING CERTAIN BIDDING
PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF
<u>SUCH AUCTION HEARING</u>**

        UPON the motion (the "Motion") of Richard L. Stern, the Chapter 7 Trustee (the

"Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his

attorneys, The Law Offices of Avrum J. Rosen, PLLC, seeking the entry of an Order of this

Court pursuant to Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States

Code, (the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"): (i) scheduling a hearing to approve the

Trustee's sale of the Debtor's machinery and equipment as such is defined on the schedule

annexed to the Trustee's Motion (collectively, the "Equipment") at public auction, free and clear

of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and

other interests to attach to the proceeds of the sale; for good and valuable consideration

substantially in accordance with the terms and conditions set forth herein to the bidder with the

highest and best offer to be considered and approved by the Court at said hearing; (ii) scheduling

a hearing to approve of the sale of the Equipment to the successful bidder; (iii) approving terms

and conditions for submitting offers and approving the form and manner of notice with respect to

the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as

this Court deems just and proper under the circumstances; and any objections having been

resolved; and the matter having come on by Notice of Presentment before the Court on July 30,

2014; and the Court, after due deliberation, having determined that the relief sought by the

Trustee is appropriate and should be granted; it is hereby

     **ORDERED** that the Trustee's Motion is granted insofar as the Trustee is authorized to

sell the Equipment to the highest and best bidder(s) at an auction sale; and it is further

     **ORDERED** that David R. Maltz & Co., Inc. shall conduct an auction sale (the "Auction

Sale") on _____, 2014 at 10:00 a.m. at _____; and it is further

     **ORDERED** that the Trustee shall cause the Auction Sale to be advertised on (i) the

website of David R. Maltz & Co., Inc. ("Maltz") the Trustee's Auctioneer retained by Court

Order; and it is further

     **ORDERED** that the following bidding procedures (the "Bidding Procedures") as set

forth in the Application are hereby approved:

    (A)    The following constitutes the terms and conditions of sale of the

            Equipment;

    (B)    Prior to the commencement of the auction sale, any and all prospective

            bidders must deliver a certified or bank check payable to the order of The

            Law Offices of Avrum J. Rosen, PLLC, as attorneys to the Trustee, in an

            amount at least equal to $5,000.00.  Said certified or bank check(s) shall

            be held as a good faith deposit.  At the conclusion of the auction sale,

            should any party who has posted a deposit not be deemed the successful

            bidder, then said certified or bank check(s) shall be returned to that bidder

within two (2) business days after the closing of sale to the successful

bidder.

(C)     In the event that a successful bidder has posted a deposit by certified or

bank check but has failed to close on the transaction within twenty (20)

days of the entry of an order approving such sale, unless the Trustee shall

extend said time, said amount shall be forfeited and shall constitute

liquidated damages for the bidder's failure to close.

(D)     All subsequent bids to the initial bid shall be in increments of $1,000.00 as

to a bid for the Equipment.

(E)     The balance of the purchase price for the successful bidder shall be

required to be delivered to counsel for the Trustee at the closing of the sale

which closing shall occur no later than twenty (20) days subsequent to the

entry of an Order by the Bankruptcy Court approving the sale or at such

later time as the Trustee, in his discretion may decide.  The successful

bidder's failure to pay the balance of the purchase price at the closing shall

result in a forfeiture of the deposit.

(F)     In the event that the highest bidder for the Equipment fails to tender

payment of the balance of the purchase price by the time of closing, the

Trustee in his sole discretion shall be authorized to sell the Equipment to

the second highest bidder without any further notice or approval of the

Bankruptcy Court and the Trustee shall retain any down payment of the

highest bidder as liquidated damages.

(G)     Should the second bidder fail to close on the Equipment, the Trustee shall

be authorized to sell the Equipment to the next highest bidder without any
further notice or approval of the Bankruptcy Court and the Trustee shall
retain any down payment of the next highest bidder as liquidated damages.

(H)   It is understood that the Equipment of this estate are being sold as is,
without any representation or warranty whatsoever.  All bidders, if they so
request, shall have the opportunity to review the Equipment and will rely
solely thereon and their own independent investigation and inspection of
the Equipment when making their bid.

(I)   The Trustee shall convey the Equipment in accordance with a contract
provided by the prospective purchaser and any successful bidder must
agree to enter into a contract of sale similar to the contract of sale provided
by the Trustee at the auction sale.

(J)   David R. Maltz & Co., Inc. has been retained by an Order of the
Bankruptcy Court and shall be entitled to be paid those commissions as
provided for by the Local Rules for the Eastern District of New York,
upon notice and proper motion to the Bankruptcy Court.

(K)   All Equipment shall be delivered at its present location and the successful
bidder shall be solely responsible for the costs associated with removal of
the equipment from its current location.  The Trustee and his retained
professionals shall not be responsible for removal and delivery of the
Equipment from its current location.

(L)   Nothing contained in these terms and conditions of sale/bidding
procedures are intended to supercede or alter any provisions of the United

States Bankruptcy Code or otherwise interfere with the jurisdiction of the

Bankruptcy Court.  The Trustee reserves the right to modify the terms and

conditions of the sale at the auction and thereafter consistent with the

provisions of the Bankruptcy Code and the Orders of this Court.

(M)     The terms and conditions of sale/bidding procedures shall be read into the

record or specifically incorporated by reference at the auction of the

Properties.  By making a bid for the Equipment, all bidders shall be

deemed to have acknowledged that they have read these terms and

conditions of sale/bidding procedures and agree to be bound by them; and

it is further

**ORDERED** that the Court shall conduct a hearing in connection with the auction sale on

___, 2014 at ___ a.m. (the "Hearing Date"); and it is further

**ORDERED** that at the conclusion of said Auction Sale, the Trustee shall recommend to

the Court the proposed successful bidder(s) and ask that the Court approve the sale to such

successful bidder; and it is further

**ORDERED** that liens are to attach to proceeds in order of priority to the extent that the

liens existed prior to the entry of the Order for relief on September 9, 2013; and it is further

**ORDERED** that the proceeds of sale are to be held by the Trustee in a segregated

account; and it is further

**ORDERED** that no funds are to be disbursed without further order of the Court; and it is

further

**ORDERED** that the Trustee shall serve a copy of this Order upon all creditors, any party

having filed a notice of appearance and demand for service in this case, parties in interest and

any party that has expressed an interest in the premises, by not later than three (3) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED** that objections, if any, to the proposed sale or the Bidding Procedures; shall (a) be in writing, (b) comply with the below paragraph regarding electronic filing, (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court, (d) set forth the name of the filing party, the nature and amount of any claim or interest alleged by such claimant against the Debtor's estate or property, (e) state with particularity the legal and factual basis for such objection, and (f) be filed with the Clerk of the Bankruptcy Court in accordance with the following paragraph with a copy delivered to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722; and a copy thereof served upon the Trustee's counsel, The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York, 11743, so as to be actually received no later than seven (7) days before the Hearing Date; and it is further

**ORDERED** that any objection filed by parties with legal representation shall be filed (a) through the Bankruptcy Court's electronic filing system, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope, with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format; or (d) if a party is unable to file in any of the above three manners, such party shall submit an affidavit attesting to such

inability and may then file documents conventionally on unstapled, unbound, and single sided

paper. An objection filed by a party with no legal representation shall comply with section (b),

(c), or (d) as set forth in this paragraph; and it is further

ORDERED that the Trustee shall serve and file an affidavit of service, attesting to

service of this Order, with the Court, no later than five (5) days of entry of this Order

Asst. Metal Carts/Racks/Tables
8" Wyosung Press Brake
Asst. Shears
¼ Edger
Notcher
Roper Whitney Shear
(3) Air Compressors
Ear Bender
Asst. Rolls
(3) pinspot Welders
Clutch Press
Bending Brake
Automatic Shear
Asst. Lifts
Asst. Power Tools
5,000 Lb Forklift
10,000 lb forklift
5 ton Crane
Vicon Plasma Cutter
Coil Line
(2) Slip and Drive Machines
Pitsburgh Machine
Ventilation Hood
Drill Press
Asst. Welders
Asst. Material
Asst. Office Furniture and Electronics
Asst. Shelving


Spiral Machine
Ovalizer Machine
Ring Making Machine

The Law Offices of Avrum J. Rosen, PLLC
Counsel to Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

PRESENTMENT DATE: **7/30/14**
HEARING DATE: **TBD**

-------------------------------------------------------x

In re:

         COOL SHEETMETAL INC.,

                  Debtor.

Chapter 7
Case No.: 13-74652-ast

-------------------------------------------------------x

**NOTICE OF TRUSTEE'S APPLICATION SEEKING AN ORDER PURSUANT TO
SECTIONS 363(a), 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND
RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL TO THE HIGHEST AND
BEST BIDDER AT AN AUCTION SALE THE DEBTOR'S 2007 FREIGHTLINER; 2010
DODGE RAM PICKUP TRUCK; AND 2009 FREIGHTLINER;
(2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO
THE HIGHEST AND BEST BIDDER; (3) APPROVING CERTAIN BIDDING
PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF
SUCH AUCTION HEARING**

**PLEASE TAKE NOTICE THAT** Richard L. Stern, the Chapter 7 Trustee (the

"Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his

attorneys, The Law Offices of Avrum J. Rosen, PLLC, shall move by Notice of Presentment,

before the Hon. Alan S. Trust, United States Bankruptcy Judge, on **JULY 30, 2014 at 9:30 a.m.**

or as soon thereafter as counsel may be heard, for the entry of an Order of this Court pursuant to

Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States Code, (the

"Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"): (i) authorizing the Trustee's sale of the Debtor's Vehicles

as that term is defined in the Trustee's Motion (the "Equipment") at public auction, free and clear

of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and

other interests to attach to the proceeds of the sale for good and valuable consideration,

EXHIBIT

I

ALL-STATE LEGAL®

substantially in accordance with the terms and conditions set forth herein to the bidder with the

highest and best offer to be considered and approved by the Court at said hearing; (ii) scheduling

a hearing to approve of the sale of the Vehicles to the successful bidder; (iii) approving terms and

conditions for submitting offers and approving the form and manner of notice with respect to the

hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this

Court deems just and proper under the circumstances, at the United States Bankruptcy Court, 290

Federal Plaza, Central Islip, New York 11722 in Courtroom 960.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the

Application must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of

the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed

with the Bankruptcy Court electronically in accordance with any Administrative Order of the

Court, by registered users of the Bankruptcy Court's case filing system and, by all other parties in

interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect,

Microsoft Word, DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered

directly to Chambers, and be served in accordance with any Administrative Order of the Court,

and upon (i) The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York

11743; and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New

York 11722;  so as to be received by no later than 4:00 p.m. on July 23, 2014.

**PLEASE BE ADVISED THAT IF AN OBJECTION IS TIMELY FILED TO THE**

**RELIEF REQUESTED, OR IF THE COURT DETERMINES THAT A HEARING IS**

**APPROPRIATE, THE COURT WILL SCHEDULE A HEARING.  NOTICE OF SUCH**

**HEARING WILL BE PROVIDED BY THE APPLICANT.**

Dated: Huntington, New York
      July 1, 2014

                The Law Offices of Avrum J. Rosen, PLLC
                Attorneys for the Trustee

        BY:    S/Fred Kantrow
                Fred Kantrow
                38 New Street
                Huntington, New York 11743
                631 423 8527
                Fkantrow@avrumrosenlaw.com

The Law Offices of Avrum J. Rosen, PLLC
Counsel to Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

       COOL SHEETMETAL INC,             Chapter 7
                                 Case No.: 13-74652-ast

             Debtor.
---------------------------------------------------------x

**TRUSTEE'S APPLICATION SEEKING AN ORDER PURSUANT TO
SECTIONS 363(a), 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND
RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL TO THE HIGHEST AND
BEST BIDDER AT AN AUCTION SALE THE DEBTOR'S 2007 FREIGHTLINER; 2010
DODGE RAM PICKUP TRUCK; AND 2009 FREIGHTLINER;
(2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO
THE HIGHEST AND BEST BIDDER;  (3) APPROVING CERTAIN BIDDING
PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF
SUCH AUCTION HEARING**

       Richard L. Stern, the Interim Chapter 7 Trustee (the "Trustee") for the Estate of Cool

Sheetmetal, the Debtor (the "Debtor"), by and through his attorneys, The Law Offices of Avrum

J. Rosen, PLLC, hereby seeks an Order of this Court pursuant to Sections 363(a), 363(b), 363(f)

and 363(m) of Title 11 of the United States Code, (the "Bankruptcy Code") and Rules 2002,

6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i)

authorizing the Trustee's sale of the Debtor's vehicles, and more specifically, a 2007

Freightliner; a 2010 Dodge Ram Pickup Truck; and a 2009 Freightliner  (the "Vehicles") at

public auction , free and clear of all liens, claims, encumbrances and other interests with such

liens, claims, encumbrances and other interests to attach to the proceeds of the sale for good and

valuable consideration, substantially in accordance with the terms and conditions set forth herein

1

to the bidder with the highest and best offer to be considered and approved by the Court at said

hearing; (ii) scheduling a hearing to approve of the sale of the Vehicles to the successful bidder;

(iii) approving terms and conditions for submitting offers and approving the form and manner of

notice with respect to the hearing on this Motion (the "Sale Hearing"); and (iv) granting such

other and further relief as this Court deems just and proper under the circumstances.

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

### VENUE

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### STATUTORY AUTHORITY

3.      The statutory predicates for the relief sought in this Motion are Sections 363(a),

363(b), 363(f) and 363(m) of the Bankruptcy Code, and Rules 2002, 6004 and 9004 of the

Bankruptcy Rules.

### BACKGROUND

4.      On September 9, 2013, the Debtor filed a voluntary petition for relief pursuant to

chapter 11 of the Bankruptcy Code.  By Order dated May 30, 2014, the instant case was

converted from one under chapter 11 to one under chapter 7.  Richard L. Stern was appointed the

interim Trustee.

5.      According to the Debtor's petition and schedules, the Debtor is in possession of

certain Vehicles, which Vehicles are as follows: (i) a 2007 Freightliner with approximately

140,000 miles, subject to no lien; (ii) a 2010 Dodge Ram Pickup Truck with approximately

108,000 miles subject to a lien held by Ally Financial; and (iii) a 2009 Freightliner with approximately 105,000 miles, subject to a lien held by DCFS Trust.  The Trustee has retained David R. Maltz & Co., Inc., ("Maltz") pursuant to an Order of this Court, to assist him in liquidating the Debtor's Vehicles for the benefit of the creditors of this estate.  To that end, Maltz is currently in possession of the Vehicles.

## BASIS FOR RELIEF

6.      Section 363(b) of the Bankruptcy Code provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ."  A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business.  *See, e.g., Licensing By Paolo, Inc., v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

7.      Here, sound business reasons exist to justify selling the Equipment at an Auction Sale.  Indeed, allowing the Trustee to proceed with the proposed Auction Sale shall maximize return to the creditors of this estate by selling the Debtor's assets which have value.

8.      As stated herein, the Trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

(1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)      such entity consents;

3

(3)     such interest is a lien and the price at which such property is to be

        sold is greater than the aggregate vale of all liens on such property;

(4)     such interest is in *bona fide* dispute; or

(5)     such entity may be compelled, in a legal or equitable proceeding, to

        accept a money satisfaction of such interest.

9.      Since section 363(f) of the Bankruptcy Code is drafted in the disjunctive,

satisfaction of any one of its five requirements shall suffice to approve the sale of the Property

free and clear of liens, claims, encumbrances and interests. *Mich. Employment Sec. Comm'n v.*

*Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n.24 (6th Cir. 1991)

(recognizing that Bankruptcy Code section 363(f) is written in the disjunctive, and holding that

the court may approve a sale "free and clear" provided that at least one subsection of section

363(f) is met.) *See, also, In re Elliot,* 94 B.R. 343, 345 (Ed. Pa. 1988).

10.     As the Trustee has conducted an inquiry as to whether there are any validly

perfected security interests encumbering the Equipment, and determined that there are none, the

Trustee submits that the Trustee's intended sale of the property is in accordance with the

provisions of section 363 of the Bankruptcy Code.

11.     The starting bid for the sale of the Vehicles shall be determined by the Trustee

in consultation with his retained professionals.

12.     By virtue of the foregoing, it is respectfully requested that this Court authorize the

Trustee to sell the Vehicles free and clear of all liens, claims, encumbrances and other interests

with such liens, claims, encumbrances and other interests to attach to the proceeds of sale

pursuant to Section 363(b), (f) and (m) of the Bankruptcy Code.   The subject Vehicles shall be

4

sold "as is" with all faults.  The Trustee makes no representations whatsoever as to the status or condition of any of the Vehicles.

<u>**REQUESTED RELIEF**</u>

13.     The Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto:

(a)     Approving the terms, conditions and procedures for the Trustee's sale of the Estate's interest in the Vehicles to the bidder making the highest and best offer;

(b)     Approving the bidding procedures set forth more fully below;

(c)     Approving the manner and extent of notice of the auction sale, if any;

(d)     Allowing the Trustee to sell the Estate's interest in the Vehicles free and clear of all liens, claims. encumbrances and interests with such liens, claims, encumbrances and interests, if any to attach to the proceeds; and

(e)     Granting such other relief and further relief as is just and proper under the circumstances.

<u>**BIDDING PROCEDURES**</u>

14.     The Trustee proposes and seeks Court approval of the following bidding procedures for any third party wishing to submit a bid for the Estate's interest in the Vehicles at an auction sale to be conducted by the Trustee's Court appointed auctioneer:

(A)     The following constitutes the terms and conditions of sale of the Vehicles.

(B)     The purchase price for the successful bidder shall be required to be delivered to counsel for the Trustee upon the conclusion of the auction

sale.

(C)    It is understood that the Vehicles of this estate are being sold as is, without any representation or warranty whatsoever.  All bidders, if they so request, shall have the opportunity to review the Vehciles and the Bidder shall rely solely on their independent investigation and inspection of the Equipment when making their bid.

(D)    David R. Maltz & Co., Inc. has been retained by an Order of the Bankruptcy Court and shall be entitled to be paid those commissions as provided for by the Local Rules for the Eastern District of New York, upon notice and proper motion to the Bankruptcy Court.

(E)    Nothing contained in these terms and conditions of sale/bidding procedures are intended to supercede or alter any provisions of the United States Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court.  The Trustee reserves the right to modify the terms and conditions of the sale at the auction and thereafter consistent with the provisions of the Bankruptcy Code and the Orders of this Court.

(F)    The terms and conditions of sale/bidding procedures shall be read into the record or specifically incorporated by reference at the auction of the Vehicles.  By making a bid for the Vehicles, all bidders shall be deemed to have acknowledged that they have read these terms and conditions of sale/bidding procedures and agree to be bound by them.

## SUMMARY OF THE PROPOSED CONTRACT OF SALE

6

_____15.    The successful bidder shall enter into a contract of sale of the Vehicles with the

Trustee and a summary of the terms of the contract of sale are set forth below.

16.    Seller is Richard L. Stern, the Chapter 7 Trustee herein.

17.    Proposed Purchaser is the bidder with the highest and best offer.

18.    Property Description is the Vehicles as described herein.

19.    Conveyance is in "all as presently exists" in "as is" "where is" condition

"with all faults".  The Trustee makes no representations or warranties of any sort.

20.    Purchase Price is proposed at the highest and best offer made at the auction.

21.    Auctioneer - David R. Maltz & Co., Inc.

22.    Adjustments - None.

23.    Delivery of Possession on the date of sale.  The successful bidder is solely

responsible for the removal and delivery of the Vehicles from their current

location.

24.    Conditions of Closing  This sale is expressly subject to Bankruptcy Court

approval and is subject to higher and better offers thereupon.

25.    Applicable Law is the law of the State of New York.

26.    Risk of Loss is the seller's until the date of closing.

27.    The Trustee believes that the overall terms of a proposed Contract of Sale shall be

favorable to the Trustee, not harmful to the estate, and shall be negotiated at arms length with the

proposed purchaser.

28.    To maximize the amount of potential offers and obtain the greatest benefit to the

Estate, the Trustee proposes that notice of the Sale Hearing be served on all creditors, parties in

interest and those entities filing a notice of appearance in the case.  In addition, the Trustee

proposes that the notice of the Auction Sale be published on the Auctioneer's website and be

marketed by the Auctioneer in the usual and customary manner.

29.    The Trustee maintains that the preceding procedures constitute appropriate

bidding procedures under the facts and circumstances of this case.  In order to maximize the

benefit to the Estate, the Trustee seeks to implement this reasonably competitive bidding process

given the nature of the proposed transaction.  The Trustee maintains that this procedure is

designed to generate a maximum recovery to the estate while serving to prevent frivolous

bidding, and respectfully requests that this Court approve and authorize same.

30.    The Trustee requests that the Court allow his to sell the estate's interest in the

Vehicles free and clear of all liens, claims,  encumbrances and other interests with such liens,

claims, encumbrances and other interests attaching to the proceeds of sale in the order, priority

and validity that they may exist.

## THE PROPOSED SALE IS IN THE BEST
## INTERESTS OF THE CREDITORS OF THE  ESTATE

31.    The Trustee believes that this proposed sale of the Estate's interest in the

Vehicles is in the best interest of the estate.

32.    The Trustee believes that as the Notice of the Sale Hearing and this Motion is

being sent to all of the parties who have thus far expressed an interest in this bankruptcy

proceeding by filing a Notice of Appearance, and to all of the creditors of the estate, the Trustee

believes that this will help ensure a fair and equitable bidding process to benefit the creditors of

the estate.  A Notice of Sale will also appear on the Auctioneer's website.

33.     Accordingly, the Trustee believes that a sale of the Vehicles is in the best interest of this estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form submitted herein: (i) authorizing the Trustee to sell the Vehicles, free and clear of all liens, claims, encumbrances and other interests with liens to attach to proceeds, and  for other good and valuable consideration substantially in accordance with the terms and conditions; (ii) scheduling a  hearing to approve of the sale of the Vehicles to the successful bidder(s); (iii) approving the terms and conditions for submitting higher or better offers, including any overbid procedures; (iv) approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (v) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: Huntington, New York
       July 1, 2014

                                    The Law Offices of Avrum J. Rosen, PLLC
                                    Attorneys for the Trustee

                          BY:     S/Fred Kantrow
                                  Fred Kantrow
                                  38 New Street
                                  Huntington, New York 11743
                                  631 423 8527
                                  Fkantrow@avrumrosenlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

      COOL SHEETMETAL INC.,            Chapter 7
                                       Case No.: 13-74652-ast
                Debtor.
---------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 363(a), 363(b) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE THE DEBTOR'S 2007 FREIGHTLINER; 2010 DODGE RAM PICKUP TRUCK; AND 2009 FREIGHTLINER; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (3) APPROVING CERTAIN BIDDING PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING

_____UPON the motion (the "Motion") of Richard L. Stern, the Chapter 7 Trustee (the

"Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his

attorneys, The Law Offices of Avrum J. Rosen, PLLC, seeking the entry of an Order of this

Court pursuant to Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States

Code, (the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"): (i) scheduling a hearing to approve the

Trustee's sale of the Debtor's Vehicles as such is defined in the Trustee's Motion (collectively,

the "Vehicles") at public auction, free and clear of all liens, claims, encumbrances and other

interests with such liens, claims, encumbrances and other interests to attach to the proceeds of the

sale; for good and valuable consideration substantially in accordance with the terms and

conditions set forth herein to the bidder with the highest and best offer to be considered and

approved by the Court at said hearing; (ii) scheduling a hearing to approve of the sale of the

Vehicles to the successful bidder; (iii) approving terms and conditions for submitting offers and

approving the form and manner of notice with respect to the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances; and any objections having been resolved; and the matter having come on by Notice of Presentment before the Court on July 30, 2014; and the Court, after due deliberation, having determined that the relief sought by the Trustee is appropriate and should be granted; it is hereby

    **ORDERED** that the Trustee's Motion is granted insofar as the Trustee is authorized to sell the Vehicles to the highest and best bidder(s) at an auction sale; and it is further

    **ORDERED** that David R. Maltz & Co., Inc. shall conduct an auction sale (the "Auction Sale") on _____, 2014 at 10:00 a.m. at _____; and it is further

    **ORDERED** that the Trustee shall cause the Auction Sale to be advertised on (i) the website of David R. Maltz & Co., Inc. ("Maltz") the Trustee's Auctioneer retained by Court Order; and it is further

    **ORDERED** that the following bidding procedures (the "Bidding Procedures") as set forth in the Application are hereby approved:

    (A)    The following constitutes the terms and conditions of sale of the Vehicles.

    (B)    The purchase price for the successful bidder shall be required to be delivered to counsel for the Trustee upon the conclusion of the auction sale.

    (C)    It is understood that the Vehicles of this estate are being sold as is, without any representation or warranty whatsoever.  All bidders, if they so request, shall have the opportunity to review the Vehciles and the Bidder shall rely solely on their independent investigation and inspection of the Equipment

when making their bid.

(D)     David R. Maltz & Co., Inc. has been retained by an Order of the Bankruptcy Court and shall be entitled to be paid those commissions as provided for by the Local Rules for the Eastern District of New York, upon notice and proper motion to the Bankruptcy Court.

(E)     Nothing contained in these terms and conditions of sale/bidding procedures are intended to supercede or alter any provisions of the United States Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court.  The Trustee reserves the right to modify the terms and conditions of the sale at the auction and thereafter consistent with the provisions of the Bankruptcy Code and the Orders of this Court.

(F)     The terms and conditions of sale/bidding procedures shall be read into the record or specifically incorporated by reference at the auction of the Vehicles.  By making a bid for the Vehicles, all bidders shall be deemed to have acknowledged that they have read these terms and conditions of sale/bidding procedures and agree to be bound by them.

_____**ORDERED** that the Court shall conduct a hearing in connection with the auction sale on ___, 2014 at ___ a.m. (the "Hearing Date"); and it is further

**ORDERED** that at the conclusion of said Auction Sale, the Trustee shall recommend to the Court the proposed successful bidder(s) and ask that the Court approve the sale to such successful bidder; and it is further

**ORDERED** that liens are to attach to proceeds in order of priority to the extent that the liens existed prior to the entry of the Order for relief on September 9, 2013; and it is further

**ORDERED** that the proceeds of sale are to be held by the Trustee in a segregated account; and it is further

**ORDERED** that no funds are to be disbursed without further order of the Court; and it is further

**ORDERED** that the Trustee shall serve a copy of this Order upon all creditors, any party having filed a notice of appearance and demand for service in this case, parties in interest and any party that has expressed an interest in the premises, by not later than three (3) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED** that objections, if any, to the proposed sale or the Bidding Procedures; shall (a) be in writing, (b) comply with the below paragraph regarding electronic filing, (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court, (d) set forth the name of the filing party, the nature and amount of any claim or interest alleged by such claimant against the Debtor's estate or property, (e) state with particularity the legal and factual basis for such objection, and (f) be filed with the Clerk of the Bankruptcy Court in accordance with the following paragraph with a copy delivered to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722; and a copy thereof served upon the Trustee's counsel, The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York, 11743, so as to be actually received no later than seven (7) days before the Hearing Date; and it is further

**ORDERED** that any objection filed by parties with legal representation shall be filed (a) through the Bankruptcy Court's electronic filing system, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file

electronically, such party shall submit the objection in PDF format on a diskette in an envelope, with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format; or (d) if a party is unable to file in any of the above three manners, such party shall submit an affidavit attesting to such inability and may then file documents conventionally on unstapled, unbound, and single sided paper. An objection filed by a party with no legal representation shall comply with section (b), (c), or (d) as set forth in this paragraph; and it is further

**ORDERED** that the Trustee shall serve and file an affidavit of service, attesting to service of this Order, with the Court, no later than five (5) days of entry of this Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

      COOL SHEETMETAL INC.,                  Chapter 7
                                        Case No.: 13-74652-ast

                        Debtor.
--------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 363(a), 363(b) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE THE DEBTOR'S 2007 FREIGHTLINER; 2010 DODGE RAM PICKUP TRUCK; AND 2009 FREIGHTLINER; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER;  (3) APPROVING CERTAIN BIDDING PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING**

      UPON the motion (the "Motion") of Richard L. Stern, the Chapter 7 Trustee (the

"Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his

attorneys, The Law Offices of Avrum J. Rosen, PLLC, seeking the entry of an Order of this Court

pursuant to Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States Code,

(the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"): (i) scheduling a hearing to approve the Trustee's sale of the

Debtor's Vehicles as such is defined in the Trustee's Motion (collectively, the "Vehicles") at

public auction, free and clear of all liens, claims, encumbrances and other interests with such liens,

claims, encumbrances and other interests to attach to the proceeds of the sale; for good and

valuable consideration substantially in accordance with the terms and conditions set forth herein

to the bidder with the highest and best offer to be considered and approved by the Court at said

hearing; (ii) scheduling a hearing to approve of the sale of the Vehicles to the successful bidder;

(iii) approving terms and conditions for submitting offers and approving the form and manner of



notice with respect to the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances; and any objections having been resolved; and the matter having come on by Notice of Presentment before the Court on July 30, 2014; and the Court, after due deliberation, having determined that the relief sought by the Trustee is appropriate and should be granted; it is hereby

**ORDERED** that the Trustee's Motion is granted insofar as the Trustee is authorized to sell the Vehicles to the highest and best bidder(s) at an auction sale; and it is further

**ORDERED** that David R. Maltz & Co., Inc. shall conduct an auction sale (the "Auction Sale") on **August 12, 2014 at 10:30 a.m.** at 39 Windsor Place, Central Islip, New York 11722; and it is further

**ORDERED** that the Trustee shall cause the Auction Sale to be advertised on (i) the website of David R. Maltz & Co., Inc. ("Maltz") the Trustee's Auctioneer retained by Court Order; and it is further

**ORDERED** that the following bidding procedures (the "Bidding Procedures") as set forth in the Application are hereby approved:

(A)     The following constitutes the terms and conditions of sale of the Vehicles.

(B)     The purchase price for the successful bidder shall be required to be delivered to counsel for the Trustee upon the conclusion of the auction sale.

(C)     It is understood that the Vehicles of this estate are being sold as is, without any representation or warranty whatsoever. All bidders, if they so request, shall have the opportunity to review the Vehciles and the Bidder shall rely solely on their independent investigation and inspection of the Equipment

when making their bid.

(D)    David R. Maltz & Co., Inc. has been retained by an Order of the Bankruptcy Court and shall be entitled to be paid those commissions as provided for by the Local Rules for the Eastern District of New York, upon notice and proper motion to the Bankruptcy Court.

(E)    Nothing contained in these terms and conditions of sale/bidding procedures are intended to supercede or alter any provisions of the United States Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court.  The Trustee reserves the right to modify the terms and conditions of the sale at the auction and thereafter consistent with the provisions of the Bankruptcy Code and the Orders of this Court.

(F)    The terms and conditions of sale/bidding procedures shall be read into the record or specifically incorporated by reference at the auction of the Vehicles.  By making a bid for the Vehicles, all bidders shall be deemed to have acknowledged that they have read these terms and conditions of sale/bidding procedures and agree to be bound by them.

**ORDERED** that the Court shall conduct a hearing in connection with the auction sale on **September 16, 2014 at 9:30 a.m.** (the "Hearing Date"); and it is further

**ORDERED** that at the conclusion of said Auction Sale, the Trustee shall recommend to the Court the proposed successful bidder(s) and ask that the Court approve the sale to such successful bidder; and it is further

**ORDERED** that liens are to attach to proceeds in order of priority to the extent that the liens existed prior to the entry of the Order for relief on September 9, 2013; and it is further

**ORDERED** that the proceeds of sale are to be held by the Trustee in a segregated account; and it is further

**ORDERED** that no funds are to be disbursed without further order of the Court; and it is further

**ORDERED** that the Trustee shall serve a copy of this Order upon all creditors, any party having filed a notice of appearance and demand for service in this case, parties in interest and any party that has expressed an interest in the premises, by not later than **three (3) days** after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED** that objections, if any, to the proposed sale or the Bidding Procedures; shall (a) be in writing, (b) comply with the below paragraph regarding electronic filing, (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court, (d) set forth the name of the filing party, the nature and amount of any claim or interest alleged by such claimant against the Debtor's estate or property, (e) state with particularity the legal and factual basis for such objection, and (f) be filed with the Clerk of the Bankruptcy Court in accordance with the following paragraph and a copy thereof served upon the Trustee's counsel, The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York, 11743, so as to be actually received no later than **seven (7) days** before the Hearing Date; and it is further

**ORDERED** that any objection filed by parties with legal representation shall be filed (a) through the Bankruptcy Court's electronic filing system, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope, with the case name, case number, type and title of document, document number of the document

to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is

unable to file electronically or use PDF format, such party shall submit the objection on a diskette

in either Word, WordPerfect, or DOS text (ASCII) format; or (d) if a party is unable to file in any

of the above three manners, such party shall submit an affidavit attesting to such inability and may

then file documents conventionally on unstapled, unbound, and single sided paper. An objection

filed by a party with no legal representation shall comply with section (b), (c), or (d) as set forth in

this paragraph; and it is further

> **ORDERED** that the Trustee shall serve and file an affidavit of service, attesting to service

of this Order, with the Court, no later than **five (5) days** of entry of this Order



**Dated: August 11, 2014**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

      COOL SHEETMETAL INC.,           Chapter 7
                                   Case No.: 13-74652-ast

                    Debtor.
--------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 363(a), 363(b) and 363(m) OF THE BANKRUPTCY
CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL THE
DEBTOR'S MACHINERY AND EQUIPMENT TO THE HIGHEST AND BEST BIDDER
AT AN AUCTION SALE; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE
TO THE HIGHEST AND BEST BIDDER; (3) APPROVING CERTAIN BIDDING
PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF
SUCH AUCTION HEARING**

      UPON the motion (the "Motion") of Richard L. Stern, the Chapter 7 Trustee (the

"Trustee") for the Estate of Cool Sheetmetal, Inc., the Debtor (the "Debtor"), by and through his

attorneys, The Law Offices of Avrum J. Rosen, PLLC, seeking the entry of an Order of this

Court pursuant to Sections 363(a), 363(b), 363(f) and 363(m) of Title 11 of the United States

Code, (the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"): (i) scheduling a hearing to approve the

Trustee's sale of the Debtor's machinery and equipment as such is defined on the schedule

annexed to the Trustee's Motion (collectively, the "Equipment") at public auction, free and clear

of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and

other interests to attach to the proceeds of the sale; for good and valuable consideration

substantially in accordance with the terms and conditions set forth herein to the bidder with the

highest and best offer to be considered and approved by the Court at said hearing; (ii) scheduling

a hearing to approve of the sale of the Equipment to the successful bidder; (iii) approving terms

and conditions for submitting offers and approving the form and manner of notice with respect to



the hearing on this Motion (the "Sale Hearing"); and (iv) granting such other and further relief as

this Court deems just and proper under the circumstances; and any objections having been

resolved; and the matter having come on by Notice of Presentment before the Court on July 30,

2014; and the Court, after due deliberation, having determined that the relief sought by the

Trustee is appropriate and should be granted; it is hereby

ORDERED that the Trustee's Motion is granted insofar as the Trustee is authorized to

sell the Equipment to the highest and best bidder(s) at an auction sale; and it is further

ORDERED that David R. Maltz & Co., Inc. shall conduct an auction sale (the "Auction

Sale") on **August 27, 2014 at 11:00 a.m.** at the Debtor's location, 10 Fleetwood Court,

Ronkonkoma, New York 11779; and it is further

ORDERED that the Trustee shall cause the Auction Sale to be advertised on (i) the

website of David R. Maltz & Co., Inc. ("Maltz") the Trustee's Auctioneer retained by Court

Order; and it is further

ORDERED that the following bidding procedures (the "Bidding Procedures") as set

forth in the Application are hereby approved:

    (A)    The following constitutes the terms and conditions of sale of the

             Equipment;

    (B)    Prior to the commencement of the auction sale, any and all prospective

             bidders must deliver a certified or bank check payable to the order of The

             Law Offices of Avrum J. Rosen, PLLC, as attorneys to the Trustee, in an

             amount at least equal to $5,000.00.  Said certified or bank check(s) shall

             be held as a good faith deposit.  At the conclusion of the auction sale,

             should any party who has posted a deposit not be deemed the successful

bidder, then said certified or bank check(s) shall be returned to that bidder within two (2) business days after the closing of sale to the successful bidder.

(C)     In the event that a successful bidder has posted a deposit by certified or bank check but has failed to close on the transaction within twenty (20) days of the entry of an order approving such sale, unless the Trustee shall extend said time, said amount shall be forfeited and shall constitute liquidated damages for the bidder's failure to close.

(D)     All subsequent bids to the initial bid shall be in increments of $1,000.00 as to a bid for the Equipment.

(E)     The balance of the purchase price for the successful bidder shall be required to be delivered to counsel for the Trustee at the closing of the sale which closing shall occur no later than twenty (20) days subsequent to the entry of an Order by the Bankruptcy Court approving the sale or at such later time as the Trustee, in his discretion may decide.  The successful bidder's failure to pay the balance of the purchase price at the closing shall result in a forfeiture of the deposit.

(F)     In the event that the highest bidder for the Equipment fails to tender payment of the balance of the purchase price by the time of closing, the Trustee in his sole discretion shall be authorized to sell the Equipment to the second highest bidder without any further notice or approval of the Bankruptcy Court and the Trustee shall retain any down payment of the highest bidder as liquidated damages.

(G)    Should the second bidder fail to close on the Equipment, the Trustee shall

be authorized to sell the Equipment to the next highest bidder without any

further notice or approval of the Bankruptcy Court and the Trustee shall

retain any down payment of the next highest bidder as liquidated damages.

(H)    It is understood that the Equipment of this estate are being sold as is,

without any representation or warranty whatsoever.  All bidders, if they so

request, shall have the opportunity to review the Equipment and will rely

solely thereon and their own independent investigation and inspection of

the Equipment when making their bid.

(I)     The Trustee shall convey the Equipment in accordance with a contract

provided by the prospective purchaser and any successful bidder must

agree to enter into a contract of sale similar to the contract of sale

provided by the Trustee at the auction sale.

(J)    David R. Maltz & Co., Inc. has been retained by an Order of the

Bankruptcy Court and shall be entitled to be paid those commissions as

provided for by the Local Rules for the Eastern District of New York,

upon notice and proper motion to the Bankruptcy Court.

(K)    All Equipment shall be delivered at its present location and the successful

bidder shall be solely responsible for the costs associated with removal of

the equipment from its current location.  The Trustee and his retained

professionals shall not be responsible for removal and delivery of the

Equipment from its current location.

(L)    Nothing contained in these terms and conditions of sale/bidding

procedures are intended to supercede or alter any provisions of the United

States Bankruptcy Code or otherwise interfere with the jurisdiction of the

Bankruptcy Court.  The Trustee reserves the right to modify the terms and

conditions of the sale at the auction and thereafter consistent with the

provisions of the Bankruptcy Code and the Orders of this Court.

(M)    The terms and conditions of sale/bidding procedures shall be read into the

record or specifically incorporated by reference at the auction of the

Properties.  By making a bid for the Equipment, all bidders shall be

deemed to have acknowledged that they have read these terms and

conditions of sale/bidding procedures and agree to be bound by them; and

it is further

**ORDERED** that the Court shall conduct a hearing in connection with the auction sale on

**September 16, 2014 at 9:30 a.m.** (the "Hearing Date"); and it is further

**ORDERED** that at the conclusion of said Auction Sale, the Trustee shall recommend to

the Court the proposed successful bidder(s) and ask that the Court approve the sale to such

successful bidder; and it is further

**ORDERED** that liens are to attach to proceeds in order of priority to the extent that the

liens existed prior to the entry of the Order for relief on September 9, 2013; and it is further

**ORDERED** that the proceeds of sale are to be held by the Trustee in a segregated

account; and it is further

**ORDERED** that no funds are to be disbursed without further order of the Court; and it is

further

**ORDERED** that the Trustee shall serve a copy of this Order upon all creditors, any party

having filed a notice of appearance and demand for service in this case, parties in interest and

any party that has expressed an interest in the premises, by not later than **three (3) days** after the

date of entry of this Order, and shall file an affidavit of service attesting to service of the Order;

and it is further

      **ORDERED** that objections, if any, to the proposed sale or the Bidding Procedures; shall

(a) be in writing, (b) comply with the below paragraph regarding electronic filing, (c) comply

with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court,

(d) set forth the name of the filing party, the nature and amount of any claim or interest alleged

by such claimant against the Debtor's estate or property, (e) state with particularity the legal and

factual basis for such objection, and (f) be filed with the Clerk of the Bankruptcy Court in

accordance with the following paragraph and a copy thereof served upon the Trustee's counsel,

The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York, 11743, so as

to be actually received no later than **seven (7) days** before the Hearing Date; and it is further

      **ORDERED** that any objection filed by parties with legal representation shall be filed (a)

through the Bankruptcy Court's electronic filing system, and (ii) in portable document format

(PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file

electronically, such party shall submit the objection in PDF format on a diskette in an envelope,

with the case name, case number, type and title of document, document number of the document

to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is

unable to file electronically or use PDF format, such party shall submit the objection on a

diskette in either Word, WordPerfect, or DOS text (ASCII) format; or (d) if a party is unable to

file in any of the above three manners, such party shall submit an affidavit attesting to such

inability and may then file documents conventionally on unstapled, unbound, and single sided

paper. An objection filed by a party with no legal representation shall comply with section (b), (c), or (d) as set forth in this paragraph; and it is further

**ORDERED** that the Trustee shall serve and file an affidavit of service, attesting to service of this Order, with the Court, no later than **five (5) days** of entry of this Order



Dated: August 12, 2014
Central Islip, New York

_____
Alan S. Trust
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

      COOL SHEETMETAL INC.,            Chapter 7
                                      Case No.: 13-74652-ast

                    Debtor.
---------------------------------------------------------x

### ORDER CONFIRMING THE SALE OF THE DEBTOR'S EQUIPMENT AND VEHICLES PURSUANT TO AN ORDER OF THIS COURT DATED AUGUST 12, 2014

      Richard L. Stern, the Chapter 7 Trustee (the "Trustee") for the Estate of Cool Sheetmetal,

Inc., the Debtor (the "Debtor"), by and through his attorneys, The Law Offices of Avrum J.

Rosen, PLLC, having sought and obtained an Order of this Court pursuant to Sections 363(a),

363(b), 363(f) and 363(m) of Title 11 of the United States Code, (the "Bankruptcy Code") and

Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") authorizing the Trustee to conduct a public auction sale to sell Debtor's machinery and

equipment (collectively, the "Equipment") as such is defined on the schedule annexed hereto, as

well as the Debtor's vehicles, which vehicles are (i) 2010 Dodge Ram VIN

1D7RV1GT0AS148840; (ii) 2009 Freightliner Box Truck VIN 1FVACWDU89HAH6885; and

(iii) 2007 Freightliner Box Truck VIN 1FVACWCT07HZ30646, free and clear of all liens,

claims, encumbrances and other interests with such liens, claims, encumbrances and other

interests to attach to the proceeds of the sale; for good and valuable consideration; and as to the

Equipment, sold at a public auction held on August 27, 2014; and there being two qualified

bidders who made offers to purchase the equipment; and the successful bid in the amount of

$25,000.00 having been tendered by Sharon Kern and having been accepted by the Trustee; and

the Trustee's Court retained auctioneer, David R. Maltz & Co., Inc. ("Maltz") having concluded

the auction; and the matter having come on for a hearing before the Court on September 16,



EXHIBIT

L

ALL-STATE LEGAL®

2014; and the Trustee having appeared by Fred S. Kantrow, one of his attorneys; and there being no objections to the relief sought herein, or said objections having either been withdrawn or otherwise overruled; and after due deliberation, the Court having determined the relief sought is appropriate and should be granted; it is hereby

**ORDERED** that the Trustee's auction sale of the Equipment to Sharon Kern for the sum of $25,000.00, is hereby confirmed; and it is further

**ORDERED** that the Trustee's auction sale of the Vehicles to the respective buyers thereof, is hereby confirmed; and it is further

**ORDERED** that the Trustee is hereby directed and authorized to do those things necessary to complete the sale of the Equipment and Vehicles as contemplated by the Order authorizing the public auction; and it is further

**ORDERED** that the Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.



**Dated: September 30, 2014**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**